UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **DOCKET NO.   5:09CR27-1** |
| | ) | |
| | ) | **GOVERNMENT'S MOTION IN** |
| **v.** | ) | **OPPOSITION TO DEFENDANT'S** |
| | ) | **APPEAL OF DETENTION ORDER** |
| **(1) BERNARD VON NOTHAUS** | ) | **ENTERED JULY 14, 2010** |
| | ) | |
| | ) | |

NOW COMES the United States of America, by and through Anne M. Tomkins, United States Attorney for the Western District of North Carolina, and files its response to Defendant's Notice of Appeal to District Court [of] the Detention Order Entered July 14, 2010.  The United States respectfully submits that Defendant clearly violated his conditions of release and that he is unlikely to abide by any future condition or combination of conditions of release.

## I.  PROCEDURAL HISTORY

On May 19, 2009, Defendant was charged in a four-count Bill of Indictment in the Western District of North Carolina in connection with his operation of NORFED (National Organization for the Repeal of the Federal Reserve) and Liberty Dollar Services, Inc., which among other things, sold and distributed "Liberty Dollar" currency to be used as current money in place of Federal Reserve Notes.

On July 6, 2009, the Honorable David S. Cayer set conditions of release which, among other things, ordered that "Defendants shall not circulate or aid in the circulation of any coins or currency in relation to the Liberty Dollar Operation." Thereafter, on September 22, 2009, Defendant filed a motion seeking clarification of the release order as to whether it prohibited him from fulfilling orders of the Tea Party Dollar. (Docket No. 49). On October 16, 2009, the Honorable David S. Cayer entered an order amending the conditions of release to "prohibit

Defendant from minting or producing any coinage or currency and from circulating any coinage or currency that has not been produced by the United States Mint." (Docket No. 50). Thereafter, on November 12, 2009, the Defendant appealed that Order to the District Court, arguing among other things, that the Tea Party Dollar "is not a U.S. coin or currency and is not intended as such." (Docket No. 54). On December 7, 2009 U.S. District Judge Richard L. Voorhees denied Defendant's appeal. (Docket No. 54).

On March 22, 2010 the Honorable David C. Keesler granted Defendant's motion to transfer pretrial supervision to Hawaii. On June 23, 2010, U.S. Probation Officer Gerald Patton filed a violation report. On July 14, 2010 Judge Cayer held a hearing to determine whether the violation report accurately reflected that the defendant had violated his conditions of release. Concluding that Defendant had violated his conditions of release, Judge Cayer revoked Defendant's bond and ordered him detained. Judge Cayer issued a written detention order dated July 15, 2010.

## II.    ARGUMENT

### A.    Magistrate Court's Revocation Order Did Not Violate Defendant's Due Process Rights

Defendant's complaint that the Magistrate Court's decision "appeared to have been formed prior to the hearing[,]" (Def. Notice of Appeal 1), thereby violating Due Process is wholly without merit. The only evidence Defendant presents for this serious charge is that the Magistrate Court "read from a paper his conclusions about the content of the web sites he visited before the hearing." Given that the bond revocation petition submitted by the Probation Office related to the web site and the testimony and evidence presented at the Bond Hearing centered in large part on the web sites, referring to those sites to make factual findings is perfectly logical

2

and appropriate. Nonetheless, in his thorough Order of Detention, the Magistrate Court directly refers to testimony presented at the hearing stating that "[t]he justification Defendant offers for the Hawaiian Dala is nearly identical to the one he continues to advertise for the Liberty Dollar." Defendant cites no case law for his bald assertion that appearing to "read from his paper conclusions" is in any way biased, nor can he. Indeed, while voluminous case law exists addressing potentially improper remarks at trial, *See e.g. United States v. Guglielmi*, 819 F.2d 451 (4th Cir. 1987), the government could find no case law suggesting that a judge acted improperly by reading from prepared notes. Quite to the contrary, the Magistrate Court's findings of facts and conclusions of law were amply supported by the record. Moreover, a review of the record of the bond revocation hearing illustrates that the Defendant was given a full and fair opportunity to present any and all evidence to the Court.

**B.      Defendant Violated Conditions of Release and Bond Revocation was**
**        Appropriate**

The Government opposes Defendant's appeal of the detention order entered July 14, 2010 by the Magistrate Court. Despite clarification and modification, Defendant continues to violate the clear terms of his release, attempting to justify his actions by finely parsing esoteric terminology. Defendant's attempts fall flat. The terms of Defendant's release are clear, as is his continuous violation of those terms.

As reflected in the Probation Officer's report and Judge Cayer's detention order, Defendant continues to operate an internet website at www.hawaiidala.com. The site calls the Hawaii Dala "a new private voluntary barter currency (kala) that is 100% backed and 100% redeemable in pure gold and silver." The site further touts the advantages of the kala as "a money that cannot be inflated." Unquestionably aimed at creating a competing currency to the

3

U.S. monetary system, the site states: "The Hawaii Dala is local currency designed to support and grow the local business community." Although the link to online ordering appears to be down, the site nonetheless lists its prices and an address where orders may be sent.

In light of the abundant content blatantly and directly referring to the establishment and introduction of a competing currency, Defendant's argument that the site serves only public information purposes is refuted by the actual content of the website. Further, although it was established at the July 14, 2010 detention hearing that the site has received some "hits," the extent of the site's activity and whether any orders have actually been filled after the condition was imposed is irrelevant because the website is clearly designed to "circulat[e] any coinage or currency that has not been produced by the United States Mint." Defendant's website provides a wealth of information about where to obtain, the value of, and how businesses can integrate this competing currency into the U.S. monetary system. Additionally, Defendant acknowledges his ongoing receipt of royalties in connection with currency designs previously made. (Bond Hearing 29).

In direct violation of his conditions of release, Defendant also continues to operate and contribute a monthly newsletter to www.libertydollar.org. (Bond Hearing 11) This website declares "[t]he Liberty Dollar is Legitimate!" and boasts that "over 100,000 Americans preserve their purchasing power by using $40,000,000 Liberty Dollars throughout the national Liberty economy." Defendant's continued activity with this website violates his condition of release prohibiting involvement with the Liberty Dollar.

Finally, Defendant argues that taking the web sites in question down, as suggested by the Government at the revocation hearing, would by itself be sufficient to address the concerns in the revocation petition. While the Government did suggest this option to the Court, it ultimately

4

deferred to the Court in fashioning a solution to Defendant's bond violation. Notably, in revoking the terms of release, the Magistrate Court determined that the Defendant, based on his repeated violations of his conditions, "would be unlikely to abide by any condition or combination of conditions of release." (Transcript of Hearing P. 33). In other words, the Court concluded, based on clear and convincing evidence, that yet another Order clarifying conditions of release would have no affect on the Defendant's conduct.

III.    **<u>CONCLUSION</u>**

Based on the foregoing the District Court should affirm the Magistrate Court's Order of Detention. Respectfully submitted this 16th day of July, 2010.

Anne M. Tomkins, United States Attorney

s/Mark T. Odulio
Assistant United States Attorney
Mark T. Odulio Bar: State of Maryland
Attorney for the United States
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (office)
(704) 344-6629 (facsimile)
mark.odulio@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16thday of July, 2010, the foregoing was duly served upon counsel for the defendant in the following manner:

By electronic notification from the Court to:

Aaron E. Michel, Attorney at Law
Counsel for Mr. von NotHaus
Phone: 704-451-8351
Email: mail@aaronmichel.com
3736 Surry Ridge Court
Charlotte, NC 28210

Anne M Tomkins
UNITED STATES ATTORNEY

s/Mark T. Odulio
Assistant United States Attorney
Mark T. Odulio Bar: State of Maryland
Attorney for the United States
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (office)
(704) 344-6629 (facsimile)
mark.odulio@usdoj.gov