UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CR27-1

UNITED STATES OF AMERICA
v.
BERNARD VON NOTHAUS

Motion for *Brady* Materials
and Pretrial Order

The defendant Bernard von NotHaus through counsel makes this motion for disclosure of *Brady* materials and for a pretrial order for deadlines for compliance with pretrial notice requirements under the Federal Rules of Criminal Procedure, including but not limited to Rule 16, and for the production of witness and exhibit lists for trial, copies of exhibits, and expert information required under the Federal Rules of Evidence and Federal Rules of Criminal Procedure.

This case is classified as a particularly difficult complex and extensive "mega" case. The indictment contains four counts that allege counterfeiting or similitude to coins issued by the United States government.

The Liberty Dollar was created and its dissemination began in 1998. Whenever a newspaper article was written about it, the newspaper or magazine would check with the appropriate federal authorities before publishing the story. It received this scrutiny each year and each year the official position was that the Liberty Dollars were legal. This is exculpatory evidence that the defendant has asked the government to identify. The response ignored the *Brady* nature of the government's discovery obligations and focused only on the *Touhy* regulations for

1

compelling production of witnesses and documents at trial. What we want is the information that will assist us in knowing specifically what there is to compel and we have done the best we can to provide what we have to the government's prosecutor to assist them in fulfilling their obligations to search for this information and produce before trial as critical discovery in the case.

For example, in a May 3, 1999, article, government spokeswoman Claudia Dickens, for the U.S. Treasury Bureau of Engraving and Printing in Washington, D.C., is quoted as saying the Liberty Dollar is legal. In a February 1, 2000, article, Secret Service Special Agent Joan Reilly and Special Agent in Charge of the Seattle office are quoted as saying that, "It's not counterfeit money." In an August 1, 2002, article a government spokesperson Tony Fratto in Portland, Maine, is quoted as saying, "this is all perfectly legal." In a January 14, 2003, article, government spokeswoman Carol Eckord, in Paradise, California, is quoted as saying that what von NotHaus and NORFED are doing is not illegal. In a April 3, 2003, article, a police officer said that he contacted the Denver office of the Secret Service who said, "At this time, no law was being broken since the coins are not represented as U.S. currency. She went on to say that, through their research, it basically falls upon the merchant for accepting the coins." In the April 15, 2003, edition of Washington Post's Insight magazine, government spokeswoman Claudia Dickens is again quoted as saying, "it is perfectly legal." In a January 22, 2006,

article, Special Agent in Charge Michael C. Bryant, in Buffalo, said, "We did send an agent to question [the Buczeks], but we determined this was not a counterfeiting case."

Another example is a chain of events starting with a December 10, 2004, letter from Assistant Deputy Director George D. Rogers, Office of Government and Public Affairs, United States Secret Service, Department of Homeland Security. In this brief letter, Mr. Rogers demanded that an alleged and unspecified statement of endorsement by the Secret Service be removed from the Liberty Dollar website. Liberty Dollar did a computer-assisted search and could find no such statement in its website. Liberty Dollar counsel Marion Harrison discussed this with Mr. Rogers and in a letter dated March 22, 2005, confirmed "that <u>the Secret Service does not now consider NORFED in violation of law</u>."

We would want discovery on these matters, including any government records stating by memo dated January 19, 2005, that, "It is our understanding that the Liberty Coins are not counterfeits of or in similitude to any official United States coins." This is particularly significant given the decision by Congress to give the Secret Service responsibility for the investigation currency crimes and the personnel and other resources necessary to do so in a responsible manner. 18 U.S.C. § 3056. The FBI, which is investigating this case, has no such authority or expertise. 18 U.S.C. § 3052.

By email dated July 27, 2010, the undersigned first brought this *Brady* information to the attention of the prosecutor and asked for their assistance in locating and producing it. The undersigned had talked briefly about this to the prosecutor immediately preceding the bond hearing on July 19, 2010, in the presence of the defendant's son and hoped that the son would see that I was actively working his father's case.

> I do not see in discovery the transcript of the Ed Wahler trial or any documents relating to statements by the U.S. Treasury, Federal Reserve, and U.S. Mint since 1999 concerning the Liberty Dollar, nor do I see any reports from the FBI and Secret Service concerning Liberty Dollar from 1999 forward. It is my understanding that starting in 1999 newspaper journalists would do articles on the LD and check with various federal authorities to confirm that it was legal. It is also my understanding that when LD introduced it's currency into a community it would first go to the local authorities and local federal authorities to introduce themselves and the LD. This is a request for any discovery relating to these events and contacts and a copy of the transcript of the Ed Wahler trial. Exhibit A

On July 30, 2010, I followed up with an email to the prosecutor and provided additional information we had to assist the prosecutor in identifying the information we were seeking. Exhibit B.

On August 2, 2010, the undersigned communicated with the prosecutor by email making a Rule 16 request which included the production of expert information. Also, a request was made for disclosure of any claimed privileged

documents and the identification of those documents so that further review of any claimed privileged could be pursued.

> This is Mr. von NotHaus' request for Rule 16 discovery, including defendant's oral statement (Rule 16(a)(1)(A), defendant's written or recorded statement (Rule 16(a)((1)(B), defendant's prior record (Rule 16(a)(1)(D)), documents and objects (Rule 16(a)(1)(E)), reports of examination and tests (Rule 16(a)(1)(F)), and expert witnesses (Rule 16(a)(1)(G)).
>
> Also, please let me know if you are claiming any privileges arising out of or in connection with the government's dealings with Liberty Dollar since its inception in 1998. If so, please identify the document by author and date of creation. Exhibit C.

On August 4, 2010, the undersigned followed up on these prior requests. Exhibit D. On August 6, 2010, the undersigned again addressed the importance of working together to address the prior requests. Exhibit E. On August 9, 2010, the prosecutor informed the undersigned of the need to comply with *Touhy* regulations. Exhibit H.

On October 6, 2010, the undersigned raised the issue of an early production of witness and exhibit lists and exhibits, which apparently had been addressed at the December status conference. Also, the undersigned, in an effort to comprehend the lack of responsiveness to prior requests, asked for specific assistance in locating the *Brady* information, which would not be in the documents seized by the government, but in the government's own records.

5

Case 5:09-cr-00027-RLV-DCK   Document 99   Filed 10/25/10   Page 5 of 10

> With regard to von NotHaus, I see that at the December pretrial conference the early production of the government's exhibit list and exhibits was identified as a way to address some of the discovery problems in this case. Please let me know if that is something the government is willing to do and if so what the proposed production date would be.
>
> Also, getting back to our discussions about discovery of information about government personnel and records which would be exculpatory and your response about the need to comply with Touhy, does this mean that to your knowledge the materials we seek are in the mountain of discovery and the only thing left to your knowledge is for us to use this information to take steps required by Touhey regulations to compel testimony and production of the witnesses and records at trial? The defense supersystem is not yet working at least for me so I have not yet been able to type in the names I provided you to see what pops up. I have completed the review of the documents identified by Sid Alexander as potential issues and will get back to him tomorrow about it so that that seizure portion of the discovery is back in your hands. Thank you for your assistance. Exhibit F.

On October 11, 2010, the undersigned engaged in further prodding of the prosecutor for action in the quest for *Brady* information.

> With regard to von NotHaus, I've been researching the FBI's involvement in this currency matter and the question of jurisdiction and authority, including the qualification of an FBI agent to present himself to the court in the applications for search warrants as an expert in currency matters, and I see that the applications have a section on "Legality" attempting to bootstrap jurisdiction by saying that you'all requested a legal analysis from the Department of Treasury and coordinated with the United States Mint. I cannot find any discovery on the input from the Treasury or Mint. The only document referencing communications from either of these two entities to the FBI is a October 6, 2006, memorandum from Bartenfeld, FBI DC, to Romagnuolo CLT, concerning calls from LD counsel Harrison to Mint counsel Shaver. It references attached CD of recording and two letters, but I cannot find those items in discovery.

{6}
Case 5:09-cr-00027-RLV-DCK   Document 99   Filed 10/25/10   Page 6 of 10

> Your assistance in tracking down this information and advising me of what authority the Department of Justice and its US Attorneys and FBI agents have in investigating and prosecuting alleged violations of currency laws would be appreciated. Exhibit G.

The undersigned has reviewed the client records seized by the government and marked by the conflict attorney Sid Alexander as potential privileged information, and met with Mr. Alexander and reviewed the gray area documents and has a few more hours of review work left of the list of 525 items marked by the government as non-privileged. This should not, as stated to the prosecutor in the attached exhibits, inhibit a review of the government's own records for *Brady* information, expert information, and other discovery and agreement as to early production of the witness and exhibit lists and exhibits.

As pointed out in the motion to continue and for a peremptory setting, this matter for trial involves significant effort to prepare for trial and if we do not get deadlines set for completing each party's obligations in the process, the interests of the public and the defendants to a speedy trial will wither away, like the rhododendron outside my window due to a lack of water.

For these reasons, Mr. von NotHaus prays that this Court grant this motion.

This the 25th day of October, 2010.

/s Aaron E. Michel<br>
Aaron E. Michel, Attorney at Law<br>
Counsel for Mr. von NotHaus<br>
Phone: 704-451-8351

Email: mail@aaronmichel.com  
3736 Surry Ridge Court  
Charlotte, NC 28210

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served this 25th day of October, 2010, by means of the Electronic Filing System for the Western District of North Carolina, upon the following parties:

For the Government:

**Jill Westmoreland Rose**
Assistant U.S. Attorney
100 Otis Street, Room 233
Asheville, NC 28801
828-271-4661
Fax: 828-271-4670
Email: jill.rose@usdoj.gov

**Mark T. Odulio**
Assistant U.S. Attorney
227 W. Trade St., Suite 1700
Charlotte, NC 28202
704-344-6222
Fax: 704-344-6629
Email: mark.odulio@usdoj.gov

**Thomas R Ascik**
Assistant U.S. Attorney
100 Otis Street, Room 233
Asheville, NC 28801
828-259-0644
Email: thomas.ascik@usdoj.gov

For William Kevin Innes:

**Claire J. Rauscher**
Federal Defenders of Western North Carolina
129 W. Trade Street, Suite 300
Charlotte, NC 28202
704-374-0720
Fax: 704-374-0722
Email: Claire_Rauscher@fd.org

For Sarah Jane Bledsoe:

**Joe Von Kallist**
6743-A Fairview Road
Charlotte, NC 28210
704-366-9008
Fax: 704-365-2109
Email: joevonkallist@yahoo.com

For Rachelle L. Moseley:

**Matthew G. Pruden**
301 E. Park Avenue
Charlotte, NC 28203
704-338-1220
Fax: 704-338-1312
Email: mpruden@tinfulton.com

      This the 25th day of October, 2010.

                                              /s Aaron E. Michel
                                              Aaron E. Michel, Attorney at Law