UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:09CR27-V |
| | ) | |
| v. | ) | |
| | ) | **MOTION *IN LIMINE* TO EXCLUDE** |
| | ) | **IRRELEVANT EVIDENCE** |
| (1) BERNARD VON NOTHAUS | ) | |
| | ) | |
| _____ | ) | |

NOW COMES the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina, and submits this Motion *in limine* to exclude irrelevant, confusing, and misleading evidence.

While the government has not received a list of witnesses from the defendant, the expert witnesses which were proposed by the defense provide insight into at least a portion of the evidence which the defendant seeks to admit during the trial of this matter. For the reasons set forth herein, the United States requests the court prohibit the introduction of such irrelevant evidence.

Relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Fed.R.Evidence 401. Irrelevant evidence is inadmissible. Fed.R.Evidence 402. However, even if the evidence may be deemed to in some way be relevant, it may be exluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence". Fed.R.Evid 403.

Case 5:09-cr-00027-RLV -DCK   Document 160   Filed 03/02/11   Page 1 of 8

The court need look no further than the purported testimony of Walker Todd to realize that the defendant is seeking to stray from the relevant facts and the elements of the offenses alleged in the Bill of Indictment. The court will recall the testimony of Mr. Todd during the Wahler trial. Mr. Todd testified about his belief that United States currency became worthless when the gold standard was removed in 1933. He opined, in summary, that the Federal Reserve is evil, has made United States currency worthless, and should be ousted. It is believed that his testimony in the present case would be much the same given defense counsel's statement that the court was familiar with Mr. Todd and his opinions.

The case before the court is focused on the violation of two statutes: 18 USC §§ 485 and 486. None of the elements of those offenses, nor any purported defense, relate to the powers of the federal reserve or the full faith and credit of the monetary system of the United States. To engage in the presentation of such irrelevant evidence would be improper. Whether the defendant has issue with the Federal Reserve (and it is presumed that he does given the name of his organization: "National Organization for the Repeal of the Federal Reserve") and the value of Federal Reserve Notes, is irrelevant to the charges before the court. Furthermore, to allow the defense to take exception with well-established law through the presentation of such evidence would be a waste of time and improper for the jury's consideration.

It has been long established that Federal Reserve Notes are legal tender. Congress is authorized to establish a national currency and such authority has been delegated to the Federal Reserve System under the provisions of 12 USC § 411. "The argument that only gold and silver coin may be constituted legal tender by the United States is hopeless and frivolous having been rejected by the United States Supreme Court on hundred years ago." *Foret v. Wilson*, 725 F.2d 254, 254-55

(5th Cir. 1984)(citing *Juilliard v. Greenman*, 110 U.S. 421 (1884)). Such frivolous challenges to the United States banking system and the validity of this legislation are not relevant to the case at bar and would only serve to mislead the jury, confuse the issues, and waste a significant amount of time.

The defendant's belief, or that of Mr. Todd, or any other witness that the defense would call on the issue, regarding the Federal Reserve or the nations banking system is irrelevant. It is well established that a defendant's right to present a defense is not absolute: criminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial. *United States v. Prince-Oyibo*, 320 F.3d 494, 501 (4th Cir. 2003); *see also United States v. Etheredge*, 254 Fed.Appx. 969, 970 (4th Cir.2007)(affirming a district court's refusal to allow evidence despite the defendant's argument that it "hindered his ability to present a defense"). In the *Prince-Oyibo* case, the Fourth Circuit specifically held that the district court was within its discretion in excluding the evidence of "religious persecution" as irrelevant to whether Prince-Oyibo intended to use an altered visa to enter the United States. *Id.* at 502. *See also, United States v. Malloy*, 568 F.3d 166, 177 (4th Cir. 2009).

Religious persecution is as relevant to visa fraud as a disdain for the Federal Reserve is to whether Liberty Dollar coins resemble United States coins or whether the defendant possessed, uttered and passed coins intended for use as current money. Thus, the evidence which the defendant seeks to admit through Mr. Todd, or any other witness who would present similar evidence, is irrelevant to the crimes charged and should be excluded by the court. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, not helpful... another aspect of relevancy is whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United States v. Willock*, 696 F.Supp.2d 536, 563 (D.Md.

2010) *citing Daubert v. Merrill Dow Pharms*, 509 U.S. 579 (1993). See also, *United States v. Davis*, 10 Fed.Appx. 107 (4th Cir.2001).[1]

Likewise, it is well settled that Congress has the constitutional power to coin money and regulate the value thereof. Indeed, the aggregate powers granted to Congress by the Constitution include broad and comprehensive authority over revenue, finance and currency. *Norman v. B & O. R. Co.*, 294 U.S. 240 (1934). Specifically, Article I, § 8 of the Constitution empowers Congress "[t]o coin Money, regulate the Value thereof, and of foreign coins, and fix the Standard of Weights and Measures." U.S. Const. Art. I, § 8. Title 31, United States Code, § 5103 provides that "United States coins and currency . . . are legal tender for all debts, public charges, taxes, and dues." Evidence which suggests that the government is not the only entity allowed to issue money is contrary to law, misleading and would confuse the jury. Title 31, United States Code, Section 5111(a)(1) provides that "[t]he Secretary of the Treasury shall mint and issue coins . . . in amounts the Secretary decides are necessary to meet the needs of the United States." Further, 'the primary concern of Congress [is] with the prohibition of private systems of coinage created for use in competition with the official United States coinage. *United States v. Falvey*, 676 F.2d 871, 876 (5th Cir.1982), *citing, United States v. Gellman*, 44 F.Supp. 360, 364 (D.Minn1942); *cf. Curran v. Sanford*, 145 F.2d 229 (5th Cir.1944). This is the exact type of evidence which is not pertinent nor relevant to the charges before the court and which should be excluded.

David L. Ganz is a purported witness for the defense. He states in his written opinion that the defendant had no intent to defraud if he uttered and passed the Liberty Dollars. Where the intent

---

[1] *Davis* held that expert testimony concerning the complexities of offshore businesses was not relevant in a prosecution for mail fraud, and money laundering to negate defendant's intent, and thus the exclusion of such evidence was not an abuse of discretion.

4

of the defendant is an ingredient of the crime charged, its existence is a question of fact which must be submitted to the jury. *Morissette v. U.S.*, 342 U.S. 246, 274 (1952). The defendant's intent is to be determined by the jury based upon the evidence presented. It is not appropriate for an expert to determine whether the requisite intent was present.

These representative samples of the evidence which the defendant intends to present indicate that he seeks to make this trial about his, and his supporters', beliefs regarding the United States banking system, the Federal Reserve, the value of United States currency, and other non-relevant issues. The charges relate, in summary, to similitude, passing, uttering, publishing, selling and possessing coins with the intent to defraud, any body politic or corporate, or any person, and whether such coins were intended for use as current money. To stray beyond the evidence relevant to the charged offenses would undoubtably result in confusion of the issues, could mislead the jury and create undue delays and waste of time.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court prohibit the defense from presenting evidence, opinions and beliefs which are contrary to well-settled law and which have no legal relevance to the offenses charged.

RESPECTFULLY SUBMITTED, this, the 2nd day of March, 2011.

> ANNE M. TOMPKINS
> UNITED STATES ATTORNEY
>
> *S/ Jill Westmoreland Rose*
> Jill Westmoreland Rose
> Craig D. Randall
> ASSISTANT UNITED STATES ATTORNEY
> NC Bar Number: 17654
> 100 Otis Street
> Asheville, N.C. 28801
> Telephone: (828) 271-4661
> Fax:    (828) 271-4670
> E-Mail: jill.rose@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this, the 2nd day of March, 2011, the foregoing document was electronically served upon Defendants at the following addresses:

| **Aaron E. Michel** | **Randolph Marshall Lee** |
|---|---|
| Attorney at Law | P. O. Box 77005 |
| 3736 Surry Ridge Court | Charlotte, NC 28271 |
| Charlotte, NC 28210-6921 | 704-841-2222 |
| 704/451-8351 | Email: Randolph@LeeLaw.biz |
| Fax: 704/643-1004 | |
| Email: mail@aaronmichel.com | |
| **Claire J. Rauscher** | **Erin Kimberly Taylor** |
| Federal Defenders of Western North Carolina | Federal Defenders of Western North Carolina |
| 129 W. Trade Street | 129 West Trade St. |
| Suite 300 | Suite 300 |
| Charlotte, NC 28202 | Charlotte, NC 28202 |
| 704-374-0720 | 704-374-0720 |
| Fax: 704-374-0722 | Fax: 704-374-0722 |
| Email: Claire_Rauscher@fd.org | Email: Erin_Taylor@fd.org |

**Joe VonKallist**

6743-A Fairview Road

Charlotte, NC 28210

704-366-9008

Fax: 704-365-2109

Email: joevonkallist@yahoo.com

**Matthew G. Pruden**

301 E. Park Avenue

Charlotte, NC 28203

704-338-1220

Fax: 704-338-1312

Email: mpruden@tinfulton.com


S/ Jill W. Rose, AUSA