IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO.: 5:09CR27-V

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>BERNARD VON NOTHAUS )<br>WILLIAM KEVIN INNES )<br>SARAH JANE BLEDSOE )<br>RACHELLE L. MOSELY )<br>           Defendants. )<br>_____ ) | **O R D E R**<br>**Under Seal**<br>*(Additional Funds - D. Ganz)* |

**THIS MATTER** is before the Court on the Defendant Von Nothaus' *Ex Parte* Motion Seeking Additional Funds For Expert Services pursuant to the Criminal Justice Act, 18 U.S.C. §3006A(e). (Document #123)

Defendant faces charges alleging conspiracy to publish, possess and sell / utter counterfeit coins in violation of 18 U.S.C. §371, and mail fraud or aiding and abetting in violation of 18 U.S.C. §§1341 and 2. Defendant Von Nothaus also faces substantive offenses of counterfeiting, uttering counterfeit coins, or aiding and abetting in violation of 18 U.S.C. §§485, 486 and 2. The sentencing exposure for Von Nothaus is upwards of twenty (20) years.

The trial of Defendant Von Nothaus was recently severed from that of his Co-Defendants. Trial is scheduled to begin on March 8, 2011. While the parties disagree as to the estimated length of trial, the Court anticipates this trial to require a minimum of two (2) to three (3) weeks.

**1. Proposed Expert Witness / David L. Ganz**

In November 2010, the Court authorized defense counsel to retain the services of David L. Ganz, of Ganz & Hollinger, P.C., and Ganz & Savin, L.L.P., a proposed expert witness in the area of numismatics and numismatics law. Ganz was retained originally for pretrial assistance

and preliminary opinion. While the initial defense request sought approval for $75,000.00, the Court only approved Ganz's services up to $20,000.00.[1] (Documents ##102,111) The defense has adhered to this limit.[2]

In the instant motion, Defendant Von Nothaus seeks permission to expend an additional $40,000.00 to engage Ganz as an expert at trial. According to defense counsel, Ganz will be able to educate the jury about the Liberty Dollars and U.S. coins at issue. More specifically, Defendant asserts that Ganz's testimony will:

> 1) assist the jury in knowing what the characteristics of each specimen is and the implications of these markings under copyright and numismatic laws;
> 2) explain the nature of legal tender and how that relates to the specimens in question; and
> 3) explain the nature of "current" coin and how that relates to the specimens in question.

Counsel represents that these issues go to the heart of the government's case, and that Ganz's expert testimony is essential to the defense of Defendant Von Nothaus.

## 2. Order

Based on the information submitted, the entire record in this case, and the diligent efforts of defense counsel, the Court **CERTIFIES** that additional payment is necessary to provide fair compensation for services of an unusual character and duration.[3]

---

[1] The Court's November 17, 2010 Order Authorizing Funds for Expert Services for Ganz contains a more detailed description of the expert services Defendant Von Nothaus asssserts that Ganz is capable of providing. The November 17, 2010 Order is, therefore, incorporated by reference.

[2] Defendant represents that Ganz exceeded the $20,000.00 limit by $2,031.70, but that Ganz was willing to waive that portion of his fee in the event of timely payment by the Court. Interim payment was, in fact, approved and made to Ganz earlier this month. (Documents ##149, 150)

[3] Defendant's requests remain subject to review for reasonableness and approval by the Chief Circuit Judge, The Honorable William B. Traxler, Jr., Fourth Circuit Court of Appeals.

**THIS** the 22nd day of February, 2011.

_____
THE HONORABLE RICHARD L. VOORHEES
U.S. District Judge, WDNC

_____
THE HONORABLE WILLIAM B. TRAXLER, JR.
Chief Judge, U.S. Court of Appeals, Fourth Circuit