IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:09CR27-V |
| | ) | |
| vs. | ) | |
| | ) | MOTION TO EXCLUDE ALLEGED |
| | ) | STATEMENTS BY |
| | ) | CONGRESSMAN RON PAUL |
| (1) BERNARD VON NOTHAUS | ) | |
| | ) | |
| _____ | ) | |

NOW COMES THE UNITED STATES OF AMERICA, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina, and submits this Motion to exclude statements contained in an email allegedly written and sent by United States House of Representatives Congressman Ron Paul, who represents the 14th District of Texas.

Defendant Bernard von NotHaus generally cites the Federal Rules of Evidence as proper grounds under which to introduce the statements but does not cite to any specifically applicable rule. However, as a preliminary matter, the court determines questions concerning the admissibility of evidence, including whether such evidence is hearsay. Fed. R. Evid. 104(a), *Lorraine v. Markel American Ins. Co.*, 241 F.R.D. 534, 539-540 (May 4, 2007). If the court weighs the conditional relevancy and allows the evidence to be presented, the jury resolves the ultimate question of authenticity. *Lorraine*, 241 F.R.D. at 540, citing *United States v. Branch*, 970 F.2d 1368, 1370 (4th Circ. 1992). For the following reasons, the out of court statements are not admissible as they are not relevant, cannot be authenticated, constitute hearsay, and do not fall within any exceptions to the hearsay rule.

Email is a form of electronically stored information ("ESI") and defendant must, as a threshold, show that the email is relevant under Rule 401. Upon such a showing, Defendant must then establish authenticity pursuant to Rule 901(a). *Williams v. Long*, 585 F.Supp.2d 679, 686 (Nov. 7, 2008); *Lorraine*, 241 F.R.D. at 538.

First, to the extent that Congressman Paul allegedly offers his opinion about the legality of the Liberty Dollar, his opinions are not relevant to the issues before this Court. See *United States v. Wilson*, 133 F.3d 251 (4th Cir.1997)(district court should not have allowed expert opinion as to what the law means or how it is interpreted); see also, *Jackson v. U.S.*, 638 F.Supp.2d 514, 527 (W.D.N.C. 2009)(opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible).

Secondly, with regard to the email's authenticity, Rule 901(a) requires "evidence sufficient to support a finding that the matter in question is what its proponent claims." Authentication may be shown through "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics." Courts have authenticated emails by "relying on the email addresses in the headers, explanations in the body of the emails, defendants' conduct after receiving the emails, and other circumstantial evidence." Fed. R. Evid. 901(a); *United States v. Vaghari*, 2009 WL 2245097, *8 (E.D.Pa.) (finding emails were properly authenticated where emails contained defendant's name and email address in the header and a hard copy of the email was obtained at defendant's apartment).

Here, the purported email is not self-authenticating under Rules 901 or 902, nor does it contain sufficient evidence of its authenticity. The purported email does not appear on Congressional letterhead, the sender of the message appears as "Paul, Rep," rather than the

2

Congressman's full email address, and it is not signed in his capacity as a Representative. Defendant has not indicated where or when the copy of the purported email was obtained. Furthermore, a disclaimer appears at the bottom of the email with instructions for ensuring the validity of the message. Defendant has not provided the Court with such verification or an affidavit from the Congressman attesting to the email's authenticity. See Fed. R. Evid 1002, 902(5).

Additionally, the email is in response to "constituent Dane Courney," who is not a party to this matter. The defendant has not provided the content or context of Courney's prior communications with Congressman Paul, if any. Finally, there is a considerable lapse of time between the date listed on the email, January 8, 2008, and the present. Thus, the Court should exclude the statements because they are not relevant and have not been properly authenticated.

However, even if *arguendo*, Defendant was able to establish that the email was both relevant and authentic, the email still would not be admissible because Defendant has not shown that the Congressman's statements are admissible under a recognized exception to the hearsay rule. See Fed. R. Evid. 803, *Williams*, 585 F.Supp.2d at 690, Fed. R. Evid. 803. The email contains statements made by an out-of-court declarant. See Fed. R. Evid. 801(a) and (b); *Lorraine*, 241 F.R.D. at 562-63. Statements of an out-of-court declarant are hearsay if offered for the truth of the matters asserted; thus, the statement is naturally a hearsay one.

If the statement is determined to be hearsay, there are no exceptions to the hearsay rule which would permit the email to otherwise be introduced into evidence. Rule 804(a) defines the exceptions where the declarant is unavailable. Here, Defendant voluntarily released

3

Congressman Paul from his subpoena and obligation to appear at trial[1]; consequently, none of the unavailability exceptions apply. However, even if Rep. Paul were to appear in court, his opinion and legal conclusions on the ultimate issue of law, as applied to the facts of this case, would not be admissible.

Lastly, Rule 807, the Residual Hearsay Exception rule, is not applicable as the email does not have "equivalent circumstantial guarantees of trustworthiness", a requirement for admissibility under the rule. In order to conclude that a statement has "equivalent circumstantial guarantees of trustworthiness" the Court would have to find three things: 1) the email is offered as evidence of a material fact; 2) it is "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts;" and 3) that the "general purposes of these rules and the interests of justice will best be served" by admitting the purported email. *Id.* As set forth above, the email seeks to admit an opinion which is not proper for admission, the alleged email contains no evidence of a material fact, it is certainly not more probative than the plethora of other admissible evidence, and, its admission does not serve the general rules or interests of justice.

### CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the Court prohibit the defense from presenting the alleged statements of Congressman Paul.

RESPECTFULLY SUBMITTED, this the 7th day of March, 2011.

                                        ANNE M. TOMPKINS
                                        UNITED STATES ATTORNEY

---

[1] Although it is believed that a Congressional legal representative was seeking to have the subpoena quashed.

S/ *Jill Westmoreland Rose*
Jill Westmoreland Rose
Craig D. Randall
Bar Number: 17654
Assistant United States Attorney
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Telephone: (828) 271-4661
Fax: (828) 271-4670
E-mail: jill.rose@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was electronically served upon Defendants at the following addresses:

Aaron E. Michel
Attorney at Law
3736 Surry Ridge Court
Charlotte, NC 28210-6921
704/451-8351
Fax: 704/643-1004
Email: mail@aaronmichel.com

Claire J. Rauscher
Federal Defenders of WNC
129 W. Trade Street
Suite 300
Charlotte, NC 28202
704-374-0720
Fax: 704-374-0722
Email: Claire_Rauscher@fd.org

Jon VonKallist
6743-A Fairview Road
Charlotte, NC 28210
704-366-9008
Fax: 704-365-2109
Email: joevonkallist@yahoo.com

Randolph Marshall Lee
P.O. Box 77005
Charlotte, NC 28271
704-841-2222
Email: Randolph@LeeLaw.biz



Erin Kimberly Taylor
Federal Defenders of WNC
129 W. Trade Street
Suite 300
Charlotte, NC 28202
704-374-0720
Fax: 704-374-0722
Email: Erin_Taylor@fd.org

Matthew G. Pruden
301 E. Park Avenue
Charlotte, NC 28202
704-338-1220
Fax: 704-338-1312
Email: mpruden@tinfulton.com


S/ Jill Westmoreland Rose, AUSA