IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL NO. 5:09CR27

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| 1) BERNARD VON NOTHAUS, | ) |
| | ) |
| Defendant. | ) |

HEARSAY IS ADMISSIBLE DURING THE FORFEITURE PHASE

COMES NOW THE UNITED STATES and points out that "because forfeiture is viewed as part of the sentencing process . . .hearsay is admissible." *United States v. Evanson*, 2008 WL 3107332, 2 (D. Utah 2008). "[T]raditional rules of evidence do not apply in determining issues related to criminal forfeiture." *United States v. Ivanchukov*, 405 F. Sup. 2d 708, 709 n. 1. Fed. R. Crim. P. 32.2(b)(1) provides that a finding of forfeiture may be based "on evidence *or information* presented by the parties at a hearing after . . . the finding of guilt"(emphasis added). "United States courts have a long history of using reliable hearsay for sentencing." *United States v. Higgs*, 353 F.3d 281, 324 (4th Cir. 2003). "A trial court may properly consider uncorroborated hearsay evidence that the defendant has had an opportunity to rebut or explain." *Id*.

Respectfully submitted this the 17th day of March, 2011

1

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
s/ THOMAS R. ASCIK
ASSISTANT UNITED STATES ATTORNEY
North Carolina Bar No. 17116
100 Otis Street
Asheville, NC 28801
828-259-0644
828-271-4122 (fax)
thomas.ascik@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that the Government's Exhibit List was duly served upon defense counsel via ECF at the following address:

mail@aaronmichel.com
Randolph@LeeLaw.biz

2

Case 5:09-cr-00027-RLV -DCK   Document 185   Filed 03/17/11   Page 2 of 2