**DATE:**

**REPLY TO ATTN OF:** John J. Kelleher
Chief Counsel

**SUBJECT:** Liberty Dollar Coin

**TO:** AD – Investigations

You have asked our office to review whether the Liberty Dollar Coins issued by the National Organization For the Repeal of the Federal Reserve Act and the Internal Revenue Code ("NORFED") violate Title 18 of the United States Code. Please find our analysis appearing below.

## I. Introduction

The Charlotte Field Office drafted an intraoffice memorandum to the Office of the Chief Counsel thru the Office of Investigations requesting a legal review of the NORFED Liberty Dollar Coins.

The NORFED Liberty Dollar coins are marketed as an inflation proof currency intended to be spent like U.S. Federal Reserve Notes and are alleged to be backed by and redeemable for silver and gold. These coins, hereinafter referred to as "Liberty Coins," are $10 silver pieces and $500 gold pieces. The Liberty Coins can be carried and spent directly by consumers at any Liberty Merchant. The NORFED website encourages Liberty Merchants to start supporting the NORFED currency by using and accepting the Liberty Coins in exchange for goods or services. The NORFED website also claims that these Liberty Coins are not "coins" in the legal sense because they are not government produced coinage. However, it appears that these coins violate Title 18, United States Code, section 486 in that these coins, of original design, are intended to be used as current money.

## II. Discussion

The NORFED Liberty Coins raise concerns about a probable violation of 18 U.S.C. §486. Section 486 addresses the uttering of coins made of gold, silver or other metal. This statute criminalizes the making, uttering or passing of any coins intended for use as current money whether they resemble United States or foreign coins or are of original design and is discussed comprehensively below.

Article I, section 8, clause 5 of the Constitution delegates to Congress the power to coin money. This clause was intended by the Framers to give the federal government a monopoly over the production of coinage. Under this authority, section 486 of Title 18, United States Code, was enacted by Congress to prohibit private coin systems which would compete with the official coinage of the United States. On its face section 486 applies to coins of original design as well as coins which resemble those of the United States or foreign countries. Moreover, section 486 applies to any coins of gold, silver or

other metal as long as they are intended for use as current money. As a result, current interpretations of section 486 suggest that the Liberty Coins are a violation of Title 18, section 486.

### III. Legal Authorities

The authority for the enactment of 18 U.S.C. §486 can be found in the United States Constitution Article I, section 8, clause 5. This clause provides Congress with "the power to coin Money, regulate the Value thereof, and of foreign Coin, and fix the Standard of Weights and Measures." U.S. Const. art I, §8, cl. 5.

The power to coin money and regulate its value was delegated to Congress in order to establish and preserve a uniform standard of value. See, U.S. v. Marigold, 50 U.S. 560, 567 (1850). Along with the power to coin money, Congress has the concurrent power to restrain the circulation of money not issued under its own authority. See, id. at 586. (Congress has the "correspondent and necessary obligation to protect and preserve in its purity this constitutional currency for the benefit of the nation"); see also, Veazie Bank v. Fenno, 75 U.S. 533, 549 (1869) ("Without this power, indeed, its attempts to secure a sound and uniform currency for this country must be futile"). The Supreme Court has further stated that "whatever power there is over the currency is vested in Congress. If the power to declare what is money is not in Congress, it is annihilated." Legal Tender Cases, 79 U.S. 457, 545 (1871).

With this foundation in mind, Title 18 U.S.C. Section 486 provides:

> Whoever, except as authorized by law, makes or utters or passes, or attempts to utter or pass, any coins of gold or silver or other metal, or alloys of metal, intended for use as current money, whether in resemblance of coins of the United States or of foreign countries, or of original design, shall be fined under this title, or imprisoned not more than five years, or both.

As a preliminary matter, section 486 includes making, uttering or passing any coins of original design without limiting its coverage to coins bearing a similarity or resemblance to the official coinage. By comparison, a similar provision in Title 18, section 485, is specifically limited to counterfeiting of coins that are in resemblance or similitude of any coin with a denomination greater than five cents. These two statutes define separate and distinct offenses. See U.S. v. Yeatts, 639 F. 2d 1186, 1190 (5th Cir. Unit B 1981) (the enactment of § 485 did not repeal § 486; they define similar but not identical offenses). Thus for a violation of section 486, the coins do not have to bear any resemblance or similarity to United States coins, but expressly can be coins of original design.

It is our understanding that the Liberty Coins are not counterfeits of or in similitude to any official United States coins. However, given that section 486 specifically applies to coins of original design, the Liberty Coins would likely be found to violate this aspect of section 486.

The primary focus for courts interpreting and applying section 486 has been the phrase "intended for use as current money.". This focus results from the legislative history indicating that the primary concern of Congress, in enacting the predecessor to section 486, was the "prohibition of private systems of coinage created for use in competition with the official United States coinage." U.S. v. Falvey, 676 F. 2d 871, 876 (1st Cir. 1982) (the original 1864 enactment was substantially unchanged in subsequent versions resulting in the present §486); see also, U.S. v. Gellman, 44 F. Supp. 350, 364 (Minn. Dist Ct. 1942). Given that competition between the official government currency and private monetary systems was the motivation behind enacting section 486, judicial interpretations have turned on the phrase "intended for use as current money."

In Anchorage Centennial Development v. Van Wormer & Rodrigues, Inc., the Alaskan Supreme Court examined various definitions of the phrase "current money." 443 P.2d 596, 598 n.2 (Alaska 1968). The Anchorage Court stated that "money includes whatever is lawfully and actually current in buying and selling, of the value and as the equivalent of coin. 'Current money' means money which passes from hand to hand and from person to person and circulates through the community ... 'Current money,' that which is generally used as a medium of exchange." Id. (quoting State v. Quackenbush, 108 N.W. 953, 955 (Minn. 1906) (internal citations omitted)). When examining the intended use of the coins in question, courts have generally required an express or implied promise to pay money or anything of value in exchange for the coin. See e.g., Gellman, 44 F. Supp. at 364 (tokens inscribed with phrases such as "No Cash Value" and "For Amusement Purposes Only" were not intended for use as current money) and U.S. v. Roussopulous, 95 F. 977, 978 (Minn. D.C. 1899) (trade checks redeemable for merchandise only were not intended to circulate as money).

According to the NORFED website, the Liberty Coins are a community currency introduced by word of mouth. Liberty merchants are encouraged to accept the Liberty Coins and offer them as change in the sale of merchandise or services, thus the Liberty Coins circulate throughout the local community. The Liberty Coins are not labeled with any qualifiers, as the Court found significant in Gellman, as to their intended purpose. In fact, it appears that the Liberty Coins are specifically intended to be used as current money in order to limit reliance on and compete with the Federal Reserve Notes. Thus, the Liberty Coins would likely be found to violate this aspect of §486 as well.

IV.   Conclusion

While it appears that the Liberty Coins are in violation of 18 U.S.C. § 486, inasmuch as authority to prosecute violations of the statute involved is vested exclusively with the Department of Justice, we defer to their opinion and recommend that you contact the United States Attorney prior to commencing any investigation of these coins.