IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL NO. 5:09CR27

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | REPLY |
| | ) | |
| v. | ) | TO MOTION TO RETURN PROPERTY |
| | ) | |
| BERNARD VON NOTHAUS, | ) | UNDER RULE 41(g) |
| | ) | |
| Defendant. | ) | |

Defendant Bernard von NotHaus, "on behalf of" Mary S. ("Suzy") Nothhouse and Robert K. ("Bob") Nothhouse, has moved the Court under Fed. R. Crim. P. 41(g) for return of 16,000,05 troy ounces of raw silver.

**Summary of Argument**

The rule 41(g) motion is not properly before the Court. Von NotHaus does not satisfy the rule 41(g) test that he himself sets out, nor any other test. He does not cite any law authorizing him to file a motion on behalf of anyone else, much less individuals who are not parties. Section 853(k) of Title 21 of the United States Code and Fourth Circuit law specifically bars interventions of the type that von NotHaus seeks herein. Even if the Motion was properly before the court, the only issue at this stage is "nexus," the connection of the property to the crimes of conviction. The ownership issues described in the Motion are not properly before the Court.

**Introduction and Course of Proceedings**

On May 19, 2009, the United States filed a Bill of Indictment against defendant Bernard von NotHaus and three co-defendants. Doc. 3. The Indictment included a Notice of Forfeiture

1

concerning several properties, including "16,000.05 Troy Ounces of Raw Silver." *Id*. at 13. On November 17, 2010, the United States filed a Superseding Bill of Indictment against the same four co-defendants. Doc. 103. The properties noticed for forfeiture, including "16,000.05 Troy Ounces of Raw Silver," were the same.

The 16,000.05 troy ounces of raw silver had been seized by the United States on November 14, 2007. A Complaint for Forfeiture in Rem was filed against that raw silver, as well as other seized properties, on June 20, 2008. *See United States v. 3039.375 Pounds of Copper Coins*, *et al.*, WDNC, 1:08cv230. In that civil case, the Court issued a Warrant for Arrest in Rem of all the seized properties on June 11, 2008. Doc. 2, 1:08cv230. The civil case has been stayed until 60 days after the sentencing or until a new trial or acquittal is entered in this criminal case. *Id*. Doc. 67.

The properties listed in the Notice of Forfeiture in this criminal case and the properties listed in the Complaint in civil case 1:08cv230 are identical.

Defendant Bernard von NotHaus was tried before a jury and convicted of conspiracy to counterfeit and to pass silver coins resembling genuine coins of the United States, a violation of 18 U.S.C. § 371 (Count One of the Superseding Bill of Indictment); counterfeiting and passing counterfeit coins, and aiding and abetting the same, a violation of 18 U.S.C. § 485 and 2 (Count Two); and making and passing coins resembling genuine coins of the United States, and aiding and abetting the same, and aiding and abetting the same, a violation of 18 U.S.C. § 486 and 2 (Count Three)**.**

Concerning the properties noticed for forfeiture, bench trials in the "Forfeiture Phase of the Trial," Fed. R. Crim. P. 32.2(b)(1), were held on March 18, 2011, and on April 4, 2011. In

2

addition to the oral testimony on those two dates, the United States filed three trial briefs, Docs. 185, 196, 200; an exhibit list, Doc. 183; a witness list, Doc. 184; and forfeiture jury instructions, the law of which is relevant in substantial part for a bench trial, Doc. 182. The defendant filed an exhibit list, Doc. 193.

The court has not yet ruled on whether there was a "nexus," Rule 32.2(b)(1), between the crimes of conviction and the noticed properties, and thus, no "preliminary order of forfeiture," if any, has been entered. Rule 32.2(b).

There is also a pending motion by defendant Bernard von NotHaus for a new trial and to set aside the judgment, Doc. 197, and a pending motion to set aside the guilty verdicts filed by the Gold Anti-Trust Action Committee. Docs. 208, 209, 212.

## Argument

I. **Bernard von NotHaus has no standing to file a claim in this case on behalf of Mary and Robert Nothhouse.**

Since Bernard von NotHaus is attempting to adjudicate the third-party interests of Mary and Robert Nothhouse and since civil rules of procedure govern the determination of third-party rights in criminal forfeiture cases,[1] it must be concluded that he does not have standing under the civil rules to bring this Motion. *See* Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest.").

And although the real parties in interest in the defendant's Motion for Return of Seized Property are Mary and Robert Nothhouse, the Motion included no verification or attestation by

---

[1] *See* Fed. R.Crim. 32.2(b)(6), (b)(7), and (c)(1)(B); 21 U.S.C. § 853(n)(6) ("preponderance of the evidence"). "[A]ncillary proceedings are more civil in nature than criminal." *United States v. Moser*, 586 F.3d 1089, 1094 (8th Cir. 2009).

3

Mary and Robert Nothhouse. Thus, it cannot be known whether they agree with the Motion or are even aware that they have been put forth as interested parties.

Likewise, Bernard von NotHaus does not have standing to adjudicate Mary and Robert von Nothhouse's interests according to normal criminal procedure. A defendant in a criminal case does not have standing to plead in new parties. A federal criminal case is limited to two parties, the United States and the defendant.

**II.    Rule 41(g) is an equitable remedy to be applied when there is no adequate remedy at law. There is no remedy under Rule 41(g) once a criminal or civil forfeiture case has commenced.**

   **A.    A prior civil or criminal case bars a Rule 41(g) motion.**

Bernard von NotHaus has filed this Motion under Fed. R. Crim. P. 41(g), which rule provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

But Bernard von NotHaus (and Mary and Robert Nothhouse) cannot prevail as a matter of law because "forfeiture proceedings" (*Sims*, *infra*) have already been initiated against the property they seek to recover and because there would be an adequate remedy at law provided by the normal "forfeiture phase," if any, of this criminal case under Fed. R. Crim. P. 32.2(b) & (c).

A Rule 41(g) motion is a pre-indictment remedy. "The proper office of a Rule 41(g), motion is, before any forfeiture proceedings have been initiated, or before any criminal charges have been filed, to seek the return of property seized without probable cause, or property held an

4

Case 5:09-cr-00027-RLV-DCK   Document 263   Filed 06/07/12   Page 4 of 12

unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property." *United States v. Sims*, 376 F.3d 705, 708 (7th Cir.2004). "A Rule 41(g) motion is an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir.2006).

Likewise, Rule 41(g) no longer applies after a civil forfeiture case has been filed, "After the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41(e) [now 41(g)], but instead must submit to the statutory procedures governing civil forfeiture proceedings." *United States v. One 1974 Learjet*, . . . 191 F.3d 668, 673 (6th Cir. 1999)**.**

Rather than Rule 41(g), both civil forfeiture at Rule G(5) ("Responsive pleadings") and 18 U.S.C. § 983(d) ("innocent ownership defense") and criminal forfeiture at 21 U.S.C. § 853(n) ("third party interests") and Rule 32.2(c) ("ancillary proceeding") provide adequate remedies at law for a third-party owner.[2]

### B. Rule 41(g) does not allow a criminal defendant to assert another person's interest.

According to the case cited by Bernard von NotHaus in his Motion, the criteria for return of seized property are:

> To prevail on a Rule 41(e) [now 41(g)] motion, a criminal defendant must demonstrate that (1) he is entitled to lawful possession of the seized property; (2)

---

[2]Bernard von NautHaus has made a general due-process argument by citing the Supreme Court's forfeiture ruling in *United States v.* $8,850, 461 U.S. 555 (1983). However, in *$8,850*, the Court upheld the United States' delay in filing a civil forfeiture case and ruled against the claimant. The Court pointed out, *inter alia*, that the claimant had failed to seek the remedy provided by Rule 41(e) [now 41(g)]. At 569-570.

5

the property is not contraband; and (3) either the seizure was illegal or the
government's need for the property as evidence has ended.

*Ferreira v. United States*, 354 F.Supp.2d 406, 409 (S.D.N.Y.,2005)**.** By those standards, Bernard von NotHaus cannot assert Mary Nothhouse's and Robert Nothhouse's ownership interests in the raw silver because a criminal defendant must demonstrate that "*he* is entitled to the lawful possession of the property." (Emphasis added).

In addition, the three criteria are conjunctive, and none of them have been shown. He has argued that other persons, not himself, are entitled to the property. He has asserted that the property is not contraband, but the United States has previously pointed out in this case that "derivative contraband" includes property that "may become unlawful." Doc. 196 at 8. He has stated that the property is no longer needed by the United States, but with pending motions for a new trial and to dismiss the convictions, it cannot be known whether the raw silver will be needed as evidence in the future.

**III.     Bernard von NotHaus' Motion is actually an "independent suit" that is specifically barred by the statutory provision at 21 U.S.C. § 853(k).**

The statutory provision of the criminal forfeiture statute at 21 U.S.C. § 853(k) bars a motion or suit of the kind that Bernard von NotHaus has filed "on behalf of" Mary and Robert Nothhouse:

> Except as provided in subsection (n) of this section, no party claiming an interest in property subject to forfeiture under this section may--
>
> **(1)** intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or
>
> **(2)** commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

6

The Motion is an "intervention" (an "independent suit," *Nava*, *infra*) into the forfeiture phase of this criminal case and is barred and should be dismissed. It has been filed "subsequent" to the Indictment in this case; thus, it is barred and should be dismissed.

And, if the Motion were to be heard by the Court "on behalf of" Mary and Robert Nothhouse, those two persons would be the kind of third-party interveners barred by § 853(k):

> The statute specifically bars third parties from intervening in the trial or the appeal of a criminal case to assert their interests, or from bringing independent suits against the United States once an indictment alleging that the property is subject to forfeiture has been filed. 21 U.S.C. § 853(k). We have held that third parties must await the defendant's conviction before filing proceedings to protect their interest in the property and must await the court's order of forfeiture before requesting an ancillary hearing.

*United States v. Nava*, *supra*, 404 F.3d 1119, 1125 (9th Cir. 2005). *See also Almeida*, *supra*, at 381 (accord); *United States v. Holy Land Foundation for Relief and Development*, 493 F.3d 469, 477 (5th Cir. 2007) (accord).

In *United States v. Phillips*, 185 F.3d 183, 188 (4th Cir. 1999), the Fourth Circuit held that a property could not be foreclosed by a lender after the initiation of a criminal forfeiture case. The Circuit stated that "§ 853(k) provides that once the indictment against" the defendant had been filed, the lender "was barred from 'commencing an[y] action at law or equity against the United States concerning the validity of [its] alleged interest in the property ... subject to forfeiture.' 21 U.S.C.A. § 853(k)." The Circuit additionally held that the foreclosure action was also barred by § 853(c)[3] which provides that title to forfeitable property vests in the United States

---

[3] 21 U.S.C. 853 (c) Third party transfers

All right, title, and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section. . .

7

at the time of the commission of the offense.

IV.    **After a plea of guilty or guilty verdict, the Court must enter a Preliminary Order of Forfeiture if the "nexus" ("connection") between the offense and forfeitable property has been shown, and a preliminary order of forfeiture is entered "without regard to any third party's interest in the property." Rule 32.2(b)(2)(A)**.

After a finding of guilty, "the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). To prove that specific property is "subject to forfeiture," the government must establish "the requisite nexus between the property and the offense." Rule 32.2(b)(1)(A). "Where the Government seeks forfeiture of specific property, the court must determine whether the Government established the requisite nexus between the property and the offense of conviction." *United States v. Davenport*, 668 F.3d 1316, 1320 (11th Cir. 2012). A "nexus" is a connection of the property to the offense. "[T]here must be a connection between the forfeited proceeds and the underlying criminal violations." *United States v. Messino*, 382 F.3d 704, 714 (7th Cir. 2004). *See United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010) ("substantial connection" for facilitating property); *United States v. Ivanchukov*, 405 F.Supp.2d 708, 712 (E.D.Va.,2005) ("but for" test for proceeds).

In his Motion, Bernard von NotHaus is asking the Court to declare that the troy silver is owned by Mary and Robert Nothhouse. He is also, therefore, asking the Court to determine his own interest by finding that he had none. But, because the only issue for the Court before entering a Preliminary Order of Forfeiture is the "nexus" or "connection" of the property to the offenses of conviction, the ownership interest of any party, including the defendant, any co-defendants, or any third party, is not at issue. "[T]he extent of the Defendant's ownership or interest in the property is not at issue in determining whether the court should enter a preliminary

8

order of forfeiture." *United States v. Schlesinger*, 396 F.Supp.2d 267, 273 (E.D.N.Y. 2005). A preliminary order of forfeiture is entered "without regard to any third party's interest in the property." Rule 32.2(b)(2)(A).

And in finding the "requisite nexus" that a property is "subject to forfeiture," neither a judge in a bench trial or a jury may consider the ownership of the property – only its connection ("nexus") to the crime. In *Nava*, 404 F.3d at 1132, *supra*, the Ninth Circuit, despite overturning the district court's final forfeiture order, held that the district court had properly instructed the jury that questions of ownership "were not before them" in deciding the nexus. In *United States v. Nicolo*, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009), the district court found that some but not all of the properties were "subject to forfeiture" and entered a preliminary order of forfeiture. In making its "subject to forfeiture" (nexus) findings, the district court held that

> [T]he Court's task at this juncture is not to consider and resolve the potentially thorny issues concerning third-party ownership of the property sought to be forfeited. Rather, the Court's obligation at this stage is primarily to determine the nexus or connection between the crime of conviction and the property sought to be forfeited.

Mary and Robert Nothhouse are possible "third parties" in the forfeiture phase of this criminal case. The ownership interests of third parties are not adjudicated until after a Preliminary Order of Forfeiture is entered. Rule 32.2(b)(2)(A,). An "ancillary hearing" occurs only when "a third party, filing "under penalty of perjury," § 853(n)(3), files a petition asserting an interest in the property to be forfeited." Rule 32.2(c)(1). At the ancillary hearing, which is mandatory ("must conduct"), the court accepts, rejects, or modifies the petition of the third party. Rule 32.2(c)(1)(A) & (B). "When the ancillary hearing ends," the court amends the preliminary order "as necessary to account for any third party rights" and enters a final order of forfeiture.

9

Case 5:09-cr-00027-RLV-DCK   Document 263   Filed 06/07/12   Page 9 of 12

Rule 32.2(c)(2).

### A. Evidence concerning the nexus of the raw silver to the offenses

The United States has previously summarized the evidence to establish the connection ("nexus") of the 16,000.05 troy ounces of raw silver to Bernard von NotHaus's crimes of conviction, which evidence was in part based on live testimony during the first day of the forfeiture phase of the trial. Doc. 186 at 21. The present Motion adds little or nothing to what was already in evidence, including the documentary evidence. Indeed, the Motion itself is substantial proof that the silver purchases and activities of Bernard von NotHaus and Mary Nothhouse were closely "connected." For instance, assuming without conceding that the factual statements in the Motion are supported by evidence, the Motion tellingly states that "[i]t was only because of her son, Bernard von NotHaus's business relationship with Sunshine Minting, Inc. that the corporation permitted her, as an individual, to open up what they considered a relatively small amount." At 5-6. And: "he asked her to buy an additional 1,000 ounces for him since he would not be able to obtain similarly favorable terms for a small purchase." At 7. And what is to be made of Mary Nothhouse's whimsical statement that she "wanted to purchase an additional 225 ounces from Sunshine Minting, Inc. to have an even 15,000 ounces of silver in her safekeeping account?" At 8. The Motion seems to endorse the notion that Mary von Nothhouse's silver investment at the Sunshine Mint was, at least, a surety for Bernard von NotHaus' business relationship with Sunshine.

NOW, THEREFORE, the United States asks the Court to dismiss and deny the Motion to

10

Case 5:09-cr-00027-RLV-DCK   Document 263   Filed 06/07/12   Page 10 of 12

Return Property for the reasons that:

– Bernard von NotHaus did not have standing to assert the ownership interests of Mary and Robert Nothhouse in this criminal case;

– there is no remedy under Rule 41(g) once a criminal or civil forfeiture case has commenced;

– Rule 41(g) is an equitable remedy to be applied only when there is no adequate remedy at law;

– case law under Rule 41(g) does not support the Motion;

– 18 U.S.C. § 853(k) bars this kind of intervention into a criminal case;

– the nexus of the property to the crimes of conviction must be determined by the Court "without regard to any third party's interest in the property;"

– Mary and Robert Nothhouse will have adequate remedies at law to assert their ownership interests if and when the Court renders its verdict making a finding that the raw silver is "subject to forfeiture;"

Respectfully submitted this the 7th day of June , 2012.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
s/ THOMAS R. ASCIK
ASSISTANT UNITED STATES ATTORNEY
North Carolina Bar No. 17116
100 Otis Street
Asheville, NC 28801
828-259-0644
828-271-4122 (fax)
thomas.ascik@usdoj.gov

**Electronic Service**
Noel Tin
counsel to Bernard von NotHaus
at ntin@tinfulton.com