UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:09CR27-V |
| | ) | |
| v. | ) | UNITED STATES' RESPONSE TO |
| | ) | DEFENDANT'S SUPPLEMENTAL |
| | ) | MEMORANDUM IN SUPPORT OF |
| (1) BERNARD VON NOTHAUS | ) | MOTIONS FOR JUDGMENT OF |
| | ) | ACQUITTAL OR NEW TRIAL |
| | ) | |
| _____ | ) | |

NOW COMES the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina, and submits this Response in Opposition to *Defendant's Supplemental Memorandum in Support of Motions for Judgment of Acquittal or New Trial Pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure* (Doc. 267). For the reasons set forth in the government's response to Defendant's timely-filed post-conviction motions (Doc. 201) and the government's response to the *amicus curiae* (Doc. 213), Defendant's Rule 29 and Rule 33 motions should be denied. Any legally recognizable arguments advanced in Defendant's *Supplemental Memorandum* provide no additional support to warrant a different conclusion.

## PROCEDURAL BACKGROUND

On March 18, 2011, a jury sitting in Statesville, North Carolina, returned a verdict convicting Defendant of violating 18 U.S.C. § 371 (conspiracy to violate 18 U.S.C. § 485 and § 486), 18 U.S.C. § 485, and 18 U.S.C. § 486. On March 31, 2011, Defendant timely filed *Post-Conviction Motions Under Rules 29, 33, and 34 of the Fed.R.Crim.Proc.* (Doc. 197). On April 1, 2011, Defendant filed a *Post-Conviction Motion for New Trial Addendum- Pro Se* (Doc.

198). The government filed a response to Defendant's post-conviction motion on April 7, 2011 (Doc. 201), in which it set forth a comprehensive refutation of Defendant's claims of insufficient trial evidence and that the interest of justice requires a new trial. On May 18, 2011, the Gold Anti-Trust Action Committee (GATA) filed a *Motion for Leave to File Brief Amicus Curiae* (Doc. 208), which was granted by the Court on May 19, 2011. The *amicus curiae* brief was filed by GATA on May 31, 2011 (Doc. 212), in which GATA presented additional Constitutional arguments not previously raised by Defendant. The government responded to the *amicus curiae* on June 10, 2011 (Doc. 213). Now, more than two years after the jury verdict, Defendant seeks to supplement his initial post-trial motion with new arguments, expanded arguments, and additional information.

## DISCUSSION

In the immediate *Supplemental Memorandum*, Defendant renews his efforts to persuade the Court to enter a judgment of acquittal pursuant to Rule 29 or, in the alternative, a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. In his supplemental pleading, Defendant does not attempt to bring to the Court's attention any intervening law that might impact the legitimacy of the convictions but, rather, attempts to take a second bite at the apple by offering new arguments in support Defendant's initial post-conviction motion, expanding on previous arguments, and submitting additional information from outside the trial record in what essentially amounts to an "ineffective assistance of counsel" argument.

In its initial response to Defendants' post-conviction Rule 29 and Rule 33 motions, the government set forth the applicable law and addressed the timely claims made by Defendant regarding the sufficiency of the trial evidence and his request for a new trial in the interest of

2

justice. Accordingly, the government will not repeat that discussion herein, but will stand on our initial response. However, the government does submit the following discussion to address the new arguments and information submitted by Defendant. To the extent Defendant raises new arguments in his supplemental memorandum, such arguments should be disregarded as untimely. However, even considering the totality of the arguments made by Defendant in support of his Rule 29 and Rule 33 motions, respectively, he still fails to establish that a judgment of acquittal or a new trial of this matter is warranted.

**I.     Timeliness**

To the extent Defendant now seeks to advance new arguments in support of his initial Rule 29 and Rule 33 motions, such arguments should be dismissed as untimely. Rule 29 of the Federal Rules of Criminal Procedure provides that, after a jury verdict, a "defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." *Fed.R.Crim.P.* 29(c)(1). Rule 33 provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty," *Id.* 33(b)(1), while "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." *Id.* 33(b)(2). With respect to Rule 33, the Fourth Circuit has held that time limits set forth in that rule are jurisdictional. *United States v. Smith*, 62 F.3d 641, 648 (4th Cir. 1995); *see also United States v. Parks*, No. 5:05-CR-257-V, 2009 WL 294396 (W.D.N.C. Feb. 5, 2009), at *4 ("The Court has no discretion regarding enforcement of the time limits prescribed by Rule 33.").

3

Further, "[a] defendant may not add new arguments in support of a motion for new trial by including them in an amendment filed after the time under Rule 33 has expired." *United States v. Custodio*, 141 F.3d 965, 966 (10th Cir.1998); s*ee also United States v. Holt*, 170 F.3d 698, 702-03 (7th Cir. 1999) (additional grounds for relief that are raised after a timely-filed motion are procedurally barred). In *Holt*, the Seventh Circuit held that an untimely post-trial motion that raises additional arguments not contained in previous, timely motions, cannot "relate back" to the previous motions. *Id.* A defendant is thus not permitted to raise additional arguments in an untimely motion by characterizing that motion as a "supplemental" or "amended" pleading. *Id.* at 703. The *Holt* court reasoned that allowing a defendant to raise a new argument beyond the end of Rule 33's time limit "would defeat the express language of the rule, and would create a back door through which defendants could raise additional grounds for a new trial long after the 7-day period had expired." *Id.*

In his initial pleading, Defendant summarized his Rule 29 and Rule 33 arguments as follows:

> For the foregoing reasons, this Court should enter judgment of acquittal pursuant to Rule 29, because the evidence is insufficient to support the verdict, particularly as to the element that the Liberty Dollars in question were counterfeits of United States coin and the criminal intent element of the crimes charged. In the alternative, this Court should, pursuant to Rule 33, arrest judgment because the indictment does not charge an offense with regard to these elements and the legal standard in the indictment is not supported by the facts or law.

(Doc. 197 at 46). Defendant now seeks to offer new arguments and evidence to support both his Rule 29 and Rule 33 motions, and to expand on arguments previously made in a general sense. Defendant's new arguments, discussed further below, cannot "relate back" to the previous motions and, therefore, should be rejected by this Court as untimely.

4

## II. Rule 29 Motion for Judgment of Acquittal

In support of his Rule 29 Motion, Defendant focuses on three general arguments: (1) Defendant lacked criminal intent, (2) Liberty Dollars were not counterfeit, and (3) Liberty Dollars were intended for private barter. In support of his motion, Defendant includes new arguments and asks the Court to consider new information from outside the trial record to support these arguments. Those arguments being raised for the first time in the context of a post-conviction Rule 29 argument are untimely; however, even if the Court were to consider these arguments and information, they lend no support to Defendant's Rule 29 argument.

With respect to his "criminal intent" argument, Defendant now seeks to advance a claim that his good faith reliance (on counsel and others) serves as a complete defense to the charges.[1] Defendant claims that he obtained advice from four attorneys regarding the Liberty Dollar and attaches to his pleading a letter and an affidavit that were drafted long after this trial had ended. Notably, he attaches a letter from trial witness and attorney Marion Harrison dated February 3, 2012, and an affidavit from attorney Paul Sulla signed September 18, 2012.

The submitted letter and affidavit lend no support to Defendant's contention that the evidence presented by the government at trial was insufficient to sustain a conviction. For example, in his affidavit, Mr. Sulla discusses a legal opinion that he provided to NORFED with respect to Liberty Dollar <u>certificates</u> (or paper instruments), not with respect to Liberty Dollar <u>coins</u>. Mr. Sulla's affidavit includes, in significant part, the following:

> On or about April 1, 1998, I met with Bernard von NotHaus relative to his interest in providing a *paper instrument backed by silver* for the sale to the general public.
>
> \*\*\*

---

[1] While Defendant's initial post-conviction pleading is admittedly difficult to comprehend, he does not appear to raise the issue of the "good faith reliance on advice of counsel" argument in support of either his Rule 29 or Rule 33 motions.

5

> I was aware of the extensive research he had engaged in concerning the issuance of these *paper certificates backed by fine silver* relative to its legality and its import as an alternative to the paper fiat money issued by the Federal Reserve.
>
> ∗∗∗
>
> I was shocked to learn that Mr. von Nothaus had been convicted of three felonies related to *his issuance of the paper certificates* and minted silver and gold Liberty Dollars.

(Defense Exhibit B at 1, 3, 6) (emphasis added). Mr. Sulla's resulting shock is understandable since Defendant was not charged with, nor convicted of, activities related to the issuance of "paper instruments" or "paper certificates." While Defendant had been involved in the issuance of Liberty Dollar certificates in the past, he was not charged with any violation of federal law with respect to such activity. Therefore, any legal opinion Mr. Sulla provided to NORFED in 1998, or extensive research he was aware of, with respect to the issuance of paper instruments or certificates is immaterial to Defendant's creation and distribution of the Liberty Dollar ***coins***, activities for which Defendant was charged and convicted. In his affidavit, Mr. Sulla proffers testimony that would not in any way have supported a claim of good faith reliance on counsel.

Further, Defendant's newly raised contention that a good faith reliance defense is a "complete defense to the charges" is legally incorrect. Good faith reliance on the advice of counsel is only relevant to specific intent crimes because such reliance demonstrates a defendant's lack of the requisite intent to violate the law. *United States v. Miller*, 658 F.2d 235, 237 (4th Cir. 1981) ("The reliance defense ... is designed to refute the government's proof that the defendant intended to commit the offense."), *United States v. Polytarides*, 584 F.2d 1350, 1353 (4th Cir. 1978) ("The basis for the defense of action taken on the advice of counsel is that, in relying on counsel's advice, defendant lacked the requisite intent to violate the law."). The

6

good faith reliance defense would, therefore, have been of no assistance to defendant for two of the charges for which he was convicted.

The jury convicted Defendant of all charges against him in the Superceding Bill of Indictment; the jury determined that Defendant violated 18 U.S.C. § 485 (Count Two) under two separate avenues of proof: (1) Making Counterfeit Coins, and (2) Passing/Uttering Counterfeit Coins With the Intent to Defraud, only the second of which included an element of the specific intent to defraud. The jury also convicted Defendant of violating 18 U.S.C. § 486, which does not require the government to prove that Defendant had the intent to defraud, merely that he intended the coins for use as current money. Because a good faith reliance argument could not have assisted Defendant on either the first avenue of proof established by the government on the 18 U.S.C. § 485 conviction or on the 18 U.S.C. § 486 conviction, and the jury was properly instructed by the Court, his contention that this issue provided him a complete defense is incorrect. Therefore, the argument offers no support for his motion for judgment of acquittal.

Next, Defendant's contention that "substantial undisputed evidence demonstrates Mr. von NotHaus' lack of criminal intent" is also incorrect. At trial, the government presented considerable evidence of Defendant's criminal intent with respect to the section 486 charge (discussed at length in the government's initial response to the post-conviction pleadings).[2] Defendant was also permitted to submit evidence and testimony to the jury regarding his intent, to include (1) his belief of the legality of the Liberty Dollar, to include his reliance on attorneys and others, (2) his personal history in developing the Liberty Dollar dating back to the 1970s,

---

[2] Of particular significance on this issue is the fact that Dan Shaver, Chief Counsel for the U.S. Mint, testified at trial that Defendant and the RCOs affiliated with the Liberty Dollar organization were sent letters in September 2006, which advised them that representatives of the Department of Justice believed the activities related to the Liberty Dollar were in violation of federal law. The evidence showed that, after receiving this notice, Defendant continued to create and distribute the Liberty Dollar coins in the same manner as he did before the Mint warning

7

and (3) his belief that he was engaged in a legitimate private voluntary barter system. The jury considered the evidence presented by both the government and the defense, was properly instructed by this Court on the law, and ultimately found Defendant guilty of all charges. Defendant's insistence that the jury simply came to the wrong conclusion does not establish grounds for a remedy under Rule 29.

With respect to Defendant's renewed argument regarding the similitude/counterfeit issue, the government stands on the substantive arguments set forth in our initial response, to include the fact that substantial evidence was presented to the jury to prove the element of the section 486 charge that the Liberty Dollar coins resembled genuine coins of the United States. Further, even if the jury had not found that Liberty Dollar coins resembled genuine coins of the United States (which they clearly did find by virtue of the conviction under section 485), Defendant testified at trial that the coins were of original design, which is also prohibited by the statute when the coins are intended to be used as current money.

Similarly, with respect to Defendant's "private barter" argument, the government relies in substance on its previously filed response. Defendant continues to confuse the issue of what type of activity he believes should be legal versus what type of activity is in fact legal. Defendant advances the inconsistent argument that the Liberty Dollar was intended to be a private barter currency, while simultaneously citing to Mr. Pratt for the proposition that "part of the RCO's role was to exchange U.S. dollars for Liberty Dollars, and vice versa." If Defendant and those in his organization sought to inject the Liberty Dollar into merchant cash registers, as was established at trial, and admittedly sought to trade Liberty Dollars for U.S. dollars, it strains

---

was issued.

8

credibility for Defendant to argue that he did not intend that the Liberty Dollars to be used as "current money" or that he did not if fact direct that they be used in that manner.

**III.     Rule 33 Motion for a New Trial**

In support of his Rule 33 motion for a new trial, Defendant seeks to persuade this Court that it should grant a new trial "in the interest of justice" and, in support of this contention, as with his Rule 29 argument, relies upon a letter and affidavits from a number of individuals, some of whom testified at trial, and some of whom did not.  The defense exhibits essentially advance arguments in support of Defendant's theory of the case and revolve around three general topics: (1) legal advice, (2) similitude, and (3) private voluntary barter currency.  In making this argument, Defendant appears to rely on a theory of "newly discovered evidence;" however, the submitted letter and affidavits do not constitute newly discovered evidence but, rather, constitute arguments alleging a claim of ineffective assistance of counsel against Defendant's trial counsel. Specifically, the defense exhibits contain numerous examples of individuals questioning the trial tactics employed by Defendant's trial counsel, to include decisions about which witnesses to call to the stand, and what questions to ask them.

### A.     *Ineffective Assistance of Counsel*

To the extent Defendant relies on an "ineffective assistance of counsel" argument in support of his motion for a new trial, as repeatedly cited by individuals in the attached exhibits, that argument must fail for jurisdictional reasons.  In *Smith*, *supra*, the Fourth Circuit concluded that a motion for a new trial based on new information that supported a claim of ineffective assistance of counsel was not evidence within the meaning of Rule 33, and was required to be brought, if at all, within the restrictive time frame set forth in *Fed.R.Crim.P.* 33(b)(2), rather than

9

the longer period for newly discovered evidence. *Smith*, 62 F.3d at 648. The Fourth Circuit reasoned that the "rationale for extending greater [time] to motions based on newly discovered evidence [is] to enable the district court to afford relief when new information bolsters a claim of actual innocence." *Id.* at 649. Further, the court reasoned, a defendant's ability to raise constitutional challenges "under § 2255 makes it unnecessary that [he or] she also be afforded [the extended period of time in Rule 33(b)] to advance the same claim by a motion for a new trial." *Id.* Similarly, here, Defendant should not be permitted to present what is substantively an "ineffective assistance of counsel" argument at this point in the proceedings, more than two years after entry of verdict; he will have the opportunity to do so at the appropriate future date.

### B. *Newly Discovered Evidence*

To the extent Defendant relies on the argument that the substantive information contained in the attached affidavits does constitute "newly discovered evidence" pursuant to Rule 33 (and is therefore timely offered), this argument too must fail. For purposes of Rule 33, the Fourth Circuit utilizes the following five part test to determine whether a new trial should be granted on the basis of "new evidence:" (1) the evidence must in fact be newly discovered since the trial; (2) facts must be alleged from which the court may infer diligence on the part of the moving party; (3) the evidence relied upon must not be merely cumulative or impeaching; (4) the evidence must be material to the issues involved; and (5) the evidence must be such that, on a new trial, it would probably produce an acquittal. *See United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989). All of the criteria must be met or the motion for a new trial must be denied. *Id.* "If the defendant knew about the evidence prior to the conclusion of his trial, by definition, the evidence cannot be newly discovered after such trial." *United States v. Griffin*, 489 F. App'x 679, 681

(4th Cir. 2012) (unpublished) *cert. denied*, 133 S. Ct. 1457 (U.S. 2013) (declining to follow the First Circuit's approach that "newly available evidence" constitutes "newly discovered evidence" within the meaning of Rule 33).

The information submitted by Defendant in the form of a letter and affidavit does not constitute "newly discovered evidence" under the five-prong test utilized by the Fourth Circuit. First, the individuals who have submitted a letter or an affidavit included in Defendant's pleading were admittedly known to the defense and available to testify on his behalf at trial if the Defendant so chose to call them. In fact, some of these individuals did in fact testify at trial, to include Mr. Harrison (Def. Exhibit A), Mr. Pitagora (Def. Exhibit B), Mr. Burk (Def. Exhibit H), and Mr. Pratt (Def. Exhibit L). On this prong alone, Defendant's argument fails.

Second, a considerable amount of the information offered in the affidavits attached to Defendant's *Supplemental Memorandum* would be cumulative to the testimony presented by defense witnesses during the trial, including testimony provided by the Defendant himself. For example, Defendant now contends that individuals (such as Richard Pitagora and Ada Loper), would have provided evidence that the Liberty Dollar was, or was intended to be, used for private barter. That defense contention was central to this trial and it was comprehensively argued to the jury, primarily through the Defendant himself. Despite having considered this argument, the jury still convicted Defendant of all charges. Now, more than two years after the trial, Defendant argues to this Court that Defendant is entitled to a new trial because Mr. Pitagora and Ms. Loper, and others, weren't given the opportunity to tell the jury how they should have viewed the evidence of Defendant's conduct. The law does not support such a result. To the
11

extent such third party testimony would have even been admissible, it would have been cumulative.

Third, much of the information included in these affidavits is not material to the charges, and would not be properly admissible at trial. For example, the information submitted by Defendant in the form of an affidavit by attorney Paul Sulla (Def. Exhibit B) would not have been at all material to this case. After demonstrating in his affidavit his own complete misunderstanding of the activities for which Defendant was tried and convicted, Mr. Sulla concludes his affidavit by alleging that Defendant's trial counsel was ineffective, evidently for failing to call him to testify about matters not relevant to the prosecution. Mr. Sulla's affidavit makes clear that Defendant's trial counsel had a far better understanding of the issues involved in this trial than did Mr. Sulla. The decision of Defendant's trial counsel not to call Mr. Sulla to testify about his advice regarding Liberty Dollar *certificates* can hardly be viewed as ineffective assistance; rather, it appears to have been a demonstration of a fundamental understanding of the Federal Rules of Evidence and common sense trial strategy.

Similarly, with respect to the determination as to whether Defendant violated 18 U.S.C. § 486, it is of no moment whether Mr. Pitagora or Ms. Loper, or anyone else for that matter, would have "regarded" the activities around the creation and distribution of the Liberty Dollar as "private voluntary barter." What is relevant to that charge is a factual determination by the jury as to how the jury regarded the activities and, specifically, as to whether the Defendant made, uttered or passed coins of silver and intended those coins for use as current money. Evidence that one created and executed a business model with the express intention of getting his personally minted silver coins into the cash registers of merchants, for his own profit, is material

12

evidence; a third party's self-interested characterization of that activity is not.  Further, the fact that Ms. Deisher believes that Defendant's convictions will have "far reaching implications" also would not be an appropriate consideration for a jury determining Defendant's guilt or innocence.

Fourth, Defendant has not established that this evidence would "probably produce an acquittal."  The jury convicted Defendant despite being presented with the substance of the proffered arguments and information that would likely have been admissible at trial.

In substance, the content of Defendant's exhibits generally allege ineffective assistance of trial counsel and attempt to second-guess the manner in which the case was tried by Defendant's trial counsel.  The immediate motion is not one made pursuant to 28 U.S.C. § 2255; rather, it is one offered in support of motions made pursuant to the Federal Rules of Criminal Procedure 29 and 33, each of which requires a separate and distinct analysis from an ineffective assistance of counsel claim.  Defendant fails in any way to support his Rule 29 and Rule 33 motions by simply proffering an alternative approach to how the case should have been tried with 20/20 hindsight and after having conducted a comprehensive review the trial transcript.

## CONCLUSION

Ultimately, even considering the totality of Defendant's arguments in support of his Rule 29 and Rule 33 motions, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could certainly have found the essential elements of the crimes charged against Defendant beyond a reasonable doubt, and indeed did so.  Further, there is no defect in the record of this case to support Defendant's contention that the interest of justice requires a new trial of this matter.

13

For the foregoing reasons, the government reiterates its position that Defendant's *Post-Conviction Motions pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure* must be denied, and the arguments advanced in the *Supplemental Motion* offer no legally recognizable support warranting a different conclusion.

RESPECTFULLY SUBMITTED, this 17th day of April, 2013.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

**s/ Craig D. Randall**
CRAIG D. RANDALL
JILL W. ROSE
Attorneys for the United States
CDR NC Bar Number: 26638
United States Attorney's Office
Suite 1700, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
Telephone: 704.344.6222
Fax: 704.344.6629
E-mail: craig.randall@usdoj.gov

14

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2013, the foregoing document was electronically served upon Defendant at the following address:

**Noell P. Tin**
Tin Fulton Walker & Owen, PLLC
301 East ParkAvenue
Charlotte, NC 28203
704-338-1220
Fax: 704-338-1312
Email: ntin@tinfulton.com

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

**s/ Craig D. Randall**
Assistant United States Attorney
NC Bar Number: 26638
United States Attorney's Office
Suite 1700, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
Telephone: 704.344.6222
Fax: 704.344.6629
E-mail: craig.randall@usdoj.gov