UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO. 5:09CR27

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MOTION FOR** |
| v. | ) | **PRELIMINARY ORDER** |
| | ) | **OF FORFEITURE** |
| BERNARD VON NOTHAUS | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina, pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b), and respectfully moves the Court to enter a Preliminary Order of Forfeiture as to **fifteen (15) properties** in this case. In support of this motion, the United States shows the Court the following:

**Criminal Proceedings**

On November 17, 2010, the United States filed a Superseding Bill of Indictment against, amongst others, defendant Bernard von NotHaus charging him with counterfeiting, uttering and passing, and conspiracy to do so. The Superseding Bill of Indictment included a Notice of Forfeiture and Finding of Probable Cause concerning a total of fifteen (15) assets, as described below, which included coins, silver, dies and molds, and United States currency.

On March 18, 2011, a jury convicted the defendant of the three Counts in the Superseding Bill of Indictment, namely, in **Count One**, conspiracy to make, forge, pass, utter, publish, sell, and possess counterfeit coins, "the Liberty Dollar coins," and to make,

1

utter, pass, counterfeit silver coins, and to attempt to do so, in violation of 18 U.S.C. § 371 and 18 U.S.C. §§ 495 and 496; in **Count Two**, making, forging, counterfeiting, passing, uttering, publishing, selling, possessing, and aiding and abetting others in making, forging, counterfeiting, passing, uttering, publishing, selling, and possessing counterfeit coins, "the Liberty Dollar coins," a violation of 18 U.S.C. § 485 and 2; and in **Count Three**, making, uttering, passing, and aiding and abetting others in making, uttering, and passing, counterfeit silver coins, and attempting to do so, in violation of 18 U.S.C. § 486 and 2.

On November 10, 2014, the Court affirmed the three convictions of the defendant and denied the defendant's Motion for Acquittal, Motion to Set Aside Judgment, and Motion for New Trial, as well as an Amicus brief in favor of the defendant. Further, this Court set the case for sentencing on December 2, 2014.

## Forfeiture Proceedings

In the Notice of Forfeiture and Finding of Probable Cause in the Superseding Bill of Indictment, the United States gave the defendant notice of its intent to forfeit the listed properties under 18 U.S.C. § 492 and 18 U.S.C. § 982(a)(2)(B). Further, prior to the criminal trial, the United States filed forfeiture jury instructions in anticipation of defendant requesting a jury verdict on forfeiture. Doc. 182. The United States also filed a pre-jury-trial brief concerning the admissibility of hearsay at the forfeiture phase of the trial. Doc. 185. Defendant ultimately did not request a jury on forfeiture, so the forfeiture case was heard by the Court alone.

Forfeiture evidence was received during the jury trial. After the jury verdicts convicting the defendant on March 18, 2011, the first session of the forfeiture phase of the trial was held on that same date before the Court. At that first session, FBI agents Andrew Romagnuolo and Cody Muse and bank investigator Kelly Schwartz testified. Then, on March 30, 2011, the United States

filed a brief describing the applicable forfeiture law, reviewing jury-trial testimony and exhibits that applied to forfeiture, and previewing additional forfeiture evidence, which evidence was subsequently admitted at the second session of the forfeiture phase of the trial on April 4, 2011. Doc. 196. At the second session of forfeiture phase of the trial on April 4, 2011, the defendant Bernard Von NotHaus testified. Overall, United States introduced sixty-six exhibits and the defendant twenty-five. On April 5, 2011, the United States filed an additional brief concerning forfeiture. Doc. 200. In sum, the records of both the criminal trial and forfeiture trial are replete with evidence and information on the forfeitability of the assets identified herein as proceeds of the offenses, coins subject to forfeiture as counterfeit, and assets used or intended to be used to make the coins.

## Applicable Forfeiture Law and Procedure

<u>Forfeiture of "contraband," articles" used" or "intended to be used," and "proceeds</u>." As the United States has previously noted in other materials and hearings in this matter and sets forth herein for the Court's convenience, forfeiture in this case is governed by 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 492, and Fed. R. Crim. P. 32.2. Section 982(a)(2)(B) provides for forfeiture of "property constituting, or derived from, proceeds the person obtained directly or indirectly" as the result of a Section 485 or 486 violation such as those violations of which Defendant was found guilty. Section 492 provides for forfeiture of "counterfeits of any coins or obligations or other securities of the United States [ . . . ] or any articles, devices, and other things made, possessed, or used in violation of [Chapter 25 on counterfeiting and forgery,] or any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things [ . . . . ]"

<u>Proof of forfeiture</u>. The United States' burden of proof on forfeiture is preponderance of

the evidence. *United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003); *United States v. Tanner*, 61 F.3d 231, 233 (4th Cir. 1995). The Court's "determination may be based on evidence already in the record, including [ . . . ] any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B); *see also United States v. Farkas*, 474 Fed. Appx. 349, 360 (4th Cir. 2013) ('The court's reliance on the trial record is proper."). If the forfeiture is contested the court must receive evidence, as it did in the present case, in a 'hearing after the verdict or finding of guilty." Fed. R. Crim. P. 32.2(b)(1)(B). The United States may satisfy the preponderance burden by both direct and circumstantial evidence. *United States v. St. Pierre*, 484 F.3d 75, 86 (1st Cir. 2007).

The "requisite nexus." As noted at grater length in a previous brief of the United States, Doc. 196., the United States must establish "the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A), *Farkas*, 474 Fed. Appx. at 359, *citing*, *Libretti v. United States*, 516 U.S. 29 (1995) and *Cherry*, 330 F.3d at 669-70. A nexus is what "a reasonable juror could have found that the property was forfeitable by a preponderance of the evidence." *United States v. Neal*, 2003 WL 24307070, 3 (E.D.Va. 2003). *See United States v. Juluke*, 426 F.3d 323, 327 -328 (5th Cir. 2005) (handguns had "sufficient connection" to drug crimes of conviction so as to be forfeited as facilitating property). "The inquiry into the nexus between the property and the offense is the same regardless of whether the judge or the jury is the factfinder." *United States v. Neal*, 2003 WL 24307070, 3 (E.D.Va., 2003).

Whose interest is forfeited. Because the only issue for the Court in the forfeiture phase of the trial is the "nexus" or connection of the property to the offenses of conviction, the ownership interest of any party, including the defendant, any co-defendants, and any prospective third parties, is not at issue. "[T]he extent of the Defendant's ownership or interest in the property is not at issue

4

in determining whether the court should enter a preliminary order of forfeiture." *United States v. Schlesinger*, 396 F.Supp.2d 267, 273 (E.D.N.Y. 2005). "The court must enter the [preliminary] order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)." Rule 32.2(b)(2)(A). "Third parties then have an opportunity to assert their rights to the property in an 'ancillary proceeding,' *id.* 32.2(c)." *United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) (citing Fed. R. Crim. P. 32.2(c)).

<u>Forfeiture *per se* (contraband)</u>. The forfeiture statute in this case, 18 U.S.C. § 492, is specific to the crime of counterfeiting. It provides for the forfeiture of "counterfeits of any coins" and of property made, possessed, used, fitted, and intended to be used in counterfeiting. "Title 18 U.S.C. § 492 mandates that all counterfeit coins of the United States or any foreign government be forfeited to the United States. Counterfeit coins are contraband *per se*, their mere possession is illegal, and they must be forfeited to the United States." *United States v. Simmons*, 2000 WL 33138083, 3 (E.D.Cal. 2000) (concerning counterfeit coins).

<u>Forfeiture of property "possessed" or "used or intended to be used."</u> "The provisions of § 492 provide for the forfeiture of material or apparatus used or fitted or intended to be used, in making counterfeit obligations or other securities of the United States." *United States v. Mustek . . . Scanner . . .* , 1998 WL 756809, 1 (10th Cir.1998) (forfeiting computer equipment used to make counterfeit checks and identification cards).

<u>Forfeiture of proceeds</u>. Courts use the "but for" test to determine whether there is a nexus between a crime and proceeds. Pursuant to this test, [assets] are considered proceeds and therefore deemed forfeitable if 'a person would not have [the assets] but for the criminal offense.'" *Farkas*, *supra*, at 360. "The United States must trace the funds to the criminal course of conduct,

5

but it need not trace them to a particular illegal act, to satisfy its burden." *United States v. Hailey*, 887 F. Supp. 2d 649, 653 (D. Md. 2012).

In *United States v. Peters*, 257 F.R.D. 377, 386 -387 (W.D.N.Y. 2009)**,** a case concerning the same forfeiture statue, 18 U.S.C. § 982, as here, the court found that the defendant had obtained proceeds "indirectly" through two corporations, held that "the corporate veil should be pierced," and ordered that the defendant "should be held accountable for criminal forfeiture of proceeds obtained through" those two corporations. In *United States v. Warshak*, 631 F.3d 266, 332-333 (6th Cir. 2010), another § 982 case, the court found that "[a]ny money generated through these potentially legitimate sales is nonetheless subject to forfeiture, as the sales all resulted 'directly or indirectly' from a conspiracy to commit fraud." Section 982 "require[s] forfeiture of proceeds that result from conspiracies." *Id*. In *United States v. Ivanchukov*, 405 F.Supp.2d 708, 712 -713 (E.D.Va. 2005), the court found that the "timing and circumstances" surrounding a payment that the defendant had received "while the conspiracy was still underway" and as a result of his and his co-conspirator's "illegal conduct" demonstrated that the payment had been "obtained *directly or indirectly* from the commission of the offense." (Emphasis in original).

**Property to be Forfeited**

The evidence in the trial and separate forfeiture proceedings demonstrates that the following property is forfeited as stated. The United States avers that all the property is forfeited under all three Counts of conviction and also notes that all three counts of conviction include the "making" of counterfeit coins

**Forfeiture *per se* as contraband (under § 492)**[1]

The eleven (11) collections of coins are forfeitable as "counterfeits . . . of any coins . . . of the United States". They are contraband.

The dies, casts, and molds, are the "articles" and "devices" by which the ten collections of counterfeit coins were minted. They have the imprint of the counterfeit coins on them. They were "possessed" and "used" in the "making" of counterfeit coins. They are contraband.

**Forfeiture as property "used" or "intended to be used" in the offense (under § 492)**

The dies, casts, and molds, are not only forfeitable as contraband, they are forfeitable as the "articles" and "devices" "used in" and by which the ten collections of counterfeit coins were minted. They were the "apparatus used or fitted or intended to be used" in the "making" of counterfeit coins.

The two collections of silver (silver bars, silver scrap, and raw silver) are forfeitable as "material . . . used or intended to be used" in the making and minting of counterfeit coins.

The $254,424.09 and the account from which it was seized are forfeitable as "things . . . possessed or used" in the three offenses because the account was the operating account of the conspiracy, including the source of payments to the defendant and his co-conspirators.

**Forfeiture as "proceeds" (§ 982(a)(2)(B)**

The eleven (11) collections of counterfeit coins are not only forfeitable as contraband, they are forfeitable as the direct products, that is, the "proceeds," of the making of counterfeit coins.

The two collections of unminted silver (silver bars, silver scrap, and raw silver) are

---

[1] The United States has this date contemporaneously filed a Motion to Dispose of and Forfeit the same twelve (12) properties as contraband per se pursuant to the rule of law and more general power of the Court to dispose of property that is contraband and illegal to be possessed by any person.

forfeitable not only as property "used" in the offense but also as "proceeds" because they came into the possession of the defendant as a result of the conspiracy and were the income of the defendant's scheme and acts to counterfeit coins. They were in his possession in preparation for and as the material for printing counterfeit coins.

The $254,424.09 and the bank account from which it was seized are forfeitable as proceeds because it was what was left from the $2,190,150.79 proceeds and derived proceeds the defendant and his organizations received during the one-year life of the account.

NOW, THEREFORE, Based upon the Bill of Indictment, the three convictions of the defendant, the evidence concerning forfeiture in the criminal jury phase of the trial, the evidence introduced in the post-conviction forfeiture phase of the trial, and the briefs filed by the United States, the United States has established the "requisite nexus" under Fed. R. Crim. P. 32.2(b)(1)(A) between the following **fifteen properties** and the offenses of conviction.

**3039.375 Pounds of Copper Coins,**

**5930.32 troy Ounces of Silver Coins,**

**63.24 troy Ounces of Gold Coins,**

**3 Platinum Coins,**

**168,599 Silver troy Ounce Coins,**

**147 Gold troy Ounce Coins,**

**17 Gold .05 troy Ounce Coins,**

**710 Silver .5 troy Ounce Coins,**

**11 Silver Bars and Silver scrap totaling 10,720.60 troy Ounces,**

**1,000.5 troy Ounces of Silver Coins,**

**1,000.5 troy Ounces of Silver Coins,**

8

**Dies, Molds, and Casts Seized at Sunshine Minting, Inc. on November 14, 2007,**

**16,000.05 troy Ounces of Raw Silver,**

**100 Ounces of Copper Coins,**

**$254,424.09 in United States Currency.**

Accordingly, that property is subject to forfeiture to the United States and the United States is now entitled to possession of the properties. The United States has attached a proposed Order

Respectfully submitted this 20th day of November, 2014

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
s/ THOMAS R. ASCIK
ASSISTANT UNITED STATES ATTORNEY
North Carolina Bar No. 17116
100 Otis Street
Asheville, NC 28801
828-259-0644
828-271-4122 (fax)
thomas.ascik@usdoj.gov

CERTIFICATE OF SERVICE

       I hereby certify that the United States's Motion for Preliminary Order of Forfeiture was duly served upon defense counsel via ECF at the following addresses:

Noel P. Tin
ntin@tinfulton.com

       This ___ day of November, 2014.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
s/ THOMAS R. ASCIK
ASSISTANT UNITED STATES ATTORNEY
North Carolina Bar No. 17116
100 Otis Street
Asheville, NC 28801
828-259-0644
828-271-4122 (fax)
thomas.ascik@usdoj.gov