IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO.: 5:09CR27-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>BERNARD VON NOTHAUS, )<br>**Defendant.** )<br>_____ ) | **AMENDED ORDER** |

**THIS MATTER** is before the Court on its own motion for purposes of clarifying and amending, to the extent necessary, the Court's December 1, 2014 Memorandum and Order. (Doc. 285).

The December 1, 2014 Memorandum and Order resolved the Government's Motions for Preliminary Order of Forfeiture and Motion for Final Order of Disposal and Forfeiture of Contraband and related filings. (Doc. 285). To this end, the Court noted in its preliminary forfeiture decision that the Superseding Bill of Indictment provided notice of forfeiture to the Defendant by citing the governing forfeiture statutes, namely, 18 U.S.C. §§ 492 and 982(a)(2)(B). (Doc. 285, 7−8). In addition, the Court's decision explained the relationship between the various statutes, including expressly stating that the procedure adopted by 18 U.S.C. § 982 is drawn from 21 U.S.C. § 853. (Doc. 285, 7−8) (citing 18 U.S.C. §§ 982(b)(1) and *United States v. Bailey*, 2011 WL 5509027, * 5 (W.D.N.C. November 10, 2011)).

Finally, the Court hereby clarifies, and amends its December 1, 2014 Memorandum and Order, noting that the citation of 21 U.S.C. § 853(a) within the Findings of Fact and Conclusions of Law is <u>not</u> meant to imply that Section 853(a) provides the underlying statutory basis for forfeiture. Rather, Section 853 provides the procedural framework for forfeiture and the language

of Section 853(a) mirrors the substantive provisions of Section 982. *See e.g.*, 18 U.S.C. § 982(a)(2)(B) (speaking to mandatory forfeiture of "any property constituting, or derived from, proceeds the person obtained directly or indirectly" from the offense) and compare to 21 U.S.C. §§ 853(a)(1) (forfeiture of "any property constituting, or derived from, proceeds the person obtained directly or indirectly") and § 853(a)(2) (forfeiture of "the person's property used or intended to be used, in any manner or part to commit, or to facilitate" the offense). In other words, the Court's references to § 853(a)(1) are synonymous with the proceeds provision of § 982(a)(2)(B) and the Preliminary Order of Forfeiture will be construed and applied accordingly.

**IT IS, THEREFORE, ORDERED** that the December 1, 2014 Preliminary Order of Forfeiture is **AMENDED** to make clear that forfeiture, and terms set forth within the December 1, 2014 Memorandum and Order, is pursuant to 18 U.S.C. §§ 492 and 982.

**IT IS FURTHER ORDERED** that the Court strikes the reference to § 853(a)(2) in connection with the 11 Silver Bars and Silver Scrap totaling 10,720.60 troy ounces and **AMENDS** the December 1, 2014 Preliminary Order of Forfeiture to provide that this quantity of silver is forfeitable as proceeds, or property derived from proceeds, pursuant to § 982(a)(2)(B). (Doc. 285, 35 ¶ 6).

**IT IS FURTHER ORDERED** that forfeiture is hereby **FINAL** as to the Defendant's interest in the seized property, effective December 2, 2014, as a result of the imposition of sentence earlier today, pursuant to 18 U.S.C. §§ 492 and 982(a)(2)(B).

Signed: December 2,

Richard L. Voorhees
United States District Judge