UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:09CR27-RLV

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | **AMENDED (THIRD)** |
| v. | ) | **PRELIMINARY** |
| | ) | **ORDER OF FORFEITURE** |
| BERNARD VON NOTHAUS | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

As a result of the jury verdicts concerning the violations stated in Counts One, Two, and Three in the Superseding Bill of Indictment, for which the United States sought forfeiture pursuant to 18 U.S.C. § 492, 18 U.S.C. §§ 982(a)(2) and (b)(1), 21 U.S.C. § 853, and Fed. R. Crim. P. 32.2, defendant shall forfeit to the United States the following property: all property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as a result of such violations; and/or all property involved in, used, intended to be used, made, or possessed in any manner or part to commit or facilitate the commission of the violations.

The Court has determined, based on the Superseding Bill of Indictment and the verdicts of the jury, that the below-described property is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2) and 18 U.S.C. § 492 and that the United States has established the requisite nexus between such property and such violations and that the defendant had an interest in the property.

It is therefore **ORDERED**:

1. The following property is hereby forfeited to the United States for disposition according to law, and pursuant to the provisions of 18 U.S.C. § 492 and 18 U.S.C. § 982(a)(2):

1

**-- 3039.375 Pounds of Copper Coins,**

**-- 5930.32 Troy Ounces of Silver Coins, less and not including approximately 1574.5 troy ounces of contraband, as listed and described in the Order of Final Disposal of Contraband,**

**-- 63.24 Troy Ounces of Gold Coins,**

**-- 3 Platinum Coins,**

and the following property, less and not including the five (5) trays and ten (10) boxes of coins listed and described in the Consent for Final Disposal and Final Forfeiture of Contraband:

**-- 168,599 Silver Troy Ounce Coins,**

**-- 147 Gold Troy Ounce Coins,**

**-- 17 Gold .05 Troy Ounce Coins,**

**-- 710 Silver .5 Troy Ounce Coins,**

and:

**-- 11 Silver Bars and Silver scrap totaling 10,720.60 Troy Ounces,**

**-- Dies, Molds, and Casts Seized at Sunshine Minting, Inc. on November 14, 2007,**

and:

**-- $254,424.09 in United States Currency.**

2. The Attorney General (or a designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6), the United States shall post on an official government internet site (www.forfeiture.gov), for at least 30 consecutive days, notice of this order and of its intent to dispose of the property in such a manner

as the United States may direct. The United States may also, to the extent practicable, provide direct written notice of this forfeiture.

4. Any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

5. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

7. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

8. If no third party files a timely claim, this Preliminary Order of Forfeiture shall

become the Final Order of Forfeiture and shall be made part of the sentence and included in the judgment, as provided by Fed. R. Crim. P. 32.2(b)(4) and 32.2(c)(2).

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Signed: February 24, 2015

Richard L. Voorhees
United States District Judge