IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:09CR27-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CONSENT ORDER FOR |
| ) | THIRD PARTY PETITION |
| BERNARD VON NOTHAUS ) | |
| ) | |

THIS MATTER is before the Court by consent of the United States of America, by and through Jill Westmoreland Rose, Acting United States Attorney for the Western District of North Carolina and Petitioner Elavon, Inc. ("Petitioner"), through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioner have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters between Petitioner and the Government with regard to the following property identified in the Amended (Third) Preliminary Order of Forfeiture (Doc. 297) ("the Property"): $254,424.09 in United States Currency.

The parties have STIPULATED AND AGREED and the COURT FINDS AS FOLLOWS:

1. Petitioner has provided documentation to the Government and filed a verified Petition (Doc. 624) confirming that Petitioner provided merchant bank card services to "Bernard Von Nothaus d/b/a Liberty Services f/k/a/ Norfed (hereinafter 'Liberty Services')." Pursuant to written agreement with Liberty Services, Petitioner processed bank card transactions for Liberty Services. Further, pursuant to that agreement, Petitioner had to refund those "chargebacks associated with the Liberty Services account as a result of funds advance for all non-delivered products." As set forth

in the record in this case, Petitioner did, in fact, process chargebacks and provide refunds for products that were not delivered by Liberty Services to customers. Petitioner's agreement provided, amongst other things, that Petitioner held an interest in the Liberty Services account to the extent necessary to obtain recompense for payment of chargebacks. Thus, Petitioner has established that it had a preexisting security interest in the Liberty Services merchant account from which the Property was seized, and is owed repayment from that account (or, if there were not funds in that account, repayment from the goods ordered by customers who were paid for chargebacks) for $108,538.97 in chargebacks Petitioner paid to Liberty Services customers for non-delivered items. Petitioner has satisfied 21 U.S.C. § 853(n)(6).

2. By entering into this Consent Order, Petitioner agrees to, upon receipt of $108,538.97 pursuant to a Final Order and Judgment of Forfeiture entered by this Court, release and forever discharge its interest in all property in this case except for the $108,538.97. In exchange for release of the interest, the Government agrees to pay Petitioner the $108,538.97 upon Final Order and Judgment of Forfeiture by this Court.

3. The payment to Petitioner shall be in full settlement and satisfaction of all claims by Petitioner to the Property in this action and all claims against the United States resulting from the incidents or circumstances giving rise to this action.

4. Petitioner agrees not to pursue against the United States any rights that it may have on the Property. Petitioner agrees to consent to any Government motion for final order of forfeiture of the Property. Petitioner understands and agrees that the United States reserves the right to terminate the forfeiture action at any time.

5. The Government and Petitioner waive any rights to further litigate between each other in this forfeiture action to the Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims between Petitioner and the Government in this action and all claims between Petitioner and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Property.

6. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the stipulations of the parties herein that Petitioner satisfies one or more prongs of 21 U.S.C. § 853(n)(6), the Petition is granted to recognize that Petitioner has a security interest in $108,538.97 of the preliminarily forfeited $254,424.09 in this case. Upon the conclusion of these ancillary proceedings, the Court shall recognize Petitioner's interest in the $108,538.97 and, provided that there is not a conflicting petition for the same assets that the Court deems holds priority over Petitioner's interest, order the disbursement of $108,538.97 to Petitioner.

2. The Government and Petitioner shall bear their own fees and costs incurred in this federal forfeiture action, including attorneys' fees.

Signed this 21st day of Oct., 2015.

*Richard L. Voorhees*
RICHARD L. VOORHEES
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

JILL WESTMORELAND ROSE
ACTING UNITED STATES ATTORNEY

_____  Dated: 10/7/15
Thomas Ascik
Benjamin Bain-Creed
Assistant United States Attorneys

_____  Dated: 10/8/15
CHRIS SMITH (Name)
VICE PRESIDENT (Title), authorized signatory for Elavon, Inc.

_____  Dated: 10/5/15
Jason A. Mosbaugh, Esq.
Weltman, Weinberg & Reis Co., LPA
Robert Bernhardt, Esq.
Bernhardt and Strawser, PA
Attorneys for Petitioner, Elavon, Inc.