**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:09CR27-RLV**

UNITED STATES OF AMERICA )
)
v. )
)
BERNARD VON NOTHAUS )
_____ )
)
In Re: PETITION OF ANTOINETTE )
KOTCHOUNIAN ON BEHALF OF ESTATE )
OF JEFFREY KOTCHOUNIAN

**ORDER GRANTING IN PART AND DENYING IN PART
PETITION OF ANTOINETTE KOTCHOUNIAN
ON BEHALF OF ESTATE OF JEFFREY KOTCHOUNIAN**

 **WHEREAS**, on November 10, 2014, the Court entered a Memorandum and Order (Doc. 270) affirming the jury's verdicts of guilty to Counts One, Two, and Three in the Superseding Bill of Indictment.

 **WHEREAS**, on February 25, 2015, the Court entered the Amended (Third) Preliminary Order of Forfeiture (Doc. 297; "Third Preliminary Order") forfeiting certain coins, metals, and other property to the United States. The Court also issued a Consent Order for Final Disposal and Final Forfeiture of Contraband (Doc. 296; "Contraband Order") finally forfeiting contraband without an ancillary proceeding.

 **WHEREAS**, Petitioner Kotchounian has submitted three Petitions (Docs. 347, 387, and 593) under penalty of perjury. She claims an interest in property backed by numerous warehouse receipts. She has attached a Certificate of Death and Certificate of Marriage to her Petitions to support her claim that she is entitled to file the Petition on behalf of her deceased husband's estate. She has also attached numerous warehouse receipts, many of which have serial numbers and are backed by metals, and a few of which are identified as "PROOF ONLY-NO SILVER,"

identified with a "PRO" prefix on the serial number (identifying that the receipts are proofs), and/or identified as "SPECIMEN ONLY." *See* Doc. 347-3 at Pages 1-10.

**WHEREAS**, the United States contends that the Petition as to the warehouse receipts that are backed by metals and not identified by "PROOF ONLY-NO SILVER," not identified with a "PRO" prefix on the serial number (identifying that the receipts are proofs), and not identified as "SPECIMEN ONLY" have value, are backed by forfeited property in this case, and should be granted on the basis of documentation and/or a plausible factual explanation that comports with the information known to the United States and the Court and that satisfies 21 U.S.C. § 853(n)(6). Therefore, such items are granted.

**WHEREAS**, the United States contends that the Petition as to the warehouse receipts that are not backed by metals and thus are identified by "PROOF ONLY-NO SILVER," identified with a "PRO" prefix on the serial number (identifying that the receipts are proofs), and/or identified as "SPECIMEN ONLY" should be dismissed because such receipts, identified at Docket 347-3 at Pages 1-10, have no value, do not constitute indicia of ownership, and are not backed by forfeited property in this case.

**WHEREAS** Federal Rule of Criminal Procedure 32.2(c)(1)(A) provides that "[i]n the ancillary proceeding, the court may, on motion, dismiss [a] petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). "This procedure is treated like a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) . . . . Dismissal of a claim is appropriate only where 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' . . . In ruling on a motion to dismiss, [the court]

construes all well-pleaded allegations of the petition as true and draw[s] all reasonable inferences in favor of the plaintiff . . . ." *United States v. Grossman*, 501 F.3d 846, 848 (7th Cir. 2007).

**WHEREAS** courts have dismissed petitions for lack of standing because petitioners did not have legal interests in the forfeited property. "[T]he touchstone for standing is the possession of a legal interest in the forfeited property." *United States v. Oregon*, 671 F.3d 484, 490 (4th Cir. 2012); *see also United States v. Hailey*, 924 F. Supp. 2d 648, 656 (D. Md. 2013) (petition failed as a matter of law because car was purchased with criminal proceeds and, therefore, title passed to the government upon purchase); *United States v. Negron-Torres*, 876 F. Supp. 2d 1301, 1305 (M.D. Fla. 2012) (unsecured creditor does not have sufficient legal interest in the forfeited property and, therefore, does not have standing); *United States v. Burge*, 829 F. Supp. 2d 664, 668-69 (C.D. Ill. 2011) (wife did not have a marital interest in the forfeited property and, therefore, failed to state a claim upon which relief may be granted); *United States v. Perkins*, 382 F. Supp. 2d 146, 149-50 (D. Me. 2005) (petitioner failed "to allege a legal interest superior to that of the Government" and, therefore, did not have standing); *United States v Jones*, 2005 WL 1806406, at *3 (W.D.N.C. July 27, 2005) (petitioner did not have "a legal claim sufficient to intervene in the forfeiture of the specific property at issue").

**WHEREAS**, here, the proof and specimen warehouse receipts do not confer any rights of ownership in anything, much less the forfeited property in this case. Therefore, claims in the Kotchounian Petitions for any warehouse receipts notated "PROOF," "PRO," or "specimen" do not assert a legal interest in forfeited property and should be dismissed under the law cited herein.

**IT IS THERFORE ORDERED:**

1.  That the Petition of Antoinette Kotchounian is <u>granted</u> <u>in</u> <u>part</u>, with said portion to be granted consisting of warehouse receipts that are backed by metals and not identified by "PROOF ONLY-NO SILVER," not identified with a "PRO" prefix on the serial number (identifying that the receipts are proofs), and not identified as "SPECIMEN ONLY."  This portion is granted based on information known to the United States and Court and which satisfies 21 U.S.C. § 853(n)(6), and;

2.  That the Petition of Antoinette Kotchounian is <u>dismissed</u> <u>in</u> <u>part</u>, said portion to be denied consisting of any claim based on warehouse receipts identified by "PROOF ONLY-NO SILVER," identified with a "PRO" prefix on the serial number (identifying that the receipts are proofs), and/or identified as "SPECIMEN ONLY" because such receipts, identified at Docket 347-3 at Pages 1-10, have no value, do not constitute indicia of ownership, and are not backed by forfeited property in this case. Therefore, pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), this portion of the Petition is dismissed for the reason that the Petition fails to state a claim upon which relief may be granted and fails to assert standing.

3. The Petitioner is ordered to send the original warehouse receipts to the United States at the address below:

> United States v. Bernard Von Nothaus
> Attn: Thomas R. Ascik
> Office of the United States Attorney
> 100 Otis Street, Room 233
> Asheville, North Carolina 28801

4. Distribution of property by the United States to the Petitioner shall not occur until a Final Order of Forfeiture is entered by the Court.

**SO ORDERED.**

Signed: December 10, 2015

Richard L. Voorhees
United States District Judge