# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### DOCKET NO. 5:09CR27-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| BERNARD VON NOTHAUS | ) |
| _____ | ) |

In re: PETITION OF G. FRIEDRICH SCHROM

## ORDER TO DISMISS
## PETITION OF G. FRIEDRICH SCHROM

**THIS MATTER** is before the Court on the United States of America's Motion to Dismiss Petition of G. Friedrich Schrom. The United States contends that dismissal is appropriate pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), 21 U.S.C. § 853(n)(3) and applicable authority cited in the Motion because the Petition is not signed under penalty of perjury. For the reasons set forth herein, the Motion is <u>granted</u>.

**THE COURT FINDS AS FOLLOWS:**

Petitioner Schrom has submitted a document captioned a "Return of Property" (Doc. 594 at Page 1). This document does not explicitly claim an interest in the property forfeited pursuant to the Amended (Third) Preliminary Order of Forfeiture (Doc. 297; "Third Preliminary Order"). Although the Government advises that it is willing to try to discern what Petitioner claims and/or conduct discovery to flesh out the basis for the Petition, problematically, the Petition also is not signed under penalty of perjury. Thus, it should be stricken.

Fed. R. Crim. P. 32.2(c)(1)(A) provides that, "[i]n the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be

true." In addition, 21 U.S.C. § 853(n)(3) requires that a petition be signed by the petitioner under penalty of perjury and set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

Here, the Petition is not signed under penalty of perjury and, therefore, should be stricken. *See* 21 U.S.C. § 853(n)(3); *see also United States v. Molina-Sanchez,* 2013 WL 4083271, at *2 (W.D.N.C. Aug. 13, 2013) (courts have strictly construed the statutory requirements); *United States v. Loria*, 2009 WL 3103771, at *2 (W.D.N.C. Sept. 21, 2009) (collecting cases on penalty of perjury requirement).

**IT IS, THEREFORE, ORDERED** that the Petition is <u>dismissed without prejudice</u>. Petitioner is afforded thirty days from the date of issuance of this Order to refile a petition signed under penalty of perjury and that otherwise comports with 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2. If Petitioner fails to file such a Petition within thirty days, this Order shall constitute and be then construed as an Order with prejudice and his Petition shall be dismissed without opportunity to refile.

**SO ORDERED.**

Signed: December 21, 2015

Richard L. Voorhees
United States District Judge