# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# DOCKET NO. 5:09CR27-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| BERNARD VON NOTHAUS | ) |
| _____ | ) |

In re: PETITION OF DAVID E. HILL

## ORDER GRANTING IN PART AND DENYING IN PART
## PETITION OF DAVID E. HILL

**WHEREAS**, on November 10, 2014, the Court entered a Memorandum and Order (Doc. 270) affirming the jury's verdicts of guilty to Counts One, Two, and Three in the Superseding Bill of Indictment.

**WHEREAS**, on February 25, 2015, the Court entered the Amended (Third) Preliminary Order of Forfeiture (Doc. 297; "Third Preliminary Order") forfeiting certain coins, metals, and other property to the United States. The Court also issued a Consent Order for Final Disposal and Final Forfeiture of Contraband (Doc. 296; "Contraband Order") finally forfeiting contraband without an ancillary proceeding.

**WHEREAS**, David E. Hill has filed a Petition (Doc. 504) claiming ownership of property that backs eight warehouse receipts, electronic Liberty Dollars, and "an order . . . for silver round(s) which was not filled due to the FBI raid almost immediately after placing that order."

**WHEREAS**, the United States advises that, as for the warehouse receipts and electronic Liberty Dollars, Petitioner Hill has submitted copies of the warehouse receipts. Further, the Government has obtained documentation that suggests that Petitioner Hill held forty electronic

Liberty Dollars. Therefore, the United States contends that Petitioner Hill's Petition as to the warehouse receipts and electronic Liberty Dollars should be granted, subject to return of the warehouse receipts and issuance of a final order and judgment at the conclusion of these proceedings. Therefore, the Petition for the warehouse receipts and forty electronic Liberty Dollars should be <u>granted</u> on the basis of documentation and/or a plausible factual explanation that comports with the information known to the United States and the Court and that satisfies 21 U.S.C. § 853(n)(6).

**WHEREAS**, Petitioner also claims unspecified "silver rounds."

**WHEREAS**, the United States has represented in its Motion that the claim for "silver rounds" is vague and does not refer to any particular property or quantity of property forfeited herein, nor is it supported by any documentation whereby the Government and Court could ascertain what Petitioner Hill claims. Therefore, so the United States contends, that portion of the Petition should be <u>dismissed</u>. The United States has also provided the Court with authority in rule, statute, and case-law that such a vague assertion does not constitute an assertion of a legal interest in forfeited property sufficient to survive a Motion to Dismiss.

**WHEREAS** Federal Rule of Criminal Procedure 32.2(c)(1)(A) provides that "[i]n the ancillary proceeding, the court may, on motion, dismiss [a] petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). "This procedure is treated like a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) . . . . Dismissal of a claim is appropriate only where 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' . . . In ruling on a motion to dismiss, [the court]

construes all well-pleaded allegations of the petition as true and draw[s] all reasonable inferences in favor of the plaintiff . . . ." *United States v. Grossman*, 501 F.3d 846, 848 (7th Cir. 2007).

**WHEREAS**, the courts have dismissed petitions for lack of standing because petitioners did not have legal interests in the forfeited property. "[T]he touchstone for standing is the possession of a legal interest in the forfeited property." *United States v. Oregon*, 671 F.3d 484, 490 (4th Cir. 2012); *see also United States v. Hailey*, 924 F. Supp. 2d 648, 656 (D. Md. 2013) (petition failed as a matter of law because car was purchased with criminal proceeds and, therefore, title passed to the government upon purchase); *United States v. Negron-Torres*, 876 F. Supp. 2d 1301, 1305 (M.D. Fla. 2012) (unsecured creditor does not have sufficient legal interest in the forfeited property and, therefore, does not have standing); *United States v. Burge*, 829 F. Supp. 2d 664, 668−69 (C.D. Ill. 2011) (wife did not have a marital interest in the forfeited property and, therefore, failed to state a claim upon which relief may be granted); *United States v. Perkins*, 382 F. Supp. 2d 146, 149-50 (D. Me. 2005) (petitioner failed "to allege a legal interest superior to that of the Government" and, therefore, did not have standing); *United States v Jones*, 2005 WL 1806406, at *3 (W.D.N.C. July 27, 2005) (petitioner did not have "a legal claim sufficient to intervene in the forfeiture of the specific property at issue").

**IT IS THERFORE ORDERED:**

1. That the Petition of David E. Hill is <u>granted in part</u>, with said portion to be granted consisting of property that backs eight warehouse receipts and of forty electronic Liberty Dollars. This portion is granted based on information known to the United States and Court and which satisfies 21 U.S.C. § 853(n)(6), and;

2. That the Petition of David E. Hill is <u>denied in part</u>, said portion to be denied consisting of a vague assertion for unspecified "silver rounds." Therefore, pursuant

to Fed. R. Crim. P. 32.2(c)(1)(A), this portion of the Petition is dismissed for the reason that the Petition fails to state a claim upon which relief may be granted and fails to assert standing.

**IT IS FURTHER ORDERED THAT:**

The Petitioner is ordered to send the original warehouse receipts to the United States at the address as follows:

United States v. Bernard Von Nothaus
Attn: Thomas R. Ascik
Office of the United States Attorney
100 Otis Street, Room 233
Asheville, North Carolina 28801

Distribution of property by the United States to the Petitioner shall not occur until a Final Order of Forfeiture is entered by the Court.

**SO ORDERED.**

Signed: December 21, 2015

Richard L. Voorhees
United States District Judge