**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:09CR27-RLV**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| BERNARD VON NOTHAUS | ) |
| _____ | ) |

In re: PETITION OF JEFFREY FRENCH

**ORDER GRANTING IN PART AND DENYING IN PART
PETITION OF JEFFREY FRENCH**

**WHEREAS**, on November 10, 2014, the Court entered a Memorandum and Order (Doc. 270) affirming the jury's verdicts of guilty to Counts One, Two, and Three in the Superseding Bill of Indictment.

**WHEREAS**, on February 25, 2015, the Court entered the Amended (Third) Preliminary Order of Forfeiture (Doc. 297; "Third Preliminary Order") forfeiting certain coins, metals, and other property to the United States. The Court also issued a Consent Order for Final Disposal and Final Forfeiture of Contraband (Doc. 296; "Contraband Order") finally forfeiting contraband without an ancillary proceeding.

**WHEREAS**, Petitioner French (Doc. 513) has submitted a handwritten document under penalty of perjury that appears to constitute multiple petitions under penalty of perjury, as well as supporting documentation. As the Court can best discern from the multiple petitions and from the Government's Motion, Petitioner French claims the following (Doc. 513, Page 4):

- Twenty of the 40 ounce Ron Paul copper rounds (presumably $1 coins per supporting documentation);

- Forty copper Peace Dollars (presumably $1 coins per supporting documentation);

- One $20 donation;
- Two gold Liberty coins (presumably $50 coins per supporting documentation);
- Five silver Ron Paul coins (presumably $20 coins per supporting documentation);
- One "KM" (presumably a $20 Kamehameha Dala per supporting documentation);
- One "King" (presumably a $20 King Dala per supporting documentation);
- One "queen" (presumably a $10 Queen Dala per supporting documentation); and
- One $5 "prin" (presumably a $5 Princess Dala per supporting documentation).

**WHEREAS**, the United States advises that, as for the Ron Paul Dollars, Kamehameha Dala, King Dala, Queen Dala, and Princess Dala, the Government is in possession of the items, Petitioner French has submitted a Petition under penalty of perjury that, liberally construed, asserts an interest in them, and Petitioner French has submitted documentation in support of his Petition. Therefore, his Petition should be <u>granted</u> on those items on the basis of documentation and/or a plausible factual explanation that comports with the information known to the United States and the Court and that satisfies 21 U.S.C. § 853(n)(6).

**WHEREAS**, Petitioner also claims Peace Dollars and Liberty Dollars.

**WHEREAS**, the United States has represented in its Motion that Peace Dollars and Liberty Dollars such as those claimed by Petitioner are illegal contraband *per se* already finally forfeited without an ancillary proceeding pursuant to the Contraband Order in this case.

**WHEREAS**, based on the evidence, the Court has ruled in this case that coins minted after the warning by the United States Mint to the Liberty dollar organization and the Defendant on September 14, 2006, were counterfeit. *See* Memorandum and Order (Doc. 285).

**WHEREAS**, the Court has ruled in this case that "Items that are considered 'contraband' or 'counterfeit' under Section 492 are deemed illegal *per se* and automatically forfeited without

having to satisfy the otherwise applicable forfeiture procedures." Memorandum and Order (Doc. 285) at Page 11 (citing *Helton v. Hunt*, 330 F.3d 242, 247-48 (4th Cir. 2003) at n. 10). The Court has further defined contraband in this case as properties in which "no person or entity other than the United States may have a property right or interest [ . . . . ]" Contraband Order at Page 2.

**WHEREAS** the United States also contends that, as to the "donation," Petitioner French has not tied that donation to any particular item identified in the Third Preliminary Order of Forfeiture. Further, so the United States contends, even if Petitioner had made a donation, a donation does not give rise to a legal interest in Petitioner French, who, by his own admission, relinquished the funds to Defendant or one of his entities.

**WHEREAS** case-law in this district and circuit support the United States' position in opposing the return of a "donation." *See, e.g., Jones,* 2005 WL 1806406 at *3 (defendant's mother claimed interest in preliminarily forfeited real property by virtue of gifts of cash that mother made to defendant; court cited North Carolina and federal law and found that defendant's gifts did not lead to conclusion that she had legal interest in specific forfeited property and dismissed petition); *cf. United States v. Brown*, 2013 WL 2103630, at **8−9 (N.D. W. Va. May 14, 2013) (under Maryland and federal law, granting summary judgment against petitioner who had based petition on gift theory). Therefore, his Petition as to that donation should be <u>dismissed</u>.

**IT IS THERFORE ORDERED:**

> 1. That the Petition of Jeffrey French is <u>granted in part</u>, with said portion to be granted consisting of twenty Ron Paul copper rounds, one Kamehameha Dala, one King Dala, one Queen Dala, and one Princess Dala. This portion is granted based on

information known to the United States and Court and which satisfies 21 U.S.C. § 853(n)(6), and;

2. That the Petition of Jeffrey French is <u>dismissed in part</u>, said portion to be dismissed consisting of Peace Dollars and Liberty Dollars that are illegal contraband *per se* already finally forfeited without an ancillary proceeding pursuant to the Contraband Order in this case and of the "donation." Pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), this portion of the Petition is dismissed for the reason that the Petition fails to state a claim upon which relief may be granted and fails to assert standing.

**SO ORDERED.**

Signed: December 21, 2015

Richard L. Voorhees
United States District Judge