**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:09CR27-RLV**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| BERNARD VON NOTHAUS | ) |
| _____ | ) |

In re: PETITION OF WILLIAM A. HINZ

**ORDER GRANTING IN PART AND DENYING IN PART
PETITION OF WILLIAM A. HINZ**

**WHEREAS**, on November 10, 2014, the Court entered a Memorandum and Order (Doc. 270) affirming the jury's verdicts of guilty to Counts One, Two, and Three in the Superseding Bill of Indictment.

**WHEREAS**, on February 25, 2015, the Court entered the Amended (Third) Preliminary Order of Forfeiture (Doc. 297; "Third Preliminary Order") forfeiting certain coins, metals, and other property to the United States. The Court also issued a Consent Order for Final Disposal and Final Forfeiture of Contraband (Doc. 296; "Contraband Order") finally forfeiting contraband without an ancillary proceeding.

**WHEREAS**, William Hinz has filed a petition (Doc. 590) claiming ownership of two Defense Silver Liberty coins, two Silver Ron Paul Dollars, two Silver Peace Dollars, and one Liberty Supporter Kit.

**WHEREAS**, the United States advises that, as for the Ron Paul Dollars, the United States is in possession of the Ron Paul Dollars pursuant to the Third Preliminary Order. Further, Petitioner Hinz has submitted documentation in support of his Petition for these Ron Paul Dollars. Further, the United States moves for this Court to grant the Petition to the extent that it

asserts an interest in the Ron Paul Dollars. Therefore, the Petition for the Ron Paul Dollars should be granted on the basis of documentation and/or a plausible factual explanation that comports with the information known to the United States and the Court and that satisfies 21 U.S.C. § 853(n)(6).

**WHEREAS**, Petitioner also claims two Defense Silver Liberty coins, two Silver Peace Dollars, and one Liberty Supporter Kit.

**WHEREAS**, the United States has represented in its Motion that it does not have a "Liberty Supporter Kit" or "Defense Silver Liberty rounds" and such items were not included in the Third Preliminary Order. Further, the United States has argued that "Silver Peace rounds" such as those claimed by Petitioner are illegal contraband *per se* already finally forfeited without an ancillary proceeding pursuant to the Contraband Order in this case.

**WHEREAS**, based on the evidence, the Court has ruled in this case that coins minted after the warning by the United States Mint to the Liberty dollar organization and the Defendant on September 14, 2006, were counterfeit. *See* Memorandum and Order (Doc. 285).

**WHEREAS**, the Court has ruled in this case that "Items that are considered 'contraband' or 'counterfeit' under Section 492 are deemed illegal *per se* and automatically forfeited without having to satisfy the otherwise applicable forfeiture procedures." Memorandum and Order (Doc. 285) at Page 11, n. 10 (citing *Helton v. Hunt*, 330 F.3d 242, 247−48 (4th Cir. 2003)). The Court has further defined contraband in this case as properties in which "no person or entity other than the United States may have a property right or interest [ . . . . ]" Contraband Order at Page 2.

**IT IS THERFORE ORDERED:**

> 1. That the Petition of William A. Hinz is <u>granted in part</u>, with said portion to be granted consisting of two Silver Ron Paul Dollars. This portion is granted based on information known to the United States and Court and which satisfies 21 U.S.C. §

853(n)(6);

2. That the Petition of William A. Hinz is <u>denied in part</u>, said portion to be denied consisting of two Defense Silver Liberty coins, two Silver Peace Dollars, and one Liberty Supporter Kit because this the portion of the Petitioner's claim is for items that are not forfeited or for Peace Dollars minted in November of 2007, said coins have been determined to be contraband.  Therefore, pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), this portion of the Petition is dismissed for the reason that the Petition fails to state a claim upon which relief may be granted and fails to assert standing; and

3. Distribution of property by the United States to the Petitioners shall not occur until a Final Order of Forfeiture is entered by the Court.

**SO ORDERED.**

Signed: December 21, 2015

Richard L. Voorhees
United States District Judge