IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:09CR27-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| BERNARD VON NOTHAUS | ) |
| _____ | ) |

In re: PETITION OF MATTHEW PITAGORA

**ORDER GRANTING IN PART AND DISMISSING IN PART
PETITION OF MATTHEW PITAGORA**

**WHEREAS**, on November 10, 2014, the Court entered a Memorandum and Order (Doc. 270) affirming the jury's verdicts of guilty to Counts One, Two, and Three in the Superseding Bill of Indictment.

**WHEREAS**, on February 25, 2015, the Court entered the Amended (Third) Preliminary Order of Forfeiture (Doc. 297) forfeiting certain coins, metals, and other property to the United States.

**WHEREAS**, Petitioner Matthew Pitagora filed a Petition (Doc. 578) claiming ownership of 5 ounces of gold from warehouse receipts, a total of 381 13/20 ounces of silver from warehouse receipts, $18,000.00 in electronic Liberty Dollars equal to 900 ounces of silver, two thousand (2,000) $1 copper Peace Dollars, two hundred (200) silver Peace Dollars, and ten (10) $100 silver Liberty coins.

**WHEREAS**, Petitioner's claims for 5 ounces of gold from warehouse receipts, a total of 381 13/20 ounces of silver from warehouse receipts, and $18,000.00 in electronic Liberty Dollars equal to 900 ounces of silver are based on documentation and/or a plausible factual explanation that comports with the information known to the United States and that satisfies 21 U.S.C. §

1

853(n)(6), and the United States herein moves that the aforementioned portion be granted.

**WHEREAS**, Petitioner also claims two thousand (2,000) $1 copper Peace Dollars, two hundred (200) silver Peace Dollars, and ten (10) $100 silver Liberty coins, purchased in October of 2007, that the United States contends in its Motion were previously finally forfeited to the United States as contraband *per se*.

**WHEREAS**, based on the evidence, the Court has ruled in this case that coins minted after the warning by the United States Mint to the Liberty dollar organization and the Defendant on September 14, 2006, were counterfeit. *See* Memorandum and Order, at 7 (Doc. 270; Memorandum and Order (First Preliminary Order of Forfeiture) at 18 (Doc. 285).

**WHEREAS**, the Court has ruled in this case that "Items that are considered 'contraband' or 'counterfeit' under Section 492 are deemed illegal *per se* and automatically forfeited without having to satisfy the otherwise applicable forfeiture procedures." Memorandum and Order (First Preliminary Order of Forfeiture) at 11 n. 10 (Doc. 285) (citing *Helton v. Hunt*, 330 F.3d 242, 247−48 (4th Cir. 2003)). The Court has further defined contraband in this case as "properties that no person or entity other than the United States may have a property right or interest in them." Consent Order and Judgment of Forfeiture, Doc. 296.

**IT IS THERFORE ORDERED THAT:**

1. The Petition of Matthew Pitagora is <u>granted in part</u>, with said portion to be granted consisting of 5 ounces of gold from warehouse receipts, a total of 381 13/20 ounces of silver from warehouse receipts, and $18,000.00 in electronic Liberty Dollars equal to 900 ounces of silver from warehouse receipts. This portion is granted based on information known to the United States and the Court, and which satisfies 21 U.S.C. § 853(n)(6), and;

2. Petitioner is ordered to send the original warehouse receipts to the United States at the address:

    United States v. Bernard Von Nothaus
    Attn: Thomas R. Ascik
    Office of the United States Attorney
    100 Otis Street, Room 233
    Asheville, North Carolina 28801

3. The Petition of Matthew Pitagora is <u>dismissed in part</u>, said portion to be dismissed consisting of the claims for two thousand (2,000) $1 copper Peace Dollars, two hundred (200) silver Peace Dollars, and ten (10) $100 silver Liberty coins, because this the portion of the Petitioner's claim is for coins determined to be contraband *per se*. Therefore, pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), this portion of the Petition is dismissed for the reason that the Petition fails to state a claim upon which relief may be granted and Petitioner does not have standing.

4. Final disbursement by the United States shall be deferred until a comprehensive final order of forfeiture is entered in this case.

**SO ORDERED.**

Signed: December 21, 2015

Richard L. Voorhees
United States District Judge