IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:09CR27-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| BERNARD VON NOTHAUS | ) |
| | ) |
| In Re: PETITION OF NORMA GREEN | ) |

**ORDER GRANTING IN PART AND DENYING IN PART
PETITION OF NORMA GREEN**

**WHEREAS**, on November 10, 2014, the Court entered a Memorandum and Order (Doc. 270) affirming the jury's verdicts of guilty to Counts One, Two, and Three in the Superseding Bill of Indictment.

**WHEREAS**, on February 25, 2015, the Court entered the Amended (Third) Preliminary Order of Forfeiture (Doc. 297; "Third Preliminary Order") forfeiting certain coins, metals, and other property to the United States. The Court also issued a Consent Order for Final Disposal and Final Forfeiture of Contraband (Doc. 296; "Contraband Order") finally forfeiting contraband without an ancillary proceeding.

**WHEREAS**, Norma Green has filed a petition (Doc. 376) claiming ownership of property that backs various warehouse receipts in different denominations and $20 in electronic Liberty Dollars, as well as $50 in "Gold Liberty Coins" and a "Screw Top Mounting" ordered in 2007.

**WHEREAS**, the United States advises that, as for the warehouse receipts and electronic Liberty Dollars, Petitioner Green has submitted copies of warehouse receipts. Further, the Government has obtained documentation that suggests that Petitioner Green held electronic

Liberty Dollars. Therefore, the United States contends that the Petition as to the warehouse receipts and electronic Liberty Dollars should be granted, subject to return of the warehouse receipts and issuance of a final order and judgment at the conclusion of these proceedings. Therefore, the Petition for the warehouse receipts and $20 in electronic Liberty Dollars should be granted on the basis of documentation and/or a plausible factual explanation that comports with the information known to the United States and the Court and that satisfies 21 U.S.C. § 853(n)(6).

**WHEREAS**, Petitioner also claims "Gold Liberty Coins" and a "Screw Top Mounting."

**WHEREAS**, the United States has represented in its Motion that it does not have a "Screw Top Mounting and such item was not included in the Third Preliminary Order. Further, the United States has argued that "Gold Liberty Coins" such as those claimed by Petitioner are illegal contraband *per se* already finally forfeited without an ancillary proceeding pursuant to the Contraband Order in this case.

**WHEREAS**, based on the evidence, the Court has ruled in this case that coins minted after the warning by the United States Mint to the Liberty dollar organization and the Defendant on September 14, 2006, were counterfeit. *See* Memorandum and Order (Doc. 285).

**WHEREAS**, the Court has ruled in this case that "Items that are considered 'contraband' or 'counterfeit' under Section 492 are deemed illegal *per se* and automatically forfeited without having to satisfy the otherwise applicable forfeiture procedures." Memorandum and Order (Doc. 285) at Page 11 (citing *Helton v. Hunt*, 330 F.3d 242, 247-48 (4th Cir. 2003) at n. 10). The Court has further defined contraband in this case as properties in which "no person or entity other than the United States may have a property right or interest [ . . . . ]" Contraband Order at Page 2.

**IT IS THERFORE ORDERED:**

1. That the Petition of Norma Green is <u>granted in part</u>, with said portion to be granted consisting of two warehouse receipts and $20 in electronic Liberty Dollars. This portion is granted based on information known to the United States and Court and which satisfies 21 U.S.C. § 853(n)(6);

2. That the Petition of Norma Green is <u>denied in part</u>, said portion to be denied consisting of a "Screw Top Mounting" and "Gold Liberty Coins" because this portion of the Petitioner's claim is for items that are not forfeited or for Liberty coins ordered in late October 2007, said coins determined to be contraband. Therefore, pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), this portion of the Petition is dismissed for the reason that the Petition fails to state a claim upon which relief may be granted and fails to assert standing;

3. The Petitioner is ordered to send the original warehouse receipts to the United States at the address as follows:

    United States v. Bernard Von Nothaus
    Attn: Thomas R. Ascik
    Office of the United States Attorney
    100 Otis Street, Room 233
    Asheville, North Carolina 28801

4. Distribution of property by the United States to the Petitioner shall not occur until a Final Order of Forfeiture is entered by the Court.

**SO ORDERED.**

Signed: January 25, 2016

Richard L. Voorhees
United States District Judge