IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:09CR27

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| BERNARD VON NOTHAUS | ) |
| _____ | ) |
| | ) |
| PETITION OF VERNON L. ROBINSON | |

**ORDER GRANTING IN PART, DENYING IN PART, AND STRIKING IN PART PETITION OF VERNON L. ROBINSON, AND AUTHORIZING DISCOVERY**

**WHEREAS**, on November 10, 2014, the Court entered a Memorandum and Order (Doc. 270) affirming the jury's verdicts of guilty to Counts One, Two, and Three in the Superseding Bill of Indictment.

**WHEREAS**, on February 25, 2015, the Court entered the Amended (Third) Preliminary Order of Forfeiture (Doc. 297; "Third Preliminary Order") forfeiting certain coins, metals, and other property to the United States. The Court also issued a Consent Order for Final Disposal and Final Forfeiture of Contraband (Doc. 296; "Contraband Order") finally forfeiting contraband without an ancillary proceeding.

**WHEREAS**, Petitioner Robinson has filed a Petition both in his individual capacity and as "fiduciary on behalf of the CEO Fund[,]" a "non-profit corporation." Doc. 468 at Pages 1-2. On behalf of himself, Petitioner claims eLiberty dollars, property backing warehouse receipts, a 100% interest in a "metal striking die for the North Carolina state 'Silver Liberty' medallion" and 506 ounces of silver which Petitioner states that he owes to "one William J. Lawson of Cary, North Carolina, having contracted to sell the same to him just prior to the government's seizure of those dollars, and which sale [Petitioner has] been unable to consummate from that time

forward." *Id.* at Page 1, ¶ 5. On behalf of the corporation, Petitioner claims two accounts of eLiberty Dollars.

**WHEREAS**, the United States contends that the Petition should be granted to the extent that Petitioner claims 37,050.27 in electronic Liberty Dollars equal to 1852.5135 ounces of silver and three warehouse receipts on behalf of himself because the claim comports with the information known to the United States and the Court and that satisfies 21 U.S.C. § 853(n)(6). Therefore, such items are <u>granted</u>.

**WHEREAS**, the United States contends that (1) the Petition should be dismissed to the extent that Petitioner does not assert ownership in the "506 additional ounces of silver"; (2) discovery should be authorized on the claim to the 100% interest in the die; and (3) the Petition should be stricken to the extent that Petitioner claims an interest in two eLiberty Dollars accounts on behalf of CEO Fund, a corporation unrepresented by counsel.

**WHEREAS**, as to the Petition for the 506 ounces of silver, Federal Rule of Criminal Procedure 32.2(c)(1)(A) provides that "[i]n the ancillary proceeding, the court may, on motion, dismiss [a] petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). "This procedure is treated like a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) . . . . Dismissal of a claim is appropriate only where 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' . . . In ruling on a motion to dismiss, [the court] construes all well-pleaded allegations of the petition as true and draw[s] all reasonable inferences in favor of the plaintiff . . . ." *United States v. Grossman*, 501 F.3d 846, 848 (7th Cir. 2007).

**WHEREAS** courts have dismissed petitions for lack of standing because petitioners did not have legal interests in the forfeited property. "[T]he touchstone for standing is the possession of a legal interest in the forfeited property." *United States v. Oregon*, 671 F.3d 484, 490 (4th Cir. 2012); *see also United States v. Hailey*, 924 F. Supp. 2d 648, 656 (D. Md. 2013) (petition failed as a matter of law because car was purchased with criminal proceeds and, therefore, title passed to the government upon purchase); *United States v. Negron-Torres*, 876 F. Supp. 2d 1301, 1305 (M.D. Fla. 2012) (unsecured creditor does not have sufficient legal interest in the forfeited property and, therefore, does not have standing); *United States v. Burge*, 829 F. Supp. 2d 664, 668-69 (C.D. Ill. 2011) (wife did not have a marital interest in the forfeited property and, therefore, failed to state a claim upon which relief may be granted); *United States v. Perkins*, 382 F. Supp. 2d 146, 149-50 (D. Me. 2005) (petitioner failed "to allege a legal interest superior to that of the Government" and, therefore, did not have standing); *United States v Jones*, 2005 WL 1806406, at *3 (W.D.N.C. July 27, 2005) (petitioner did not have "a legal claim sufficient to intervene in the forfeiture of the specific property at issue").

**WHEREAS** the United States contends, and the Court agrees, that Petitioner's vague contention that a purported contract for sale serves as a basis for his request for 506 ounces does not pass muster under the dismissal standards. First, Petitioner does not actually allege that he owned the 506 ounces before he purportedly contracted to sell them. Second, Petitioner does not explain how a contract for sale equates to an ownership interest. Third, Petitioner does not explain whether the contract is even still pending, whether the buyer still wishes to consummate the contract, or whether Petitioner purports to act on behalf of the buyer. Fourth, Petitioner does not elaborate on whether the prospective buyer or Petitioner paid for the 506 ounces and did not get that for which they bargained. Finally, Petitioner does not elaborate on whether, if his claim

for the 506 ounces is granted, the ounces should be paid to him or the buyer.[1]  Thus, on their face, Petitioner's vague statements about the contract are insufficient to establish standing or survive dismissal.  *See, e.g.,* 21 U.S.C. § 853(n)(3) (requiring petition to "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim, and the relief sought.").  Therefore, the claim for 506 ounces will be dismissed.

**WHEREAS**, as to the Petition for the die, when "necessary or desirable," discovery can be ordered in the ancillary proceeding.  Specifically, Fed. R. Crim. P. 32.2(c)(1)(B) provides:

> After disposing of any motion filed under Rule 32.2(c)(1)(A) [i.e. motion to dismiss] and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues.  When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56.

*See United States v. Bailey*, 2011 WL 2414231 (W.D.N.C. 2001) (discovery ordered under Rule 32.2(c)(1)(B)); *United States v. Washington*, 2013 WL 3762906 (D.S.C. 2013) (Rule 32.2 (c)(1)(B) utilized in ancillary proceeding).

**WHEREAS** the United States contends that, here, since at least one North Carolina die is subject to forfeiture herein, the United States has not moved to dismiss as to the petition for the die, but the United States does need the production of documents and more information in order to evaluate the Petition.  Particularly, the United States needs to clarify, amongst other things, exactly which die Petitioner claims, the nature of his 50% investment or interest, and how he

---

[1] The purported buyer of the 506 ounces of silver referenced in Petitioner Vernon L. Robinson's Third-Party Petition, William Lawson, has submitted a Third-Party Petition with reference to the same property alleging that he paid Mr. Robinson $10,000 for the subject 506 ounce of silver and that he, in fact, holds a legal interest in the forfeited property. (*See* Doc. 709).

contends that he now has a 100% interest simply by virtue of the purported move of the die's co-owner, Kevin Innes, to Canada.

**WHEREAS**, the United States advises that, while reserving its right to later ask for depositions under Fed. R. Civ. P. 30, the United States does not think that depositions are necessary at this time. Instead, the United States herein moves the Court to issue an Order for Limited Discovery providing for ten (10) interrogatories by the United States and by Petitioner under Fed. R. Civ. P. 33 and ten (10) requests for production of documents by the United States and Petitioner under Fed. R. Civ. P. 34. The request for discovery is well-taken and the United States' motion for such discovery will be <u>granted</u>.

**WHEREAS**, as to the *pro se* Petition on behalf of the CEO Fund, "[i]t is well-settled that an LLC may appear in federal court only through a licensed attorney. A non-attorney corporate officer appearing *pro se* may not represent the corporate entity." *United States v. Bailey*, No. 1:11CR10, Order at Doc. 242 (W.D.N.C. July 28, 2011) (ordering that, unless licensed attorney made appearance on behalf of LLC, *pro se* LLC claim would be stricken from record), *citing*, *Gilley v. Shoffner*, 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004); *Microsoft Corp. v. Computer Serv. & Repair, Inc.*, 312 F. Supp. 2d 779, 780 (E.D.N.C. 2004).

**WHEREAS** the United States advises that, since CEO Fund, a corporation, is not represented by counsel, the portion of the *pro se* Petition claiming an interest on behalf of CEO Fund should be stricken. Thus, so the United States contends, the Petition for the eLiberty Dollars purportedly held on behalf of CEO Fund should be stricken unless and until CEO Fund is represented by counsel in this matter. The Court agrees.

**IT IS THERFORE ORDERED:**

1. That the Petition of Vernon Roberson in his individual capacity is <u>granted in part</u>, with said portion to be granted consisting of 37,050.27 in electronic Liberty Dollars equal to 1852.5135 ounces of silver and three warehouse receipts. This portion is granted based on information known to the United States and Court and which satisfies 21 U.S.C. § 853(n)(6), and;

2. That the Petition of Vernon Roberson is <u>dismissed</u> to the extent that Petitioner does not assert ownership in the "506 additional ounces of silver" sufficient to establish standing or assert a legal interest. Therefore, pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), this portion of the Petition is dismissed for the reason that the Petition fails to state a claim upon which relief may be granted and fails to assert standing. Petitioner is granted thirty days to file an amended petition as to this particular claim on the 506 ounces of silver and, if he does not do so, dismissal shall be with prejudice.

3. That discovery sought by the United States is authorized, and its motion to that effect <u>granted</u>, and the parties, the United States and Vernon Robinson, are authorized to conduct discovery limited to the issue of the die identified in the Petition, to the extent that each party may (1) propose ten interrogatories to the other party under Fed. R. Civ. P. 33 and (2) make ten requests for production of documents to the other party under Fed. R. Civ. P. 34;

4. That the Petition is <u>dismissed</u> to the extent that Vernon Roberson has filed a *pro se* Petition on behalf of CEO Fund. CEO Fund is granted sixty days to retain counsel and file a Petition via counsel. If it does not do so, dismissal shall be with prejudice.

**IT IS FURTHER ORDERED THAT:**

1. The Petitioner is ordered to send the original warehouse receipts to the United States at the address as follows:

> United States v. Bernard Von Nothaus
> Attn: Thomas R. Ascik
> Office of the United States Attorney
> 100 Otis Street, Room 233
> Asheville, North Carolina 28801

2. Distribution of property by the United States to the Petitioner shall not occur until a Final Order of Forfeiture is entered by the Court.

**SO ORDERED**.

Signed: January 25, 2016

Richard L. Voorhees
United States District Judge