IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:09CR27-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| BERNARD VON NOTHAUS | ) |
| | ) |

In Re: PETITION OF ANDREW FREDERICK SOLYOM

**ORDER GRANTING IN PART AND DISMISSING IN PART
PETITION OF ANDREW FREDERICK SOLYOM**

**WHEREAS**, on November 10, 2014, the Court entered a Memorandum and Order (Doc. 270) affirming the jury's verdicts of guilty to Counts One, Two, and Three in the Superseding Bill of Indictment.

**WHEREAS**, on February 25, 2015, the Court entered the Amended (Third) Preliminary Order of Forfeiture (Doc. 297) forfeiting certain coins, metals, and other property to the United States.

**WHEREAS**, Andrew Frederick Solyom filed a petition (Doc. 301) claiming ownership of two (2) one ounce $1,000 defense gold Liberty coins, two (2) one ounce $20 silver Liberty coins, and ten (10) $1 copper Ron Paul Liberty Dollar coins.

**WHEREAS**, Petitioner's claims for ten (10) $1 copper Ron Paul Liberty Dollar coins are based on documentation and/or a plausible factual explanation that comports with the information known to the United States and the Court, and that satisfies 21 U.S.C. § 853(n)(6), and the United States moves that the aforementioned portion be granted.

**WHEREAS**, Petitioner also claims two (2) one ounce $20 silver Liberty coins, purchased in November of 2007, which the United States contends is property previously finally

1

forfeited to the United States as contraband *per se*.

**WHEREAS**, based on the evidence, the Court has ruled in this case that coins minted after the warning by the United States Mint to the Liberty dollar organization and the Defendant on September 14, 2006, were counterfeit. *See* Memorandum and Order, at 7 (Doc. 270; Memorandum and Order (First Preliminary Order of Forfeiture) at 18 (Doc. 285).

**WHEREAS**, the Court has ruled in this case that "Items that are considered 'contraband' or 'counterfeit' under Section 492 are deemed illegal *per se* and automatically forfeited without having to satisfy the otherwise applicable forfeiture procedures." Memorandum and Order (First Preliminary Order of Forfeiture) at 11 (Doc. 285) (citing *Helton v. Hunt*, 330 F.3d 242, 247□48 (4th Cir. 2003) at n. 10). The Court has further defined contraband in this case as "properties that no person or entity other than the United States may have a property right or interest in them." Consent Order and Judgment of Forfeiture, Doc. 296.

**WHEREAS**, the Petitioner also claims two (2) one ounce $1,000 defense gold Liberty coins, which the United States has represented in its Motion that it does not have and such item was not included in the Third Preliminary Order.

**IT IS THERFORE ORDERED:**

1. The Petition of Andrew Frederick Solyom is <u>granted in part</u>, with said portion to be granted consisting of ten (10) $1 copper Ron Paul Liberty Dollar coins. This portion is granted based on information known to the United States and Court, and which satisfies 21 U.S.C. § 853(n)(6), and;

2. The Petition of Andrew Frederick Solyom is <u>denied in part</u>, said portion to be denied consisting of the claim for two (2) one ounce $20 silver Liberty coins bearing the "Liberty" marking minted in November of 2007. Said coins have been determined to be contraband, and therefore this portion of the claim, pursuant to Fed. R. Crim. P.

32.2(c)(1)(A) is dismissed for the reason that the Petition fails to state a claim upon which relief may be granted and Petitioner does not have standing, and;

3. The Petition of Andrew Frederick Solyom is <u>denied in part</u>, said portion to be denied consisting of the claim for two (2) one ounce $1,000 defense gold Liberty coins. This portion of the Petitioner's claim is for items that were not forfeited to the United States, and therefore, pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), this portion of the Petition is dismissed for the reason that the Petitioner fails to state a claim upon which relief may be granted and fails to assert standing.

4. Final disbursement by the United States shall be deferred until a comprehensive Final Order of Forfeiture is entered in this case.

**SO ORDERED.**

Signed: January 25, 2016

Richard L. Voorhees
United States District Judge