IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:09CR27-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| BERNARD VON NOTHAUS | ) |
| _____ | ) |

In re: PETITION OF DAVID L. GILLIE

**ORDER GRANTING IN PART AND DISMISSING IN PART
PETITION OF DAVID L. GILLIE**

**WHEREAS**, on November 10, 2014, the Court entered a Memorandum and Order (Doc. 270) affirming the jury's verdicts of guilty to Counts One, Two, and Three in the Superseding Bill of Indictment.

**WHEREAS**, on February 25, 2015, the Court entered the Amended (Third) Preliminary Order of Forfeiture (Doc. 297) forfeiting certain coins, metals, and other property to the United States.

**WHEREAS**, Petitioner David L. Gillie filed a Petition (Doc. 499) claiming ownership of five hundred (500) 1/2 ounce silver Peace coins, fifty (50) one ounce silver Chiropractic coins, four thousand (4,000) $1 copper Liberty coins, thirty (30) gold Liberty coins of 1/20th ounce, one hundred (100) one ounce silver Liberty coins, two thousand (2,000) copper Ron Paul coins, two (2) ounces of Ron Paul gold coins, and one hundred (100) ounces of silver in electronic Liberty Dollars.

**WHEREAS**, Petitioner claims for fifty (50) one ounce silver Chiropractic coins, two thousand (2,000) copper Ron Paul coins, two (2) ounces of Ron Paul gold coins, and one hundred (100) ounces of silver in electronic Liberty Dollars are based on documentation and/or a

1

plausible factual explanation that comports with the information known to the United States and that satisfies 21 U.S.C. § 853(n)(6), and the United States herein moves that the aforementioned portion be granted.

**WHEREAS**, Petitioner also claims five hundred (500) 1/2 ounce silver Peace coins, four thousand (4,000) $1 copper Liberty coins, thirty (30) gold Liberty coins of 1/20th ounce, and one hundred (100) one ounce silver Liberty coins, purchased in October and November of 2007, that the United States contends in its Motion was previously finally forfeited to the United States as contraband *per se*.

**WHEREAS**, based on the evidence, the Court has ruled in this case that coins minted after the warning by the United States Mint to the Liberty dollar organization and the Defendant on September 14, 2006 were counterfeit. *See* Memorandum and Order, at 7 (Doc. 270; Memorandum and Order (First Preliminary Order of Forfeiture) at 18 (Doc. 285).

**WHEREAS**, the Court has ruled in this case that "Items that are considered 'contraband' or 'counterfeit' under Section 492 are deemed illegal *per se* and automatically forfeited without having to satisfy the otherwise applicable forfeiture procedures." Memorandum and Order (First Preliminary Order of Forfeiture) at 11 n. 10 (Doc. 285) (citing *Helton v. Hunt*, 330 F.3d 242, 247−48 (4th Cir. 2003)). The Court has further defined contraband in this case as "properties that no person or entity other than the United States may have a property right or interest in them." Consent Order and Judgment of Forfeiture, Doc. 296.

**IT IS THEREFORE ORDERED:**

    1. That the Petition of David L. Gillie is granted in part, with said portion to be granted consisting of fifty (50) one ounce silver Chiropractic coins, two thousand (2,000) copper Ron Paul coins, two (2) ounces of Ron Paul gold coins, and one hundred (100) ounces of silver in electronic Liberty Dollars. This portion is granted

based on information known to the United States and Court, and which satisfies 21 U.S.C. § 853(n)(6), and;

2. That the Petition of David L. Gillie is <u>denied in part</u>, said portion to be denied consisting of five hundred (500) 1/2 ounce silver Peace coins, four thousand (4,000) $1 copper Liberty coins, thirty (30) gold Liberty coins of $1/20^{th}$ ounce, and one hundred (100) one ounce silver Liberty coins, purchased in October and November of 2007. Said coins have been determined to be contraband, and therefore, pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), this portion of the Petition is dismissed for the reason that the Petition fails to state a claim upon which relief may be granted and Petitioner does not have standing.

3. Final disbursement by the United States shall be deferred until a comprehensive final order of forfeiture is entered in this case.

**SO ORDERED.**

Signed: January 25, 2016

Richard L. Voorhees
United States District Judge