# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:09-CR-00027-RLV-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| BERNARD VON NOTHAUS, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| IN RE: PETITION OF MARK ANTIN | ) |

**THIS MATTER IS BEFORE THE COURT** on the Petition and Amended Claim of Mark Antin (Doc. Nos. 692 & 697), which claims ownership of property subject to forfeiture by the Amended (Third) Preliminary Order of Forfeiture. The Government has moved to grant-in-part and dismiss-in-part Petitioner's claims. Based on the following, this Court **GRANTS** the Government's motion and hereby **GRANTS-IN-PART** and **DISMISSES-IN-PART** Mr. Antin's Petition and Amended Claim. [Doc. No. 692 & 697]. In support of this Order, the Court **FINDS AS FOLLOWS:**

**WHEREAS**, on November 10, 2014, the Court entered a Memorandum and Order (Doc. No. 270) affirming the jury's verdicts of guilty to Counts One, Two, and Three in the Superseding Bill of Indictment;

**WHEREAS**, on February 25, 2015, the Court entered the Amended (Third) Preliminary Order of Forfeiture (Doc. No. 297) forfeiting certain coins, metals, and other property to the United States;

**WHEREAS**, Petitioner Mark Antin has filed a Petition and Amended Claim seeking

"perhaps a cheap fractional ounce silver token – not a full ounce, or for 2 or 3 copper $1.00 ounce tokens" purchased by him in 2007. The United States takes the Petitioner's claim for a 2007 "silver token" to be a claim for a 2007 Liberty Dollar. He submitted no documentation supporting his Petition;

**WHEREAS**, other information available to the United States shows that the Petitioner purchased in 2007: two Ron Paul silver Liberty dollars, one Ron Paul copper dollar, and a value in warehouse receipts of 1.8 ounces of silver;

**WHEREAS**, the United States has filed a Motion to Grant-In-Part and Dismiss-In-Part the Petition and Amended Claim of Mark Antin. The United States has argued that some of the property he is seeking (i.e., any 2007 "Liberty Dollar") is illegal contraband. The United States argues, however, that the Petition and Amended Claim should be granted to the extent they seek: two Ron Paul silver Liberty dollars; one Ron Paul copper dollar; and 1.8 ounces of silver based on warehouse receipts;

**WHEREAS**, based on the evidence, the Court has ruled in this case that coins minted after the warning by the United States Mint to the Liberty dollar organization and the Defendant on September 14, 2006, are counterfeit, and therefore, contraband. *See* [Doc. No. 285] at p. 18.

**WHEREAS**, the Court has ruled in this case that "Items that are considered 'contraband ' or 'counterfeit' under Section 492 are deemed illegal *per se* and automatically forfeited without having to satisfy the otherwise applicable forfeiture procedures." [Doc. No. 285] at p. 11 n.10 (citing *Helton v. Hunt*, 330 F.3d 242, 247-48 (4th Cir. 2003)). The Court has further defined contraband in this case as "properties [in which] no person or entity other than the United States may have a property right or interest . . . ." *See* [Doc. No. 296] at pp. 2-3.

**NOW, THEREFORE**, because the Petitioner's claim concerns, in part, coins that are contraband, it must be **DENIED** and **DISMISSED-IN-PART** as to any such claim. The Petitioner's claim for two Ron Paul silver Liberty dollars; one Ron Paul copper dollar; and 1.8

ounces of silver based on warehouse receipts is, however, **GRANTED**. Accordingly, pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), the Petition and Amended Claim of Mark Antin are **GRANTED-IN-PART** and **DISMISSED-IN-PART**. The Government's motion (Doc. No. 762), is hereby **GRANTED**.

**ACCORDINGLY**, the Petitioner is hereby **ORDERED** to send any original warehouse receipts to the United States at the address:

> United States v. Bernard Von Nothaus
> Attn: Thomas R. Ascik
> Office of the United States Attorney
> 100 Otis Street, Room 233
> Asheville, North Carolina 28801

Distribution of property by the United States to the Petitioner shall not occur until a Final Order of Forfeiture is entered by the Court.

**SO ORDERED**.

Signed: August 2, 2016

Richard L. Voorhees
United States District Judge