IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:09-CR-00027-RLV-DCK

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BERNARD VON NOTHAUS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| IN RE: PETITION OF JEFFREY MAEHR | ) | |

**THIS MATTER IS BEFORE THE COURT** on the Petition of Jeffrey Maehr (Doc. Nos. 335 & 694), claiming six and three-tenths (6 and 3/10) ounces of silver, as well as "full restitution" and "compensatory and punitive damages." The Petition also raises several claims that are frivolous in nature and which he has no standing to assert. The Government has moved to grant-in-part and dismiss-in-part Petitioner's claims. [Doc. Nos. 681, 701, & 730]. Based on the following, this Court **GRANTS** the Government's motions and hereby **GRANTS-IN-PART** and **DISMISSES-IN-PART** Mr. Maehr's Petition. In support of this Order, the Court **FINDS AS FOLLOWS:**

**WHEREAS**, on November 10, 2014, the Court entered a Memorandum and Order (Doc. No. 270) affirming the jury's verdicts of guilty to Counts One, Two, and Three in the Superseding Bill of Indictment;

**WHEREAS**, on February 25, 2015, the Court entered the Amended (Third) Preliminary Order of Forfeiture (Doc. No. 297) forfeiting certain coins, metals, and other property to the United States;

**WHEREAS**, Petitioner Jeffrey T. Maehr has filed a Petition (Doc. Nos. 335 & 694) claiming six and three-tenths (6 and 3/10) ounces of silver based on warehouse receipts and the United States has stated that it does not oppose that part of his Petition;

**WHEREAS**, the Petitioner has also claimed "full restitution" and "compensatory and punitive damages," (Doc. Nos. 335 & 694), and the United States has moved to dismiss that part of his Petition;

**WHEREAS**, the Court hereby **FINDS** that:

1. The Petitioner has standing in the ancillary proceeding under Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n) to litigate his interests pursuant to the Amended (Third) Preliminary Order of Forfeiture;

2. The Petitioner does not have standing to challenge the jury's conviction of and Judgment against Defendant Bernard von NotHaus and the Amended (Third Preliminary Order of Forfeiture entered pursuant to that Judgment;

3. The term "United States" means the United States of America as identified in the United States Constitution;

4. The standing of the United States attorney for the Western District of North Carolina to prosecute this criminal case is provided by the statute at 28 U.S.C. § 547(1), wherein it is stated that, "[e]xcept as otherwise provided by law, each United States attorney, within his district, shall -- (1) prosecute for all offenses against the United States." The office of a United States attorney, including the United States Attorney for the Western District of North Carolina, is provided by the statute at 28 U.S.C. § 541(a), wherein it is stated that "[t]he President shall appoint, by and with the advice and consent of the Senate, a United States attorney for each judicial

district." The United States Department of Justice itself is established by 28 U.S.C. § 5-1 as "an executive department of the United States;"

5. The United States Attorney for the Western District of North Carolina attorney has standing to prosecute this case under 18 U.S.C. §§ 485 and 486, which are "offenses against the United States;"

6. The jurisdiction of the Court to hear this criminal case is provided by 18 U.S.C. § 3231, which gives the Court subject-matter jurisdiction over "all offenses against the laws of the United States."

7. Forfeiture jurisdiction and the legal authority to forfeit property is provided by 18 U.S.C. §§ 492 and 982;

8. Jurisdiction over the ancillary proceeding is provided by Fed. R. Crim. P. 32.2(c)(1)(A) and, 21 U.S.C. § 853(n);

9. The Petitioner has not brought forth any evidence to prove his allegation that the United States Attorney for the Western District of North Carolina acted unlawfully or maliciously under color of law;

10. The convictions of the Defendant in this case concerned wrongs to the public welfare of the United States;

11. The authority of the United States Congress to enact the two criminal statutes, 18 U.S.C. §§ 485 and 486, was constitutionally and lawfully derived from Article I, Section 8 of the United States Constitution, which empowers Congress to, *inter alia*, "coin Money, regulate the Value thereof, and of foreign coin, and fix the Standard of Weights and Measures;"

12. The Petitioner, who was not a defendant named in the Indictment, and who was not a party in the criminal trial of this case, had no standing to intervene in the conduct of the criminal trial. 21 U.S.C. § 853(k);

13. The Petitioner's claim for damages and restitution is denied because it is not a legal interest provided by 21 U.S.C. § 853(n)(6), and, therefore, the Petitioner has not stated a claim upon which relief can be granted and does not have standing to adjudicate that part of his Petition. Fed. R. Crim. P. 32.2(c)(1)(A); *United States v. Grossman*, 501 F.3d. 846, 848 (7th Cir. 2007)

**NOW**, **THEREFORE**, based on the Findings of the Court, and pursuant to Fed. R. Crim. P. 32.2(c)(1)(A) and 21 U.S.C. § 853(n), the Court denies the Petitioner's claim for any and all damages and restitution;

**NOW**, **THEREFORE**, pursuant to Fed. R. Crim. P. 32.2(c)(1)(A) and 21 U.S.C. § 853(n)(6), the Court grants the Petitioner's claim for six and three-tenths (6 and 3/10) ounces of silver;

**ACCORDINGLY**, the Petitioner is hereby **ORDERED** to send the original warehouse receipts to the United States at the address:

United States v. Bernard Von Nothaus
Attn: Thomas R. Ascik
Office of the United States Attorney
100 Otis Street, Room 233
Asheville, North Carolina 28801

Distribution of property by the United States to the Petitioner shall not occur until a Final Order of Forfeiture is entered by the Court.

SO ORDERED.

Signed: August 2, 2016

Richard L. Voorhees
United States District Judge