IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:09-CR-00027-RLV-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BERNARD VON NOTHAUS, | ) | |
| Defendant. | ) | |
| | ) | |
| IN RE: PETITION OF CLAYTON RICHARDSON | ) | |

**THIS MATTER IS BEFORE THE COURT** on the Petition of Clayton Richardson (Doc. No. 372). The Government has moved to dismiss Petitioner's claims for failure to abide by a Court order for discovery. [Doc. No. 763]. Based on the following, this Court **GRANTS** the Government's motion and hereby **DISMISSES** Mr. Richardson's Petition.

**I.   BACKGROUND**

On March 30, 2015, Clayton Richardson filed a Petition for 1,108.5 ounces of silver. [Doc. No. 372]. On August 14, 2016, the United States moved the Court for an Order allowing limited discovery concerning this Petition. [Doc. No. 637]. On August 19, 2015, the Court entered an Order Authorizing Limited Discovery in which the Court authorized the United States and the Petitioner to submit ten (10) interrogatories and ten (10) requests for production to the other party. [Doc. No. 651]. On September 9, 2015, the United States sent First Interrogatories and First Request for Production, with copies of the Court's Order, to the Petitioner. *See* [Doc. No. 763-1]. The Petitioner never returned his responses to the United States. *See* [Doc. No. 763] at pp. 1-2.

On December 10, 2015, the United States mailed a letter to the Petitioner in which the United States asked for immediate response to the previously submitted Interrogatories and Requests for Production. *See* [Doc. No. 763-2]. The Petitioner has not replied and has still not returned his responses to the United States. *See* [Doc. No. 763] at p. 2.

## II. DISCUSSION

In criminal forfeiture, the Federal Rules of Civil Procedure apply, to an extent, in the adjudication of third-party interests. *See* Fed. R. Crim. 32.2(b)(6), (b)(7), and (c)(1)(B); 21 U.S.C. § 853(n)(6). In particular, discovery may be conducted in accordance with the Rules of Civil Procedure. *See* Fed. R. Crim. Pro. 32.2(c)(1)(B). Additionally, under Rule 32.2(c)(1)(A), the Court may dismiss a petition for "any lawful reason."

Rule 37(b) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following: . . . (iii) striking pleadings in whole or in part[.] . . .

Fed. R. Civ. Pro. 37(b)(2)(A). The Court has broad discretion to impose sanctions on a party who fails to comply with its discovery orders. *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995).

Here, the Court finds that the Petitioner has failed to comply with its August 19, 2015 discovery Order. The Court is satisfied that this failure warrants dismissal of the Petition. [Doc. No. 372]. Accordingly, it is, therefore, **ORDERED** that the Petition of Clayton Richardson is hereby **DISMISSED** and the United States' Motion (Doc. No. 763) is **GRANTED**.

**SO ORDERED**.

Signed: August 2, 2016

Richard L. Voorhees
United States District Judge