# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:09-CR-00027-RLV-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>)<br>) |
| v. | ) **ORDER** |
| BERNARD VON NOTHAUS, | )<br>)<br>)<br>) |
| Defendant. | )<br>)<br>) |
| IN RE: PETITION OF DANIEL R. BUCZEK | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on the Petition and Declaration of Daniel R. Buczek (Doc. Nos. 477 & 710). The Government has moved to dismiss Petitioner's claims for failure to state a claim and for failure to abide by a Court order for discovery. [Doc. Nos. 765 & 786]. Based on the following, this Court **GRANTS** the Government's motion and hereby **DISMISSES** Mr. Buczek's Petition.

## I. BACKGROUND

With its entry of the Third (Amended) Preliminary Order of Forfeiture on February 25, 2015 (Doc. No. 296), this Court convened "ancillary proceedings" whereby third parties are provided the opportunity to claim ownership of any of the assets preliminarily forfeited. Fed. R. Crim. P. 32.2(c); 21 U.S.C. § 853(n).

On April 4, 2015, Petitoner Daniel C. Buczek filed a Petition claiming ownership of a large amount of coins and metals: 50 copper, 30 silver, and 10 gold, all 1-ounce, Ron Paul coins; 500 "2007 liberties;" one silver bar; and an unstated number of warehouse receipts. He stated that "I paid cash and by money order for these items per request [of Liberty Dollar] agent during the year

-1-

of 2007 (sometime in late summer)." He did not state that he purchased these items from the defendant Bernard von NotHaus, but from "an agent of Bernard von NotHaus, Karl Reile[,] who is now deceased." Stating that he "misplaced, lost, or discarded receipts of these items," Petitioner supplied no documentation and no warehouse receipts in support of his Petition. *See* [Doc. No. 477].

On August 14, 2015, the United States filed a motion for limited discovery, and on August 28, 2015, the Court entered an Order Authorizing Limited Discovery. *See* [Doc. Nos. 635 & 649]. On September 9, 2015, the United States served a set of Interrogatories and Requests for Production by mail on the Petitioner. *See* [Doc. No. 786-1]. On November 16, 2015, the Petitioner filed a declaration – construed as an addendum to his Petition or an additional Petition. *See* [Doc. No. 710]. In that filing, Petitioner presented no new information supplementing his original Petition, and he included no responses to the specific questions and requests in the United States' Interrogatories and Requests for Production.

On January 29, 2016, the United States filed a Motion to Strike and Dismiss the Petition, in which the United States argued that Mr. Buczek had not responded to the specific questions and requests in the United States' Interrogatories and Requests for Production, and in which the United States referred to the Court's prior Order to the effect that all Liberty coins minted after the United States Mint's September 14, 2006 warning were counterfeit. [Doc. No. 765]. On February 22, 2016, Petitioner filed an Objection to the United States' Motion, in which he made several arguments against dismissal. [Doc. No. 771]. The United States responded to each of Petitioner's objections in turn, and renewed its request to dismiss the Petition.

## II. DISCUSSION

In criminal forfeiture, the Federal Rules of Civil Procedure apply, to an extent, in the adjudication of third-party interests. *See* Fed. R. Crim. 32.2(b)(6), (b)(7), and (c)(1)(B); 21 U.S.C. § 853(n)(6). In particular, discovery may be conducted in accordance with the Rules of Civil Procedure. *See* Fed. R. Crim. Pro. 32.2(c)(1)(B). Additionally, under Rule 32.2(c)(1)(A), the Court may dismiss a petition for "any lawful reason."

Rule 37(b) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following: . . . (iii) striking pleadings in whole or in part[.] . . .

Fed. R. Civ. Pro. 37(b)(2)(A). The Court has broad discretion to impose sanctions on a party who fails to comply with its discovery orders. *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995).

Here, the Court finds that the Petitioner has failed to comply with its August 28, 2015 discovery Order. The Court is satisfied that this failure warrants dismissal of the Petition. *See* [Doc. Nos. 477 & 710]. In addition, the Court finds it appropriate to dismiss the Petition because Petitioner's claim for "500 pieces of 2007 silver liberties" should be dismissed as a claim for counterfeit contraband *per se*. Further, the Court finds it appropriate to dismiss the Petition because Petitioner's claim for 50 copper, 30 silver, and 10 gold coins (all of which are one-ounce Ron Paul coins); one silver bar; and an unstated number of warehouse receipts, are not supported by any proof or documentation.

Accordingly, it is, therefore, **ORDERED** that the Petition of Daniel R. Buczek (Doc. Nos. 477 & 710) is hereby **DISMISSED** and the United States' Motion (Doc. Nos. 765 & 786) is **GRANTED**.

**SO ORDERED**.

Signed: August 2, 2016

Richard L. Voorhees
United States District Judge