IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:09-CR-00027-RLV-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BERNARD VON NOTHAUS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| IN RE: PETITION OF ROYAL ) | |
| HAWAIIAN MINT ) | |

**THIS MATTER IS BEFORE THE COURT** on the Petitioner Royal Hawaiian Mint's Motion for Summary Judgment (Doc. No. 777). The Government has opposed the Motion. [Doc. No. 780]. Based on the following, this Court **DENIES** the Motion.

I. **BACKGROUND AND DISCUSSION**

On December 1, 2014, this Court entered a Memorandum and Order (Doc. No. 285) providing for forfeiture of almost all of the property listed and described in the Notice of Forfeiture and Finding of Probable Cause in the Superseding Indictment (Doc. No. 103).

On February 25, 2015, the Court entered a Consent Order for Final Disposal and Final Forfeiture of Contraband (the "Contraband Order") (Doc. No. 296) against certain assets that are illegal *per se* and that, consequently, cannot be subject to ownership claims by third parties in this judicial action under 21 U.S.C. § 853(n). Also on February 25, 2015, the Court entered the Amended (Third) Preliminary Order of Forfeiture (Doc. No. 297) in which it ordered forfeited, subject to third-party petitions, the assets that were not contraband *per se*.

The United States then provided direct notice of the Third Preliminary Order via United States Mail to 1008 recipients and via electronic mail to 1486 email addresses. The Government also provided public notice of the forfeiture on www.forfeiture.gov. Further, following additional communications initiated by a tiny number of potential petitioners who purportedly did not receive direct notice, the United States sent notice to additional persons, some of whom have filed petitions. All told, hundreds of petitions have been filed and adjudicated in orders of this Court, and will be finally resolved with the disposition of property to the successful petitioners via a final order.

On September 28, 2015, Royal Hawaiian Mint filed an Amended Petition with this Court. *See* [Doc. No. 700]. In the Petition, Royal Hawaiian Mint asserts an interest in all metals that "have not yet been claimed by prior third-party petitioners" and all of the items identified in the Contraband Order. *See id.* On October 8, 2015, the United States filed a response to the Amended Petition. Therein, the Government represented that it and the Petitioner "conferred about litigating the Amended Petition and determined that litigating it at [that time] would be premature in light of the nature of [Petitioner's] claim to assets otherwise unclaimed by individuals . . . in this proceeding." [Doc. No. 703] at p. 1. In addition, the Government represented that both parties "intend to refrain from briefing and litigating the Amended Petition until the Court has ruled on the other pending petitions in this matter." *Id.*

On March 9, 2016, Petitioner filed its Motion for Summary Judgment on the claims contained in its Amended Petition. *See* [Doc. No. 777]. The Government opposes the Motion on the basis of the informal agreement described above and because, as a result of such informal agreement, the Government has not conducted any discovery into the legitimacy or veracity of the Petitioner's claims. *See* [Doc. No. 780] at pp. 4-5. The Government requests that the Motion be

denied, at this juncture, so that it may pursue discovery and have an opportunity to file its own Motion. *Id.*

In criminal forfeiture, the Federal Rules of Civil Procedure apply, to an extent, in the adjudication of third-party interests. *See* Fed. R. Crim. 32.2(b)(6), (b)(7), and (c)(1)(B); 21 U.S.C. § 853(n)(6). In particular, discovery may be conducted in accordance with the Rules of Civil Procedure. *See* Fed. R. Crim. Pro. 32.2(c)(1)(B).

Here, the Court finds that, as a result of the parties' informal agreement to stay litigation of the Amended Petition, the Government has not been able to pursue discovery and has not had a reasonable opportunity to file its own motion. The Court is satisfied that these facts warrant, at this juncture, the denial of the Petitioner's Motion, *without prejudice*. [Doc. No. 777]. Accordingly, it is, therefore, **ORDERED** that the Petitioner's Motion for Summary Judgment is hereby **DENIED** without prejudice.

It is **FURTHER ORDERED** that the Government and/or the Petitioner shall file, within **THIRTY (30) DAYS** of the date of this order, a motion for discovery to commence concerning this Petition.

**SO ORDERED**.

Signed: August 2, 2016

Richard L. Voorhees
United States District Judge