# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 5:09-CR-00027-RLV-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     **ORDER** |
| | ) |
| BERNARD VON NOTHAUS, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |
| | ) |
| | ) |
| IN RE: PETITION OF DANIEL R. BUCZEK | ) |
| | ) |
| _____ | ) |

**THIS MATTER IS BEFORE THE COURT** on Petitioner Daniel R. Buczek's Writ of Error and Motion for Sanctions. (Doc. 809). On August 4, 2016, this Court dismissed Buczek's petition for the return of property subject to forfeiture. (Doc. 799). The Court construes Buczek's present filing as both a Fed. R. Civ. P. 60(b) motion for relief from this Court's order dated August 4, 2016, and a motion for sanctions against the United States Attorneys representing the Government in this matter. For the following reasons, the Court **DENIES** Buczek's motions.

## I.    PROCEDURAL & FACTUAL BACKGROUND

A jury convicted Bernard von NotHaus of conspiracy to defraud the United States by making, uttering, and passing counterfeit coins, in violation of 18 U.S.C. § 371 (2006), falsely making and forging counterfeit coins, in violation of 18 U.S.C. §§ 485, 2 (2006), and uttering and

1

making coins of silver intended for use as current money, in violation of 18 U.S.C. §§ 486, 2 (2006). (Doc. 287 at 1). Based on the Superseding Bill of Indictment and the offenses of conviction, this Court determined that certain properties, including coins and bars of precious metals, were subject to forfeiture. (Doc. 297 at 1-2). To protect the rights of third parties with interests in the properties subject to forfeiture, the Court commenced an ancillary proceeding wherein third parties could file petitions instituting claims over the properties. *Id.* at 2-4.

Buczek filed a petition claiming an ownership interest in fifty copper coins, thirty silver coins, ten gold coins, "500 pieces of 2007 liberties," one silver bar, and "some warehouse receipts" of an "unknown value." (Doc. 477). Buczek's petition indicated that he purchased the items "through an agent of Bernard von NotHaus, Karl Reile who is now deceased." *Id.* Buczek's petition also asserted that his receipts regarding the transactions were lost in a flood. *Id.*; (*see also* Doc. 710 at 1). To help ascertain the basis and validity of Buczek's claims, this Court authorized the parties to engage in limited discovery. (Doc. 649). Buczek failed to respond to the Government's interrogatories or otherwise proffer evidence substantiating his claims of ownership of the items at issue or his assertion that his receipts were lost in a flood. (*See* Doc. 799 at 3). This Court held that Buczek's failure to comply with the discovery order warranted the dismissal of his petition. *Id.* In the alternative, this Court held that the "500 pieces of 2007 liberties" were *per se* counterfeit contraband that could not be returned to Buczek and that Buczek's claims of ownership over the remaining items were unsubstantiated. *Id.* Accordingly, the Court dismissed Buczek's petition. *Id.*

Buczek filed this writ of error challenging the dismissal of his petition and moving for sanctions against the United States Attorneys representing the Government in this proceeding.[1] (Doc. 809). Although Buczek's writ of error does not cite Fed. R. Civ. P. 60(b) and primarily consists of statements and quotations regarding foundational law and the formation of the United States of America, the Court construes the submission as a motion for relief from this Court's August 4, 2016, order dismissing his petition. (*See* Doc. 799). Thus, the Court will address the arguments in Buczek's submission within the framework of Fed. R. Civ. P. 60(b).

## II. ANALYSIS

Although this matter arises within the context of a criminal case, select Rules from the Federal Rules of Civil Procedure, including Rule 60(b), are applicable to criminal forfeiture proceedings involving third parties. *See United States v. Estevez*, 845 F.2d 1409, 1411 (7th Cir. 1988). Through a motion under Fed. R. Civ. P. 60(b), a party may obtain relief from a court order. A grant of relief under Rule 60(b) is "an extraordinary remedy that should not be awarded except under exceptional circumstances." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). A party moving for relief under Rule 60(b) must first "show that his motion is timely, that he has a meritorious [claim], and that the opposing party would not be unfairly prejudiced by having the [order] set aside." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). Second, a party moving for relief under Rule 60(b) must demonstrate that his motion "satisfy[ies] one or more of the six grounds for relief set forth in Rule 60(b)." *Id.*

---

[1] The full title of Buczek's filing is:

> **Writ of error objecting** & dismissing order of Richard L. Voorhees received on August 26th, 2016 unconstitutional order lacking proof of claim and fraud upon the court order filed on 08/04/2016 document 799 see the Judiciary Act of 1789 September 24, 1789 1 Stat. 73 and judicial notice and motion for sanctina [sic] against United States Attorney's [sic] for false swearing misrepresentation, fraud, deceit and violation of Rules of Professional Conduct pursuant to Rule 46(G).

(Doc. 809 at 1).

Buczek's writ of error fails to satisfy either of the two requirements for relief. Looking at the first requirement for relief, although Buczek timely filed his writ of error, he has not demonstrated that he has a meritorious claim to the items identified in his petition. In the order dismissing Buczek's petition, this Court concluded that dismissal was proper because some of the items Buczek sought were *per se* counterfeit contraband and because Buczek's claim of ownership over the items identified in his petition was "not supported by any proof or documentation." (Doc. 799 at 3). Nothing in Buczek's writ of error addresses these fatal flaws in his petition and Buczek is yet to offer any documentation establishing ownership of the items identified in his petition or proffered sufficient evidence, in lieu of documentation, that supports the conclusion that he actually owns the items. Accordingly, Buczek's failure to establish a meritorious claim of ownership over the items is sufficient to deny his motion for relief from this Court's order dismissing his petition. Nonetheless, the Court will also consider whether his writ of error satisfies any of the specifically identified bases for relief in Fed. R. Civ. P. 60(b).

Buczek contends that he did not receive notice that his property was subject to forfeiture. (Doc. 809 at 1-2). A party may obtain relief from an order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). For purposes of Rule 60(b)(1), the Government's failure to notify a third party of a criminal forfeiture proceeding involving property that the third party has an ownership interest in is grounds for finding "excusable neglect" for the third party's failure to timely contest the forfeiture. *Estevez*, 845 F.2d at 1411-12; *see also United States v. Bouler*, 927 F. Supp. 911, 916-17 (W.D.N.C. 1996). Thus, if substantiated, Buczek's lack of notice argument would satisfy Fed. R. Civ. P. 60(b)(1). The record, however, demonstrates that the Government took sufficient steps to notify Buczek of the ancillary proceedings to the forfeiture portion of von NotHaus's criminal case and Buczek's filling of his petition prior to this

Court issuing a final order of forfeiture clearly demonstrates that the Government's efforts to notify Buczek were adequate and successful.

Next, Buczek seeks relief from judgment on the ground that the Government's Renewed Motion to Strike and Dismiss Petition (Doc. 786) contained misrepresentations and that the United States Attorneys committed various offenses when seeking forfeiture.[2] (Doc. 809 at 2-3). A party may obtain relief from an order based on "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To obtain relief under Rule 60(b)(3): "(1) the moving party must have a meritorious [claim]; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct [must have] prevented the moving party from fully presenting [his] case." *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994). Buczek has not satisfied his burden with respect to either of his two allegations falling within Rule 60(b)(3). As discussed earlier, Buczek has not demonstrated that he has a meritorious claim of ownership over any of the items identified in his petition. Furthermore, Buczek neither specifies what misrepresentations the Government made in its motion nor alleges any facts substantiating his claim that the United States Attorneys, in the course of seeking forfeiture, committed any of the offenses he identifies in his writ of error. Thus, Buczek has not presented clear and convincing evidence of misconduct. Finally, the Government and the Court allowed Buczek ample time to respond to the Government's discovery requests and it was Buczek's failure to respond or proffer evidence substantiating his ownership interest, rather than the Government's conduct, that resulted in the dismissal of his petition.

---

[2] Buczek asserts that the United States Attorneys, in the course of pursuing forfeiture, violated their oath of office, aided and abetted slavery, conspired to overthrow the Constitution, committed treason and sedition, and failed to report treasonous acts. (Doc. 809 at 2-3).

Lastly, Buczek argues that the order denying his petition is void because this Court lacked jurisdiction over von NotHaus's criminal proceeding. (Doc. 809 at 8-10, 28-29). A party may obtain relief from an order if the order is "void." Fed. R. Civ. P. 60(b)(4). An order "is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir. 1992). As a preliminary matter, Buczek's failure to present evidence that he owns the items identified in his petition arguably deprives him of standing to challenge the Court's jurisdiction over von NotHaus's criminal proceeding. *See Bouler*, 927 F. Supp. at 916-17 (collecting cases holding that third party seeking to challenge criminal forfeiture order lacks standing absent showing that he owns property).

Assuming, however, that Buczek has standing, his jurisdictional arguments are untenable. First, Buczek contends that 18 U.S.C. § 3231 (2006), which confers original jurisdiction to district courts for "all offenses against the laws of the United States," was passed by the United States House of Representatives without the presence of a quorum, rending the section unconstitutional and void *ab initio*. (Doc. 809 at 28-29). Buczek's argument is far from novel, and other courts to address the issue of 18 U.S.C. § 3231's passage and validly have unanimously concluded that federal district courts have jurisdiction over cases involving offenses against the laws of the United States. *See Turner v. United States*, 2011 WL 5595939, at *5 (S.D. Ala. Sept 8, 2011) (collecting cases rejecting argument that alleged lack of quorum when passing Pub. L. 80-772, which amended existing jurisdictional statute and enacted § 3231, deprives district courts of jurisdiction over criminal proceedings); *see also United States v. Proch*, 2015 WL 5245070, at *10 (N.D. Fla. June 19, 2015) (same) (M&R *adopted by* 2015 WL 5245055 (N.D. Fla. Sept. 5, 2015)). Specifically, courts have concluded that jurisdiction exists over said criminal cases because (1) "the 1948

amendment to 18 U.S.C. § 3231 was properly enacted"; (2) if the 1948 amendment is invalid because it was not properly enacted, jurisdiction would be conferred by the statute that predated the amendment; and (3) the enrolled-bill rule[3] prevents a court from relying on the Congressional Journal to determine that a quorum was not present or that the United States House of Representatives did not properly adopt the 1948 amendment. *See Turner*, 2011 WL 5595939, at *5 (collecting cases on all three rationales). Second, Buczek argues that the Government was not a "real party of interest" to the forfeiture proceeding because it acted like a "commercial foreign entity." (Doc. 809 at 10). To the contrary, the Government has a clear interest in the criminal forfeiture proceedings, as well as the authority to seek forfeiture following von NotHaus's conviction. *See* 18 U.S.C. §§ 492, 981, 982 (2006); 21 U.S.C. § 853 (2006).

Accordingly, Buczek's Writ of Error, as construed as a Fed. R. Civ. P. 60(b) motion for relief from this Court's order dismissing his petition, is **DENIED**. Further, as Buczek fails to specify what misrepresentations the Government made or how the United States Attorneys committed any of the alleged offenses, Buczek's Motion for Sanctions is also **DENIED**.

## III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT** Buczek's Writ of Error and Motion for Sanctions (Doc. 809) is **DENIED WITH PREJUDICE**.

Signed: October 19, 2016

Richard L. Voorhees
United States District Judge

---

[3] Under the enrolled-bill rule, a court asked to determine whether Congress properly adopted a bill can only consider whether the leaders of both chambers of Congress signed the bill. *United States v. Farmer*, 583 F.3d 131, 151-52 (2d Cir. 2009).