# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
## CASE NO. 5:09-CR-00027-RLV-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BERNARD VON NOTHAUS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| PETITION OF MINT HOLDINGS, INC ) | |
| d/b/a ROYAL HAWAIIAN MINT ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** by consent of the United States of America, by and through Jill Westmoreland Rose, United States Attorney for the Western District of North Carolina and Petitioner Mint Holdings, Inc. d/b/a Royal Hawaiian Mint ("Petitioner"), through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioner have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters between Petitioner and the Government with regard to the property identified in the Amended (Third) Preliminary Order of Forfeiture (Doc. 297) and Consent Order Final Disposal and Final Forfeiture of Contraband (Doc. 296) in this case (collectively, "the Property").

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS**:

1. Petitioner has provided documentation to the Government and filed an Amended Claimant Petition (Doc. 700) asserting that Petitioner has an interest in all or most of the Property. The Government has disputed Petitioner's assertion that Petitioner has an interest in all or most of

1

the Property. However, as set forth herein, the parties have reached a settlement of this matter and agreed for purposes of that settlement that Petitioner has sufficiently asserted an interest as a bailee of the following assets identified in the Amended (Third) Preliminary Order of Forfeiture:

- 83,646.5 troy ounces of silver coins seized from Sunshine Minting that are not designated in an order as contraband *per se*, and
- 83 troy ounces of gold coins seized from Sunshine Minting that are not designated in an order as contraband *per se*.

("the Settlement Metals"). Specifically, Petitioner has provided documentation to the Government that, for purposes of this Consent Order, establishes that, even after this Court granted petitions of Warehouse Receipt holders and eLiberty Dollar holders in this case, issued Warehouse Receipts remain outstanding in at least the amount of the Settlement Metals. Further, Petitioner and the Government have agreed that reaching a settlement of Petitioner's claims may expedite final resolution of this case and expedite payment to individual petitioners. Therefore, Petitioner and the Government stipulate and agree that Petitioner's claim to the Settlement Metals satisfies 21 U.S.C. § 853(n)(6).

2. By entering into this Consent Order, Petitioner agrees to, upon receipt of the Settlement Metals, release and forever discharge its interest in all of the Property in this case except for the Settlement Metals. In exchange for release of the interest, the Government agrees to pay the Settlement Metals to Petitioner as soon as possible after issuance of a Final Order and Judgment of Forfeiture in this case.

3. The payment to Petitioner shall be in full settlement and satisfaction of all claims by Petitioner to the Property and all claims against the United States resulting from the incidents of circumstances giving rise to this action.

4.      Petitioner agrees not to pursue against the United States any rights that it may have related to the Property, except those rights to the Settlement Metals set forth herein.  Petitioner understands and agrees that the United States reserves the right to terminate the forfeiture action at any time.

5.      The Government and Petitioner waive any rights to further litigate between each other over the Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims between Petitioner and the Government in this action and all claims between Petitioner and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Property.

6.      The Government and Petitioner also agree to take all action authorized by law to expedite issuance of a Final Order and Judgment of Forfeiture in this case, and herein respectfully request expedited issuance of a Final Order and Judgment of Forfeiture and resolution of any pending challenges by petitioners in this case.  Further, upon issuance of a Final Order, (1) the Government agrees to make all reasonable efforts to timely pay individual Warehouse Receipt holders and eLiberty Dollar holders entitled to payment pursuant to prior orders of the Court in this case, and (2) the United States Attorney's Office agrees to review petitions for remission or mitigation under 28 C.F.R. Part 9 that may be filed following the conclusion of this case and make appropriate recommendations to the Department of Justice Money Laundering and Asset Recovery Section, the final decision-maker on such petitions.  Petitioner, in turn, agrees to timely accept, review, and appropriately dispose of future Warehouse Receipt and eLiberty Dollar claims based on the Settlement Metals.

7.      Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

**IT IS, THEREFORE, ORDERED THAT**:

(1) Based upon the stipulations of the parties herein that Petitioner satisfies one or more prongs of 21 U.S.C. § 853(n)(6), the Amended Claimant Petition (Doc. 700) is **GRANTED** to the extent that Petitioner has an interest in the Settlement Metals;

(2) As soon as practicable after issuance of a Final Order and Judgment of Forfeiture in this case, the Government shall pay the Settlement Metals to Petitioner; and

(3) The Government and Petitioner shall bear their own fees and costs incurred in this federal forfeiture action, including attorneys' fees.

Signed: June 20, 2017

Richard L. Voorhees
United States District Judge