UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:09-cr-27-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| BERNARD VON NOTHAUS, et al, | ) |
| | ) ORDER |
| Defendant. | ) |
| | ) |

THIS MATTER is before the Court on Petitioner David Gillie's "Motion for a Stay Pending Appeal and Incorporated Memorandum of Law," (Doc. No. 853), filed September 22, 2017, requesting this Court stay its August 4, 2017, "Final Order and Judgment of Forfeiture," (Doc. No. 847). The Government responded on September 28, 2017, (Doc. No. 854). Before this Court could issue a ruling on the pending motion, on October 3, 2017, Petitioner filed a Notice of Appeal of this Court's Final Order and Judgment of Forfeiture (Doc. No. 855).

As an initial matter, this Court must consider the impact of the Notice of Appeal on Petitioner's pending Motion to Stay. In United States v. Christy, 3 F.3d 765 (4th Cir. 1993), the Fourth Circuit explained the well-settled law regarding the impact of a notice of appeal on the district court's jurisdiction:

> Because the district court's judgment was final, when the notice of appeal was filed it divested the district court of its jurisdiction over the case and conferred jurisdiction upon this Court. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) ("[It is] generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (citations omitted); United States v. Perate, 719 F.2d 706, 711 (4th Cir. 1983) (filing of notice of appeal terminated the district court's jurisdiction over the case); cf. United States v. Ball, 734 F.2d 965, 965 n. 1 (4th Cir. 1984) (district court is without jurisdiction to consider motions submitted after the

appeal was filed), vacated on other grounds, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985).

3 F.3d at 767–68. However, the combination of Federal Rule of Civil Procedure 62 and Rule of Appellate Procedure 8(a) – the rules relied on by Petitioner in the instant motion – impose a duty on the district court, in the first instance, to decide whether to grant or deny a stay pending appeal. See Goldstein v. Miller, 488 F. Supp. 156, 172 (D. Md. 1980), aff'd, 649 F.2d 863 (4th Cir. 1981), and aff'd sub nom. Overbrook Egg Nog Corp. v. Miller, 649 F.2d 864 (4th Cir. 1981).

> Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal. See Fed. Rule Civ. Proc. 62(c); Fed. Rule App. Proc. 8(a). Under both Rules, however, the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119, 95 L. Ed. 2d 724 (1987) (citations omitted). In light of these principles, the Court is unaware of any case in the Fourth Circuit expressly holding a district court does not have jurisdiction over a pending motion to stay filed prior to a party filing a Notice of Appeal pursuant to Fed. R. Civ. P. 62. Accordingly, the Court presumes jurisdiction to rule over the instant motion.

Petitioner's Motion to Stay seeks only a stay of destruction of the "Stop the War" coins this Court has ruled to be counterfeit. The Government, in its response, expressly "disagrees with the legal and factual contentions of Petitioner" and contests Petitioner's "standing to make his claims or request the stay," but indicates it consents to "holding all coins inscribed with 'Stop the War' and refraining from disposal of those coins pending conclusion of appeal in the Fourth Circuit." (Doc. No. 584). In light of this representation, the Court finds Petitioner's Motion to Stay is moot.

IT IS THEREFORE ORDERED Petitioner's Motion to Stay (Doc. No. 853) is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: October 5, 2017

Frank D. Whitney
Chief United States District Judge