IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:09-CR-27

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **ORDER** |
| BERNARD VON NOTHAUS, | |
| Defendant. | |
| Petition of David L. Gillie | |

**THIS MATTER** is before the Court on Petitioner David L. Gillie's claim for 500 half ounce silver coins, which have been seized by the United States in connection with this criminal action against Bernard Von Nothaus (Doc. No. 499). On April 15, 2021, the Court held a hearing on Petitioner's claim. After careful review of the record and the arguments of the parties, the Court has determined that further briefing and a second hearing is necessary.

Petitioner asserts that he is entitled to possession of the coins because his right to the coins was superior to Defendant's at the time of the commission of the crimes for which Defendant has been convicted. *See* 21 U.S.C. § 853(n)(6). The specific nature of Mr. Gillie's alleged right to the coins and when that right arose must be decided as a matter of state law. *See United States v. Oregon*, 671 F.3d 484, 490–93 (4th Cir. 2012) ("Although the forfeiture issue here is a matter of federal law, we generally refer to state law in determining whether a petitioner has a legal interest in forfeited property."). Once the legal interests have been defined under state law, federal law determines whether such interests are sufficient for the claimants to prevail under §

1

853(n)(6). *Oregon,* 671 F.3d at 491; *United States v. Buk,* 314 F. App'x 565, 568–69 (4th Cir.2009). However, neither party has identified the state law under which Petitioner claims a right to the coins, the particular right(s) Petitioner argues he has under the governing state law and when the right(s) arose. Accordingly, the Court will direct the parties to file short supplemental briefs addressing these issues.

Further, the Court finds that the issue of whether the coins are contraband (thereby extinguishing any alleged right of the Petitioner to possess the coins) should be decided in this action. *See United States v. Simmons*, No. CV F 96-5948 AWISWS, 2000 WL 33138083, at *3 (E.D. Cal. Dec. 14, 2000) ("[i]n light of 18 U.S.C. § 492, the court cannot order the return of any counterfeit coin to [Defendant] because any counterfeit coin must be forfeited to the United States Secret Service … possession of them by [Defendant] would be illegal); *United States v. Von NotHaus*, No. 509CR00027RLVDCK, 2017 WL 1396043, at *4–5 (W.D.N.C. Apr. 18, 2017) (describing whether property was contraband as an "exception" that must be taken into account in the ancillary proceeding in determining which person or entity has a superior claim to the property in question under Section 853). Therefore, a second hearing on this matter will be held in which the parties will have an opportunity to present all their witnesses and evidence on whether the coins are contraband as well as offer final arguments on the overall issue of Petitioner's right to the coins under Section 853.

**ORDER**

**NOW THEREFORE IT IS ORDERED THAT:**

1. On or before April 29, 2021, Petitioner Gillie is directed to file a supplemental brief of no more than 7 pages limited to the "state law" issues discussed above;

2

Case 5:09-cr-00027-KDB-DCK   Document 874   Filed 04/22/21   Page 2 of 3

2. On or before May 10, 2021, the United States shall file its response of no more than 7 pages to Petitioner's supplemental brief;

3. No replies or further briefing are permitted;

4. On May 20, 2021 at 10:00 a.m. the Court will hold a final hearing in this matter to determine, inter alia, whether the contested coins are contraband and Petitioner's rights to the property. The Parties should be prepared to present all witnesses, exhibits and other evidence relevant to these issues during the hearing.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: April 22, 2021

Kenneth D. Bell
United States District Judge