IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
NO. 5:09-CR-27

UNITED STATES OF AMERICA

v.

BERNARD VON NOTHAUS

PETITION OF DAVID L. GILLIE

**CLAIMANT'S BRIEF
IN RESPONSE TO COURT'S
ORDER OF APRIL 22, 2021**

Petitioner's interest in the property at issue was superior to Defendant's interest at all times.

The relevant state law for purposes of 21 U.S.C. § 853(n)(6)(A) is the state in which the assets were located at the time of seizure. *See United States v. Alquzah*, 91 F. Supp. 818, 828 (W.D.N.C. 2015) (indicating that the relevant state law is the law of the state in which "the assets are located").

The property was seized in Idaho. Order of Dec. 1, 2014 [DE 285] at 3.[1]

Mr. Gillie pre-paid for each of the steps necessary to create and obtain the property at issue—that is, the design of, the silver itself, the pressing or creation of, and the shipping of the property at issue. Invoice, Docket Entry 871-13 at 79;

---

[1] The property was seized after a recalled shipment, which resulted in the seizure of two quantities of "1,000 .5 Troy Ounces of Silver Coins." Order of Dec. 1, 2014 [DE 285] at 4. These recalled shipment seizures were the only seizures of 0.5 ounce silver coins (or token or rounds) seized. The coins at issue are 0.5-ounce silver coins (or tokens or rounds).

1

Testimony of Mr. Gillie at Hearing on April 15, 2021. The property was created by a company that was unconnected to the Defendant, Sunshine Mint. Order of Dec. 1, 2014 [DE 285] at 3.[2] After its creation, Sunshine Mint delivered the property to a shipper. Thereafter, government agents ordered Sunshine Mint to recall the shipment and then seized the property at issue.

Under Idaho law, Petitioner's interest in the property was superior to Defendant Nothaus' interest at all times.

Under Idaho case law, "it is clear that a payment made at any time before possession was actually taken would have vested the title in the . . . the purchaser[.]" *Leaf v. Reynolds*, 34 Idaho 643, 203 P. 458, 460 (1921) (quoting *Vaughn v. McFadyen*, 110 Mich. 234, 236, 68 N.W. 135, 136 (1896)).

Moreover, Idaho's statutory code, an adoption of the Uniform Commercial Code ("UCC") governing the sale of goods (as distinct from the sale of services), once a seller "part[s] with possession," the buyer has a superior interest to the property at issue in the contract. *State v. Bennett*, 150 Idaho 278, 280 (2010).

---

[2] This recalled shipment resulted in the seizure of two quantities of "1,000 .5 Troy Ounces of Silver Coins." Order of Dec. 1, 2014 [DE 285] at 4. These recalled shipment seizures were the only seizures of 0.5 ounce silver coins (or token or rounds) seized. The coins at issue are 0.5-ounce silver coins (or tokens or rounds).

Here, after being paid by Petitioner for the property, Defendant Nothaus "parted with possession," *id.*, by delivering the raw materials Sunshine Minting, Inc.,[3] which then produced the property at issue.

Thus, Defendant never had possession of the property at issue, and, at the time of its creation, the property was owned by Petitioner. Indeed, Petitioner, having purchased the raw materials, obtained superior title of the raw materials. Therefore, Petitioner obtained a superior legal interest in the property at issue upon or prior to its creation.

Sunshine Mint, Inc. then actually shipped the property to Petitioner, reinforcing that Petitioner had superior title to the property. *Cf. Deiter v. Coons*, 162 Idaho 44, 49, 394 P.3d 87, 92 (2017) ("[I]f [a] contract requires or authorizes the seller to send the goods to the buyer but does not require [the seller] to deliver them at the destination, title passes to the buyer at the time and place of shipment." (quoting Idaho Code section 28-2-401(a))).

Because Petitioner's interest in the property was superior to Defendant's interest at all times, Petitioner is entitled to relief under 21 U.S.C. § 853(n)(6)(A).

---

[3] Sunshine Minting, Inc., is a minting company for, among other customers, governments; it is still in operation; and it is not owned or controlled by Defendant. Cf. http://www.sunshinemint.com/.

Respectfully submitted, this the 29th day of April, 2021.

                        TARLTON|POLK PLLC

                        /s/Raymond C. Tarlton
                        RAYMOND C. TARLTON
                        209 Fayetteville Street, Suite 105 (27601)
                        Post Office Box 1386
                        Raleigh, NC 27602
                        Telephone: 919.948-6464
                        Fax:919.400.4200
                        E-mail: rtarlton@tarltonpolk.com
                        N.C. State Bar No: 38784
                        *Counsel for Claimant*

                        CHESHIRE PARKER SCHNEIDER, PLLC

                        /s/ Elliot S. Abrams
                        Elliot S. Abrams
                        N.C. State Bar # 42639
                        P. O. Box 1029
                        Raleigh, NC 27602
                        (919) 833-3114 (TEL)
                        (919) 832-0739 (FAX)
                        elliot.abrams@cheshirepark.com
                        *Counsel for Claimant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown below, he electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for the United States.

This the 29th day of April, 2021.

/s/ Elliot S. Abrams
Elliot S. Abrams
CHESHIRE PARKER SCHNEIDER, PLLC